RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED N
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

REBECCA COELHO,

                Plaintiff,

v.

WAL-MART STORES, INC. et. al.,

                Defendant.

**05 10703 RWZ**

CIVIL ACTION NO.

MAGISTRATE JUDGE _____

## PETITION FOR REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:**

Defendant, Wal-Mart Stores, Inc., respectfully states:

1.      On or after March 22, 2005, Wal-Mart was served with a Complaint commenced in the Superior Court, Barnstable County, which is entitled <u>Rebecca Coelho v. Wal-Mart Stores, Inc., Rudi Eckerman, Chad Gaucher, Warren "Bodie" Moore, and Kevin Correia</u>, Civil Action No. 05-117. Service of the Summons and Complaint was made on Wal-Mart Stores, Inc., March 22, 2005. To Defendant's knowledge and belief, the individual Defendant's have not been served. Copies of the Complaint and Summons are annexed hereto as Exhibit A.

2.      Plaintiff alleges discriminatory actions, sexual harassment, and aiding and abetting sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

3.      This court has jurisdiction pursuant to 28 U.S.C. § 1331.

4.      Removal of this action to this court is authorized by 28 U.S.C. § 1441.

5.      This petition for Removal is filed with this court within thirty (30) days after receipt by Defendant Wal-Mart Stores, Inc. of a copy of the initial pleading setting forth the claim for relief upon which such action is based and the Summons.

WHEREFORE, Defendant, Wal-Mart Stores, Inc., prays that the above-referenced action now pending in the Superior Court, Commonwealth of Massachusetts, Barnstable County, be removed to this Court.

Respectfully Submitted,

*Marylou Fabbo*

Marylou Fabbo, Esq.
BBO No. 566613
Counsel for Wal-Mart Stores, Inc.
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Dated:  April 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the Plaintiff's counsel, John F. Tocci, Tocci, Goss & Lee, P.C., 35 India Street, Boston, MA, 02110, by first-class, U.S. mail, postage prepaid, on April 7, 2005.

*Marylou Fabbo*

Marylou Fabbo, Esq.

# EXHIBIT

# A

(f)     Grant such other and further relief as appropriate.

## PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE

Respectfully Submitted,

REBECCA COELHO

By her attorney,

John F. Tocci, Esq. BBO# 562139
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, MA 02110
(617) 542-6200

Dated: January 31, 2005

11

(TO PLAINTIFF'S ATTORNEY:    PLEASE CIRCLE TYPE OF ACTION INVOLVED:    CONTRACT    TORT
MOTOR VEHICLE TORT        EQUITABLE RELIEF            OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT
No. 0 5 - 1 1 7

Rebecca Coelho

A true Copy Attest

Special Process Server

VS.

Wal-Mart Stores, Inc.,
Rudi Eckerman,
Chad Gaucher,
Warren "Bodie" Moore, and
Kevin Correia

## SUMMONS

To the above-named defendant : Wal-Mart Stores, Inc.

You are hereby summoned and required to serve upon John F. Tocci, Esq.

..................................................................................................................... plaintiff's attorney, whose address is

35 India Street, 5th Floor Boston, MA 02110 ................................., an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE, Esquire, at Barnstable, the Second

day of March ..................................., in the year of our Lord two thousand and Five.

Scott W. Nickerson    Clerk

NOTE: When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.

77.    Wal-Mart Stores, Inc., Rudi Eckerman, Chad Gaucher and Warren "Bodie"
Moore subjected Ms. Coelho to sexual harassment in violation of M.G.L. c. 151B and Title VII
of the Civil Rights Act of 1965 and retaliated against Ms. Coelho for exercising her rights in
seeking redress for her co-worker's harassing behavior.

78.    As a result of the Defendant's discriminatory acts, Ms. Coelho has suffered lost
income and benefits; and has suffered other losses, including but not limited to severe emotional
distress.


**WHEREFORE,** the Plaintiff, Rebecca Coelho, prays that this Court:

(a)    Enter judgment against the Defendants, Wal-Mart Stores, Inc., Rudi Eckerman,
Chad Gaucher, Warren "Bodie" Moore and Kevin Correia and in favor of the
Plaintiff, Rebecca Coelho on Count I of this Complaint awarding her damages
including, but not limited to, lost income and benefits, medical expenses,
emotional distress damages, punitive damages and her reasonable attorneys fees
and costs of litigation;

(b)    Enter judgment against the Defendants, Rudi Eckerman, Chad Gaucher and
Warren "Bodie" Moore and in favor of the Plaintiff, Rebecca Coelho on Count II
of this Complaint awarding her damages including, but not limited to, lost income
and benefits, medical expenses, emotional distress damages, punitive damages
and her reasonable attorneys fees and costs of litigation;

(c)    Enter judgment against the Defendants, Wal-Mart Stores, Inc., Rudi Eckerman,
Chad Gaucher and Warren "Bodie" Moore and in favor of the Plaintiff, Rebecca
Coelho on Count III of this Complaint awarding her damages including, but not
limited to, lost income and benefits, medical expenses, emotional distress
damages, punitive damages and her reasonable attorneys fees and costs of
litigation;

(d)    Award the Plaintiff punitive damages.

(e)    Award the Plaintiff her costs, expenses and attorney's fees;

10

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................, 20............, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant  , in the following manner (see Mass. R. Civ. P. 4 (d)  (1-5):  .

............................................................................................................................

............................................................................................................................

............................................................................................................................

Dated:              , 20   .

**N. B. TO PROCESS SERVER:**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

*A true Copy Attest*

*Special Process Server*

March 22nd 2005

69.    Wal-Mart Stores Inc., Rudi Eckerman, Chad Gaucher, Warren "Bodie" Moore and Kevin Correia subjected Ms. Coelho to sexual harassment in violation of M.G.L. c. 151B and Title VII of the Civil Rights Act of 1965.

70.    As a result of the Defendants' discriminatory acts, Ms. Coelho has suffered lost income and benefits; and has suffered other losses, including but not limited to, severe emotional distress.

## COUNT II
### (Aiding and Abetting)

71.    Plaintiff realleges and incorporates by reference paragraphs 1 through 70 of the Complaint.

72.    Ms. Coelho has timely satisfied all statutory prerequisites to filing this suit pursuant to M.G.L. c. 151B and Title VII of the Civil Rights Act of 1965.

73.    Rudi Eckerman, Chad Gaucher and Warren "Bodie" Moore engaged in activities which aided and abetted the sexual harassment of Ms. Coelho in violation of M.G.L. c. 151B and Title VII of the Civil Rights Act of 1965.

74.    As a result of the Defendants' discriminatory acts, Ms. Coelho has suffered lost income and benefits; and has suffered other losses, including but not limited to severe emotional distress.

## COUNT III
### (Retaliation)

75.    Plaintiff realleges and incorporates by reference paragraphs 1 through 74 of the Complaint.

76.    Ms. Coelho has timely satisfied all statutory prerequisites to filing this suit pursuant to M.G.L. c. 151B and Title VII of the Civil Rights Act of 1965.

| CIVIL ACTION COVER SHEET | ≡T NO.(S) OS-117 | ial Court of Massachusetts Superior Court Department County: Barnstable |
|---|---|---|

| PLAINTIFF(S) Rebecca Coelho | DEFENDANT(S) Wal-Mart Stores, Inc., Rudi Eckerman, Chad Gaucher, Warren "Bodie" Moore, and |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE John F. Tocci, Esq. 35 India Street, Floor 5 Board of Bar Overseers Number: MA 02110 | ATTORNEY (if known) Marylou Fabbo, Esq. One Monarch Place, Suite 200 Springfield, MA 0 |

SUPERIOR COURT
BARNSTABLE SS
FILED MAR 03 2005

### Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (x) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ........................................................... $..........
   2. Total Doctor expenses ............................................................ $..........
   3. Total chiropractic expenses ...................................................... $..........
   4. Total physical therapy expenses ................................................. $..........
   5. Total other expenses (describe) .................................................. $..........
   Subtotal $..........
B. Documented lost wages and compensation to date ................................. $50,000
C. Documented property damages to date .......................................... $..........
D. Reasonably anticipated future medical and hospital expenses .................... $..........
E. Reasonably anticipated lost wages ............................................. $50,000
F. Other documented items of damages (describe)
   $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Future lost wages and benefits
   Lost wages and benefits, severe emotional distress,
   attorney fees (punitive damages omitted)

$300,000 +
**TOTAL $400,000 +**

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $............**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 3-2-2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

59.    Ms. Coelho then reported to Human Resources where she indicated that she wished to speak with Mr. Eckerman regarding her treatment.

60.    Upon being informed that Mr. Eckerman was unavailable, Ms. Coelho left her telephone number and requested that he call her. Neither Mr. Eckerman, nor any other Wal-Mart manager, contacted Ms. Coelho after December 11, 2003.

61.    In the wake of Wal-Mart's mistreatment, Ms. Coelho suffered, and continues to suffer, severe emotional distress.

62.    Ms. Coelho has experienced nightmares and panic attacks.

63.    She has been hampered in her search for employment by her mental state.

64.    She has, at times, been unable to care for her child and has, instead, relied upon other family members for assistance.

65.    On or about June 9, 2004 Ms. Coelho filed a sexual harassment and retaliation claim against the Defendants with the Massachusetts Commission Against Discrimination ("MCAD"). A true and accurate copy of the complaint is attached hereto as Exhibit 1.

66.    Ms. Coelho removed her Charge of Discrimination from the MCAD in order to pursue this action.

## COUNT I
### (Discrimination)

67.    Plaintiff realleges and incorporates by reference paragraphs 1 through 66 of the Complaint.

68.    Ms. Coelho has timely satisfied all statutory prerequisites to filing this suit pursuant to M.G.L. c. 151B and Title VII of the Civil Rights Act of 1965.

8

MAR-25-05 FRI 11:05 AM

BARNSTABLE SS
FILED    MAR 0 3 2005
_Scott W. Nickerson_ Clerk

# COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05-112

---

REBECCA COELHO,

      Plaintiff,

v.

WAL-MART STORES, INC.,
RUDI ECKERMAN, CHAD GAUCHER,
WARREN "BODIE" MOORE, and
KEVIN CORREIA,

      Defendants.

---

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT

1.     In this action, the plaintiff Rebecca Coelho ("Ms. Coelho" or the "Plaintiff") a former Sales Associate for Wal-Mart Stores, Inc. ("Wal-Mart") seeks damages for illegal discriminatory actions by Wal-Mart Stores, Inc., Rudi Eckerman, Chad Gaucher, Warren "Bodie" Moore and Kevin Correia (collectively the "Defendants"). Specifically, the Defendants engaged in activities constituting illegal sexual harassment of Ms. Coelho, the aiding and abetting the sexual harassment of Ms. Coelho and/or illegal retaliation against Ms. Coelho for complaining about the illegal sexual harassment she suffered at Wal-Mart.

## THE PARTIES

2.     Rebecca Coelho is an adult Massachusetts resident who resides in Pocasset, Barnstable County, Massachusetts.

50.     Ms. Coelho became extremely upset and again recited the litany of inappropriate conduct by Mr. Correia towards her. She insisted that she simply could not tolerate this behavior any longer and that she needed the behavior to stop. She complained that, when she raised these issues with Mr. Gaucher, Mr. Gaucher had also tried to blame her.

51.     At this point Mr. Moore became agitated. He raised his voice and defended Mr. Gaucher and Mr. Correia, insisting that Ms. Coelho "take half the blame."

52.     Confused, Ms. Coelho asked for what exactly she needed to take the blame, to which Mr. Moore replied, "for misleading [Mr. Correia]."

53.     Mr. Moore then began to interrogate an upset and bewildered Ms. Coelho asking her if she had ever gone out with Mr. Correia for coffee, to the mall or to dinner.

54.     The turn in the conversation caused Ms. Coelho to become nauseous and she informed Mr. Moore that she had never gone out with Mr. Correia, reminding Mr. Moore that she was married and had a young daughter at home.

55.     Mr. Moore vigorously pursued Ms. Coelho, despite her obvious distress. Mr. Moore accused her of having a romantic relationship with another co-worker.

56.     Mr. Moore then threatened that, "if [he] heard of any more problems concerning [Ms. Coelho], or from [Ms. Coelho]," he would fire her.

57.     As Ms. Coelho attempted to defend herself from Mr. Moore's irrational attack one more time, Mr. Moore glared at Ms. Coelho and stated that he did not want to hear anything more from her.

58.     Ms. Coelho, now shaking and crying, took off her Wal-Mart badge and told him that she could not take the abuse anymore. She stood up, opened the door and said, "I quit!"

3.      Wal-Mart Stores, Inc. is an Arkansas corporation headquartered at 702 S.W. 8th Street Bentonville, AR 72716-0215. Wal-Mart Stores, Inc. has stores located throughout Massachusetts and the United States including store #3561 located at 137 Teaticket Highway East Falmouth, Barnstable County, Massachusetts 02536.

4.      Rudi Eckerman is, upon information and belief, the District Manager at Wal-Mart's East Falmouth store (#3561) located at 137 Teaticket Highway East Falmouth, Barnstable County, Massachusetts 02536.

5.      Chad Gaucher is, upon information and belief, the Assistant Store Manager at Wal-Mart's East Falmouth store (#3561) located at 137 Teaticket Highway East Falmouth, Barnstable County, Massachusetts 02536.

6.      Warren "Bodie" Moore is, upon information and belief, a Supervisor at Wal-Mart's East Falmouth store (#3561) located at 137 Teaticket Highway East Falmouth, Barnstable County, Massachusetts 02536.

7.      Kevin Correia is, upon information and belief, an adult Massachusetts resident who resides in New Bedford, Bristol County, Massachusetts.

## THE FACTS

8.      Ms. Coelho commenced her Wal-Mart employment on or about August 14, 2003.

9.      Ms. Coelho did not receive any specific instruction or training regarding workplace harassment other then a short computer-based general training session during her Wal-Mart orientation. Ms. Coelho was never provided with a copy of Wal-Mart's sexual harassment policy, if any such policy existed.

10.     In September 2003, a young Sales Associate named Kevin Correia ("Mr. Correia") embarked on a disturbing campaign of sexual misconduct toward Ms. Coelho.

2

41.     Ms. Coelho was simply stunned by Mr. Moore's dismissal of her concerns and her distress.

42.     She gathered herself and told Mr. Moore that this was not about a single incident but about a history of inappropriate conduct, which had risen to a frightening level. She informed Mr. Moore that Mr. Correia, seemingly jealous of Ms. Coelho's friendship with a male co-worker, had tried to push that co-worker down the stairs.

43.     Mr. Moore became irate and again blamed Ms. Coelho for Mr. Correia's actions.

44.     Ms. Coelho informed Mr. Moore that she wished to make a formal written complaint about Mr. Correia's actions.

45.     Mr. Moore refused to allow Ms. Coelho to file a written complaint. He stated that "there was nothing to write about and you'd better stop."

46.     Shortly thereafter, on December 11, 2003 Ms. Coelho asked to speak privately with her department manager Crystal Gilbert who, instead, turned Ms. Coelho away and avoided Ms. Coelho for the remainder of the shift.

47.     At approximately 2:00 p.m. on December 11, 2003 Mr. Moore paged Ms. Coelho to come to his office. When Ms. Coelho arrived, Ms. Gilbert and an Assistant Store Manager were in the office. At this meeting Mr. Moore raised non-existent performance issues and focused on "issues" with Ms. Coelho's "attitude" rather than on Mr. Correia's abhorrent behavior.

48.     Ms. Coelho protested, insisting that the focus of the meeting be Mr. Correia's inappropriate behavior.

49.     At this point, Mr. Moore made a shockingly callous remark stating, "I think you have been leading [Mr. Correia] on."

6

11.    Mr. Correia often stalked Ms. Coelho around the store; interrupting her while she attempted to perform her duties in order to make known his romantic desires.

12.    Mr. Correia also often called out to Ms. Coelho in a loud, intrusive manner and made inappropriate comments of a sexual nature to Ms. Coelho.

13.    Mr. Correia constantly professed his affection for Ms. Coelho.

14.    Mr. Correia's comments were occasionally made within earshot of customers and other Wal-Mart employees.

15.    Mr. Correia also frequently attempted to hug Ms. Coelho and would block her pathway unless she provided him with a hug.

16.    Ms. Coelho attempted to deflect this inappropriate conduct by informing Mr. Correia that his conduct made her uncomfortable, as she was "not a hugging person."

17.    She also informed Mr. Correia that his pursuit of her and comments toward and/or about her were unwelcome.

18.    Despite the rebuke, Mr. Correia's behavior became more persistent.

19.    Mr. Correia began to pursue Ms. Coelho about the store requesting that she go on dates with him.

20.    Mr. Correia frequently made inappropriate comments to Ms. Coelho including: "Becky, your ass has gotten chunky, you need to lose weight;" "Becky, I know you are wearing a thong (underwear);" "I need to declare my undying love for you."

21.    Mr. Correia, on one occasion, informed several Wal-Mart customers that he intended to marry Ms. Coelho.

22.    Ms. Coelho responded by informing Mr. Correia that his behavior was inappropriate and unacceptable.

3

32.     Mr. Correia sat across a table from Ms. Coelho, interrupted Ms. Coelho's conversation and informed her "how compatible" he and she were. He then attempted to hold hands with her from across the table.

33.     Ms. Coelho pulled her hands away and informed Mr. Correia that he was both mistaken and confused.

34.     Ms. Coelho immediately rebuked Mr. Correia for making inappropriate comments to which Mr. Correia responded, in front of several co-workers, "I thought we had a more open relationship."

35.     Ms. Coelho informed Mr. Correia that they had no relationship and that he was scaring her with his inappropriate comments and actions. She specifically told him that he "needed to stop talking like that." Ms. Coelho who was quite shaken left the area.

36.     Mr. Correia remarked to a co-worker that he "would always love" Ms. Coelho no matter how rude she was to him.

37.     Immediately after this incident Ms. Coelho informed the Assistant Store Manager, Chad Gaucher of Mr. Correia's inappropriate behavior.

38.     Ms. Coelho was visibly upset as she detailed to Mr. Gaucher, Mr. Correia's inappropriate conduct and comments. She insisted that something be done. Mr. Gaucher stated that he would meet with Mr. Correia and he dismissed Ms. Coelho.

39.     Just before Ms. Coelho was to leave for the day, the Store Manager, Warren "Bodie" Moore informed her that he spoke with Mr. Correia, who denied any inappropriate conduct or comments, and that he believed Mr. Correia.

40.     Mr. Moore stated that the latest episode seemed to be little more than an argument between two co-workers, for which he blamed Ms. Coelho.

5

23.     Ms. Coelho also informed Mr. Correia that, as a married woman, she found his behavior particularly egregious.

24.     In late October, Ms. Coelho informed Wal-Mart's District Manager, Rudi Eckerman, that Mr. Correia was "aggressively pursuing" her both physically and verbally.

25.     Mr. Eckerman informed Ms. Coelho that he would meet with Mr. Correia and "take care of" the situation.

26.     That same day, Ms. Coelho also registered complaints regarding Mr. Correia's inappropriate behavior with two other supervisors, Assistant Store Manager Chad Gaucher and Ms. Coelho's direct supervisor, Store Manager Warren "Bodie" Moore.

27.     Additionally, Ms. Coelho attempted to file a written complaint with the Manager of Human Resources, but was told she should not and, in fact, could not do so and thereafter was turned away.

28.     Shortly after Ms. Coelho registered her complaint, the Defendants transferred Ms. Coelho to a different department but allowed Mr. Correia to remain in his position and department. Wal-Mart's transfer of Ms. Coelho was against her wishes.

29.     Despite the transfer and Mr. Eckerman's assurances that he would "take care" of the situation, Mr. Correia's inappropriate behavior of a sexual nature continued unabated. At one point, Mr. Correia informed Ms. Coelho that Mr. Eckerman had informed him that he was free to try to hug Ms. Coelho if it was welcome.

30.     Ms. Coelho informed Mr. Correia that his behavior was most unwelcome.

31.     In early December 2003 Mr. Correia followed Ms. Coelho into a break area where she was eating dinner with a co-worker.

4

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**10703 RWZ**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Coelho, Rebecca

**DEFENDANTS**

Wal-Mart Stores, Inc.

(b) County of Residence of First Listed Plaintiff **Barnstable**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) **(617) 542-6200**
Tocci, Goss + Lee, P.C.
35 India St., Boston, MA 02110

Attorneys (If Known) Marylou Fabbo
Skoler, Abbott + Presser, P.C.
One Monarch Place, Ste. 2000
Springfield, MA 01144

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964

Brief description of cause:
Sexual harassment and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ **$400,000**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____ DOCKET NUMBER _____

DATE
4.7.05

SIGNATURE OF ATTORNEY OF RECORD
Marylou Fabbo

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05  10703 RWZ**

1.  Title of case (name of first party on each side only) Rebecca Coelho v. Wal-Mart Stores, Inc.
    _____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

    ☐  I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒  II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ☐  III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ☐  IV.    220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.     150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    None.
    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☒

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7.  Do **all** of the parties In this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒    NO ☐

    A.    If yes, in which division do **all** of the non-governmental parties reside?

          Eastern Division ☒       Central Division ☐        Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing In Massachusetts reside?

          Eastern Division ☐       Central Division ☐        Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Marylou Fabbo
ADDRESS One Monarch Place, Suite 2000, Springfield, MA 01144
TELEPHONE NO. (413) 737-4753

(CategoryForm.wpd - 2/15/05)