

# SKOLER, ABBOTT & PRESSER, P.C.

*Exclusively Representing Management in Labor and Employment Law*

**Marylou Fabbo**
**Mfabbo@skoler-abbott.com**

*also admitted in Connecticut*

April 21, 2005

Clerk's Office – Civil
United States District Court
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re: Rebecca Coelho v.
    Wal-Mart Stores, Inc.
    Civil Action No. 05-10703-RWZ

Dear Sir or Madam:

Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, I am enclosing certified documents that we have received from the Hampden Superior Court in regard to the above-referenced matter.

Please feel free to call with any questions.  Thank you for your cooperation in this matter.

Sincerely,

Marylou Fabbo

MLF:ls
Enclosures
cc:  John F. Tocci, Esq.
     Wal-Mart Stores, Inc.

SUITE 2000 • ONE MONARCH PLACE • SPRINGFIELD, MA 01144 • 413-737-4753 • FAX 413-787-1941 • *www.skoler-abbott.com*
255 PARK AVENUE • WORCESTER, MA 01605 • 508-757-5335
AFFILIATE OF WORKLAW NETWORK: THE NATIONWIDE NETWORK OF MANAGEMENT LABOR AND EMPLOYMENT LAW FIRMS.

# Commonwealth of Massachusetts

BARNSTABLE, ss.

**SUPERIOR COURT**

**No.** 05-117

I, Scott W. Nickerson, Clerk-Magistrate of the Superior Court within and for said County

of Barnstable, having, by law, the custody of the seal and all the records, books, documents and

papers of, or appertaining to said Court, hereby certify that the papers hereto annexed are true

copies of the papers appertaining to said Court, and on file and of record in the Office of said

Court, relating to the case of REBECCA COELHO vs. WAL-MART STORES, INC.,

case #05-117

In witness whereof, I have hereunto set my hand and the

seal of said Court, this eighteenth day of April in the

year of our Lord two thousand five.

Clerk-Magistrate

MAS-20041213
birelyka

Case 1:05-cv-10703-RWZ    Commonwealth of Massachusetts    Document 8    Filed 04/22/2005    Page 3 of 30

04/19/2005
11:24 AM

BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

## BACV2005-00117
## Coelho v Wal-Mart Stores Inc et al

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **File Date** | 03/03/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | | |
| **Status Date** | 04/19/2005 | **Session** | A - Civil A- Barnstable Superior Court | | | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | | | |
| **Lead Case** | | **Track** | F | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/01/2005 | **Answer** | 07/31/2005 | **Rule12/19/20** | 07/31/2005 |
| **Rule 15** | 07/31/2005 | **Discovery** | 12/28/2005 | **Rule 56** | 01/27/2006 |
| **Final PTC** | 07/27/2006 | **Disposition** | 10/27/2006 | **Jury Trial** | Yes |

**PARTIES**

**Plaintiff**
Rebecca Coelho
Pocasset, MA 02559
Active 03/03/2005

**Private Counsel 562139**
John F Tocci
Tocci Goss & Lee PC
35 India Street 5th Floor
Boston, MA 02110-
Phone: 617-542-6200
Fax: 617-542-6201
Active 03/03/2005 Notify

**Defendant**
Wal-Mart Stores Inc
702 SW 8th Street
Store #3561
Bentonville, AR 72716-0215
Served: 03/22/2005
Served (answr pending) 04/14/2005

**Private Counsel 566613**
Marylou Varao Fabbo
Skoler Abbott & Presser PC
1 Monarch Place
Suite 2000
Springfield, MA 01144
Phone: 413-737-4753
Fax: 413-787-1941
Active 04/15/2005 Notify

**Defendant**
Rudi Eckerman
Wal-Mart Store #3651
137 Teaticket Highway
East Falmouth, MA 02536
District Manager
Service pending 03/03/2005

**Defendant**
Chad Gaucher
Wal-Mart Store #3561
137 Teaticket Highway
East Falmouth, MA 02536
Assistant Store Manager
Served: 03/22/2005
Served (answr pending) 04/14/2005

MAS-20041213
birelyka

Case 1:05-cv-10703-RWZ    Document 6    Filed 04/22/2005    Page 4 of 30

04/19/2005
11:24 AM

Commonwealth of Massachusetts
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

## BACV2005-00117
## Coelho v Wal-Mart Stores Inc et al

**Defendant**
Warren "Bodie" Moore
Wal-Mart Store #3561
137 Teaticket Highway
East Falmouth, MA 02536
Store Supervisor
Service pending 03/03/2005

**Defendant**
Kevin Correia
Service pending 03/03/2005

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 03/03/2005 | | Filing fee paid in the amount of $285.00 including $15.00 surcharge and $20.00 security fee. |
| 03/03/2005 | 1.0 | COMPLAINT with jury demand & civil action cover sheet |
| 03/03/2005 | | Origin 1, Type B22, Track F. (fx: JFT) |
| 03/17/2005 | 2.0 | MOTION: Plaintiff's for appointment of special process server |
| 03/17/2005 | | Motion (P#2) ALLOWED (Scott W. Nickerson, Clerk-Magistrate) |
| 03/17/2005 | 3.0 | ORDER appointing special process server (Scott W. Nickerson, Clerk-Magistrate) (copy to atty) |
| 04/14/2005 | 4.0 | SERVICE RETURNED: Defendant Wal-Mart Stores Inc accepted by Alison Liberto, agent on 3/22/05 |
| 04/14/2005 | 5.0 | SERVICE RETURNED: Defendant Chad Gaucher on 3/22/05 |
| 04/15/2005 | 6.0 | NOTICE: defendant's of removal to the United States District Court |
| 04/19/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 04/13/2005 | Civil A- Barnstable Superior Court | Status: administrative | Event held as scheduled |
| | | t/c to and return call back about the fact that we need a notice of removal for removal to US District Court | |
| 04/15/2005 | Civil A- Barnstable Superior Court | Status: administrative | Event held as scheduled |
| | | left mess - MF- need $26.50 for copies | |

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts Superior Court Department County: Barnstable |
|---|---|

DOCKET NO(S): 05-113

**PLAINTIFF(S)**
Rebecca Coelho

**DEFENDANT(S)**
Wal-Mart Stores, Inc., Rudi Eckerman,
Chad Gaucher, Warren "Bodie" Moore, and

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
John F. Tocci, Esq.
35 India Street, Floor 5
Board of Bar Overseers Number: Boston, MA 02110

**ATTORNEY (if known)**
Marylou Fabbo, Esq.
One Monarch Place, Suite 200
Springfield, MA 01144

SUPERIOR COURT
BARNSTABLE SS
FILED
MAR 03 2005

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
  1.  Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
  2.  Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
  3.  Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
  4.  Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
  5.  Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
  Subtotal $. . . . . . . . . . .
B.  Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . $50,000.
C.  Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D.  Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E.  Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $50,000.
F.  Other documented items of damages (describe)
  Future lost wages and benefits.
  $. . . . . . . . . . .
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)
  Lost wages and benefits, severe emotional distress,
  attorney fees (punitive damages omitted)
  $300,000.+ . .
  **TOTAL** $400,000.+ . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL** $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 3-2-2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

SUPERIOR COURT
BARNSTABLE SS

FILED    MAR 0 3 2005

_[signature]_ W. _[illegible]_    Clerk

## COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.**  OS -//2

|  |  |
|---|---|
| **REBECCA COELHO,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| **WAL-MART STORES, INC.,** | ) |
| **RUDI ECKERMAN, CHAD GAUCHER,** | ) |
| **WARREN "BODIE" MOORE, and** | ) |
| **KEVIN CORREIA,** | ) |
| **Defendants.** | ) |

### COMPLAINT

1.    In this action, the plaintiff Rebecca Coelho ("Ms. Coelho" or the "Plaintiff") a former Sales Associate for Wal-Mart Stores, Inc. ("Wal-Mart") seeks damages for illegal discriminatory actions by Wal-Mart Stores, Inc., Rudi Eckerman, Chad Gaucher, Warren "Bodie" Moore and Kevin Correia (collectively the "Defendants"). Specifically, the Defendants engaged in activities constituting illegal sexual harassment of Ms. Coelho, the aiding and abetting the sexual harassment of Ms. Coelho and/or illegal retaliation against Ms. Coelho for complaining about the illegal sexual harassment she suffered at Wal-Mart.

### THE PARTIES

2.    Rebecca Coelho is an adult Massachusetts resident who resides in Pocasset, Barnstable County, Massachusetts.

3.      Wal-Mart Stores, Inc. is an Arkansas corporation headquartered at 702 S.W. 8th

Street Bentonville, AR 72716-0215. Wal-Mart Stores, Inc. has stores located throughout

Massachuse ts and the United States including store #3561 located at 137 Teaticket Highway

East Falmouth, Barnstable County, Massachusetts 02536.

4.      Rudi Eckerman is, upon information and belief, the District Manager at Wal-

Mart's East Falmouth store (#3561) located at 137 Teaticket Highway East Falmouth, Barnstable

County, Massachusetts 02536.

5.      Chad Gaucher is, upon information and belief, the Assistant Store Manager at

Wal-Mart's East Falmouth store (#3561) located at 137 Teaticket Highway East Falmouth,

Barnstable County, Massachusetts 02536.

6.      Warren "Bodie" Moore is, upon information and belief, a Supervisor at Wal-

Mart's East Falmouth store (#3561) located at 137 Teaticket Highway East Falmouth, Barnstable

County, Massachusetts 02536.

7.      Kevin Correia is, upon information and belief, an adult Massachusetts resident

who resides in New Bedford, Bristol County, Massachusetts.

## THE FACTS

8.      Ms. Coelho commenced her Wal-Mart employment on or about August 14, 2003.

9.      Ms. Coelho did not receive any specific instruction or training regarding

workplace h arassment other then a short computer-based general training session during her

Wal-Mart orientation. Ms. Coelho was never provided with a copy of Wal-Mart's sexual

harassment policy, if any such policy existed.

10.     In September 2003, a young Sales Associate named Kevin Correia ("Mr.

Correia") embarked on a disturbing campaign of sexual misconduct toward Ms. Coelho.

2

11.    Mr. Correia often stalked Ms. Coelho around the store; interrupting her while she attempted to perform her duties in order to make known his romantic desires.

12.    Mr. Correia also often called out to Ms. Coelho in a loud, intrusive manner and made inappropriate comments of a sexual nature to Ms. Coelho.

13.    Mr. Correia constantly professed his affection for Ms. Coelho.

14.    Mr. Correia's comments were occasionally made within earshot of customers and other Wal-Mart employees.

15.    Mr. Correia also frequently attempted to hug Ms. Coelho and would block her pathway unless she provided him with a hug.

16.    Ms. Coelho attempted to deflect this inappropriate conduct by informing Mr. Correia that his conduct made her uncomfortable, as she was "not a hugging person."

17.    She also informed Mr. Correia that his pursuit of her and comments toward and/or about her were unwelcome.

18.    Despite the rebuke, Mr. Correia's behavior became more persistent.

19.    Mr. Correia began to pursue Ms. Coelho about the store requesting that she go on dates with him.

20.    Mr. Correia frequently made inappropriate comments to Ms. Coelho including: "Becky, your ass has gotten chunky, you need to lose weight;" "Becky, I know you are wearing a thong (underwear);" "I need to declare my undying love for you."

21.    Mr. Correia, on one occasion, informed several Wal-Mart customers that he intended to marry Ms. Coelho.

22.    Ms. Coelho responded by informing Mr. Correia that his behavior was inappropriate and unacceptable.

23.    Ms. Coelho also informed Mr. Correia that, as a married woman, she found his behavior particularly egregious.

24.    In late October, Ms. Coelho informed Wal-Mart's District Manager, Rudi Eckerman, that Mr. Correia was "aggressively pursuing" her both physically and verbally.

25.    Mr. Eckerman informed Ms. Coelho that he would meet with Mr. Correia and "take care of" the situation.

26.    That same day, Ms. Coelho also registered complaints regarding Mr. Correia's inappropriate behavior with two other supervisors, Assistant Store Manager Chad Gaucher and Ms. Coelho's direct supervisor, Store Manager Warren "Bodie" Moore.

27.    Additionally, Ms. Coelho attempted to file a written complaint with the Manager of Human Resources, but was told she should not and, in fact, could not do so and thereafter was turned away.

28.    Shortly after Ms. Coelho registered her complaint, the Defendants transferred Ms. Coelho to a different department but allowed Mr. Correia to remain in his position and department. Wal-Mart's transfer of Ms. Coelho was against her wishes.

29.    Despite the transfer and Mr. Eckerman's assurances that he would "take care" of the situation Mr. Correia's inappropriate behavior of a sexual nature continued unabated. At one point, Mr. Correia informed Ms. Coelho that Mr. Eckerman had informed him that he was free to try to hug Ms. Coelho if it was welcome.

30.    Ms. Coelho informed Mr. Correia that his behavior was most unwelcome.

31.    In early December 2003 Mr. Correia followed Ms. Coelho into a break area where she was eating dinner with a co-worker.

4

32.    Mr. Correia sat across a table from Ms. Coelho, interrupted Ms. Coelho's conversation and informed her "how compatible" he and she were. He then attempted to hold hands with her from across the table.

33.    Ms. Coelho pulled her hands away and informed Mr. Correia that he was both mistaken and confused.

34.    Ms. Coelho immediately rebuked Mr. Correia for making inappropriate comments to which Mr. Correia responded, in front of several co-workers, "I thought we had a more open relationship."

35.    Ms. Coelho informed Mr. Correia that they had no relationship and that he was scaring her with his inappropriate comments and actions. She specifically told him that he "needed to stop talking like that." Ms. Coelho who was quite shaken left the area.

36.    Mr. Correia remarked to a co-worker that he "would always love" Ms. Coelho no matter how rude she was to him.

37.    Immediately after this incident Ms. Coelho informed the Assistant Store Manager, Chad Gaucher of Mr. Correia's inappropriate behavior.

38.    Ms. Coelho was visibly upset as she detailed to Mr. Gaucher, Mr. Correia's inappropriate conduct and comments. She insisted that something be done. Mr. Gaucher stated that he would meet with Mr. Correia and he dismissed Ms. Coelho.

39.    Just before Ms. Coelho was to leave for the day, the Store Manager, Warren "Bodie" Moore informed her that he spoke with Mr. Correia, who denied any inappropriate conduct or comments, and that he believed Mr. Correia.

40.    Mr. Moore stated that the latest episode seemed to be little more than an argument between two co-workers, for which he blamed Ms. Coelho.

5

41.     Ms. Coelho was simply stunned by Mr. Moore's dismissal of her concerns and her distress.

42.     She gathered herself and told Mr. Moore that this was not about a single incident but about a history of inappropriate conduct, which had risen to a frightening level.  She informed Mr. Moore that Mr. Correia, seemingly jealous of Ms. Coelho's friendship with a male co-worker, had tried to push that co-worker down the stairs.

43.     Mr. Moore became irate and again blamed Ms. Coelho for Mr. Correia's actions.

44.     Ms. Coelho informed Mr. Moore that she wished to make a formal written complaint about Mr. Correia's actions.

45.     Mr. Moore refused to allow Ms. Coelho to file a written complaint.  He stated that "there was nothing to write about and you'd better stop."

46.     Shortly thereafter, on December 11, 2003 Ms. Coelho asked to speak privately with her department manager Crystal Gilbert who, instead, turned Ms. Coelho away and avoided Ms. Coelho for the remainder of the shift.

47.     At approximately 2:00 p.m. on December 11, 2003 Mr. Moore paged Ms. Coelho to come to his office.  When Ms. Coelho arrived, Ms. Gilbert and an Assistant Store Manager were in the office.  At this meeting Mr. Moore raised non-existent performance issues and focused on "issues" with Ms. Coelho's "attitude" rather than on Mr. Correia's abhorrent behavior.

48.     Ms. Coelho protested, insisting that the focus of the meeting be Mr. Correia's inappropriate behavior.

49.     At this point, Mr. Moore made a shockingly callous remark stating, "I think you have been leading [Mr. Correia] on."

6

50.   Ms. Coelho became extremely upset and again recited the litany of inappropriate conduct by Mr. Correia towards her.  She insisted that she simply could not tolerate this behavior any longer and that she needed the behavior to stop.  She complained that, when she raised these issues with Mr. Gaucher, Mr. Gaucher had also tried to blame her.

51.   At this point Mr. Moore became agitated.  He raised his voice and defended Mr. Gaucher and Mr. Correia, insisting that Ms. Coelho "take half the blame."

52.   Confused, Ms. Coelho asked for what exactly she needed to take the blame, to which Mr. Moore replied, "for misleading [Mr. Correia]."

53.   Mr. Moore then began to interrogate an upset and bewildered Ms. Coelho asking her if she had ever gone out with Mr. Correia for coffee, to the mall or to dinner.

54.   The turn in the conversation caused Ms. Coelho to become nauseous and she informed Mr. Moore that she had never gone out with Mr. Correia, reminding Mr. Moore that she was married and had a young daughter at home.

55.   Mr. Moore vigorously pursued Ms. Coelho, despite her obvious distress.  Mr. Moore accused her of having a romantic relationship with another co-worker.

56.   Mr. Moore then threatened that, "if [he] heard of any more problems concerning [Ms. Coelho], or from [Ms. Coelho]," he would fire her.

57.   As Ms. Coelho attempted to defend herself from Mr. Moore's irrational attack one more time, Mr. Moore glared at Ms. Coelho and stated that he did not want to hear anything more from her.

58.   Ms. Coelho, now shaking and crying, took off her Wal-Mart badge and told him that she could not take the abuse anymore.  She stood up, opened the door and said, "I quit!"

59.    Ms. Coelho then reported to Human Resources where she indicated that she wished to speak with Mr. Eckerman regarding her treatment.

60.    Upon being informed that Mr. Eckerman was unavailable, Ms. Coelho left her telephone number and requested that he call her.  Neither Mr. Eckerman, nor any other Wal-Mart manager, contacted Ms. Coelho after December 11, 2003.

61.    In the wake of Wal-Mart's mistreatment, Ms. Coelho suffered, and continues to suffer, severe emotional distress.

62.    Ms. Coelho has experienced nightmares and panic attacks.

63.    She has been hampered in her search for employment by her mental state.

64.    She has, at times, been unable to care for her child and has, instead, relied upon other family members for assistance.

65.    On or about June 9, 2004 Ms. Coelho filed a sexual harassment and retaliation claim against the Defendants with the Massachusetts Commission Against Discrimination ("MCAD").  A true and accurate copy of the complaint is attached hereto as Exhibit 1.

66.    Ms. Coelho removed her Charge of Discrimination from the MCAD in order to pursue this action.

## COUNT I
### (Discrimination)

67.    Plaintiff realleges and incorporates by reference paragraphs 1 through 66 of the Complaint.

68.    Ms. Coelho has timely satisfied all statutory prerequisites to filing this suit pursuant to M.G.L. c. 151B and Title VII of the Civil Rights Act of 1965.

69.    Wal-Mart Stores Inc., Rudi Eckerman, Chad Gaucher, Warren "Bodie" Moore and Kevin Correia subjected Ms. Coelho to sexual harassment in violation of M.G.L. c. 151B and Title VII of the Civil Rights Act of 1965.

70.    As a result of the Defendants' discriminatory acts, Ms. Coelho has suffered lost income and benefits; and has suffered other losses, including but not limited to, severe emotional distress.

## COUNT II
### (Aiding and Abetting)

71.    Plaintiff realleges and incorporates by reference paragraphs 1 through 70 of the Complaint.

72.    Ms. Coelho has timely satisfied all statutory prerequisites to filing this suit pursuant to M.G.L. c. 151B and Title VII of the Civil Rights Act of 1965.

73.    Rudi Eckerman, Chad Gaucher and Warren "Bodie" Moore engaged in activities which aided and abetted the sexual harassment of Ms. Coelho in violation of M.G.L. c. 151B and Title VII of the Civil Rights Act of 1965.

74.    As a result of the Defendants' discriminatory acts, Ms. Coelho has suffered lost income and benefits; and has suffered other losses, including but not limited to severe emotional distress.

## COUNT III
### (Retaliation)

75.    Plaintiff realleges and incorporates by reference paragraphs 1 through 74 of the Complaint.

76.    Ms. Coelho has timely satisfied all statutory prerequisites to filing this suit pursuant to M.G.L. c. 151B and Title VII of the Civil Rights Act of 1965.

77.    Wal-Mart Stores, Inc., Rudi Eckerman, Chad Gaucher and Warren "Bodie" Moore subjected Ms. Coelho to sexual harassment in violation of M.G.L. c. 151B and Title VII of the Civil Rights Act of 1965 and retaliated against Ms. Coelho for exercising her rights in seeking redress for her co-worker's harassing behavior.

78.    As a result of the Defendant's discriminatory acts, Ms. Coelho has suffered lost income and benefits; and has suffered other losses, including but not limited to severe emotional distress.

**WHEREFORE,** the Plaintiff, Rebecca Coelho, prays that this Court:

(a)    Enter judgment against the Defendants, Wal-Mart Stores, Inc., Rudi Eckerman, Chad Gaucher, Warren "Bodie" Moore and Kevin Correia and in favor of the Plaintiff, Rebecca Coelho on Count I of this Complaint awarding her damages including, but not limited to, lost income and benefits, medical expenses, emotional distress damages, punitive damages and her reasonable attorneys fees and costs of litigation;

(b)    Enter judgment against the Defendants, Rudi Eckerman, Chad Gaucher and Warren "Bodie" Moore and in favor of the Plaintiff, Rebecca Coelho on Count II of this Complaint awarding her damages including, but not limited to, lost income and benefits, medical expenses, emotional distress damages, punitive damages and her reasonable attorneys fees and costs of litigation;

(c)    Enter judgment against the Defendants, Wal-Mart Stores, Inc., Rudi Eckerman, Chad Gaucher and Warren "Bodie" Moore and in favor of the Plaintiff, Rebecca Coelho on Count III of this Complaint awarding her damages including, but not limited to, lost income and benefits, medical expenses, emotional distress damages, punitive damages and her reasonable attorneys fees and costs of litigation;

(d)    Award the Plaintiff punitive damages.

(e)    Award the Plaintiff her costs, expenses and attorney's fees;

10

(f)    Grant such other and further relief as appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE**

Respectfully Submitted,

REBECCA COELHO

By her attorney,

_____
John F. Tocci, Esq. BBO# 562139
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, MA 02110
(617) 542-6200

Dated: January 31, 2005

11

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

SEP EEOC

Massachusetts Commission Against Discrimination

and EEOC

State or local Agency, if any

NAME (Indicate Mr., Ms., Mrs.)

Ms. Rebecca Coelho

HOME TELEPHONE (Include Area Code)
(508) 563-2903

STREET ADDRESS    CITY, STATE AND ZIP CODE

2 Second Avenue   Pocasset MA, 02559

DATE OF BIRTH

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME
Wal-Mart Associates, Inc

NUMBER OF EMPLOYEES, MEMBERS
200+

TELEPHONE (Include Area Code)
(479)277-0614

STREET ADDRESS    CITY, STATE AND ZIP CODE

Corporate Offices  702 S.W. 8th Street Bentonville, Arkansas 72716-0215  *

COUNTY

NAME
Rudi Ackerman, Chad Ghauger, Bodie Moore

TELEPHONE NUMBER (Include Area Code)
same

STREET ADDRESS    CITY, STATE AND ZIP CODE
same

COUNTY

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| | RACE | | COLOR | X | SEX | | RELIGION | | AGE |

| X | RETALIATION | | NATIONAL ORIGIN | | DISABILITY | | OTHER (Specify) |

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
On or about
9/10/2003    12/11/2003

| X | CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

(please see attached)

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

Date 1-9 2004

Rebecca L. Coelho
Charging Party (Signature)

EEOC FORM 5 (Test 10/94)

*Correspondence should be sent to the attention of Fantina N. Purdie, Wal-Mart Legal Dept.

# MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION

```
                                    )
                                    )
REBECCA COELHO                      )
              Complainant,          )
                                    )
v.                                  )
                                    )
WAL-MART ASSOCIATES, INC.,          )
RUDI ACKERMAN, CHAD GHAUGER,        )
BODIE MOORE,                        )
              Respondents.          )
                                    )
                                    )
```

## COMPLAINT

Rebecca Coelho (the "Complainant") was employed by Wal-Mart Associates, Inc. ("Wal-Mart") as a Sales Associate at its East Falmouth location from on or about August 14, 2003 until on or about December 11, 2003. Beginning in September 2003, Ms. Coelho was subjected to a disturbing and continuous campaign of sexual harassment by a co-employee. Her repeated complaints to her superiors were ignored or thwarted. Wal-Mart forced Ms. Coelho to resign her employment on or about December 11, 2003.

From September 2003 until her termination, a fellow Wal-Mart employee named Kevin Correira directed a constant stream of inappropriate comments and actions of a sexual nature towards Ms. Coelho. These actions included but are in no way limited to the following:

- Stalking Ms. Coelho throughout the store;

- leering at Ms. Coelho

- interrupting her while she attempted to perform her duties in order to make known his sexual and/or romantic intentions towards her;

- making inappropriate comments about Ms. Coelho's body and clothing;

- repeatedly professing his affection to her;

- frequently attempting to hug Ms. Coelho;

- blocking her pathway and refusing to move unless she provided him with a hug;

- repeatedly requesting dates with Coelho; and

- falsely informing other store personnel that he and Ms. Coelho were in a relationship.

Ms. Coelho repeatedly informed Mr. Correira that his behavior was both inappropriate and unwelcome. In late October 2003, the Complainant informed her supervisor, Wal-Mart's District Manager, Rudi Ackerman of Mr. Correira's inappropriate behavior. Complainant also registered complaints with another supervisor, Assistant Store Manager, Chad Ghauger and her direct supervisor, Store Manager, Bodie Moore. Each manager was informed of Mr. Correira's harassment of the Complainant. The Complainant attempted to file a written complaint with the Manager of Human Resources, but was told she should not and, in fact, could not do so and was turned away.

Rather than investigating or otherwise responding to Ms. Coelho's complaints, each of her supervisors either dismissed her concerns and/or suggested that the Complainant -- who is married, has a young child and was in no way interested in *any* type of relationship with Mr. Correira -- was at fault for "leading him on." The Complainant's supervisors also raised non-existent performance issues in an attempt to dissuade the Complainant from expressing her concerns, or further pressing her harassment complaint. Despite her repeated complaints, Wal-Mart and the Complainant's supervisors failed to even perform an investigation. The Complainant's supervisors instead retaliated against her for lodging her complaints and forced her to resign her employment with Wal-Mart on or about December 11, 2003.

Therefore, Complainant alleges that Respondents violated Massachusetts General Laws Ch. 151B and Title VII of the Civil Rights Act of 1965.

Respectfully Submitted,

REBECCA COELHO

By her attorneys:

_____
John F. Tocci, Esq., BBO# 562139
Merson & Lee, PC
171 Milk Street   Suite 400
Boston, Massachusetts 02109
(617) 399-7800

Dated June 9, 2004

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
BARNSTABLE SS

FILED   MAR 1 7 2005

_____ Clerk

BARNSTABLE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05-117

3/17/05: Allowed

Scott Nickerson
Clerk-Magistrate

_____
                                    )
REBECCA COELHO,                     )
                                    )
            Plaintiff,              )
                                    )
v.                                  )
                                    )
WAL-MART STORES, INC.,              )
RUDI ECKERMAN, CHAD GAUCHER,        )
WARREN "BODIE" MOORE, and           )
KEVIN CORREIA,                      )
                                    )
            Defendants.             )
_____     )

## PLAINTIFF'S MOTION TO APPOINT SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P., 4(c) Plaintiff in the above-captioned matter, Rebecca

Coelho, hereby moves this Court to appoint Dewsnap and Associates or its employees or agents,

as special process server in the above-captioned action for all purposes. As grounds therefore,

Plaintiff states that the ends of judicial economy will be served by this appointment. The

undersigned swears that, to the best of his knowledge and belief, the person to be appointed is 18

years of age or older, is experienced in the service of process and is not a party to this action.

Respectfully Submitted,

REBECCA COELHO,

By her attorneys:

John F. Tocci, Esq., BBO# 562139
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, Massachusetts 02110
(617) 542-6200

Dated:  March 16, 2005

# Commonwealth of Massachusetts

Barnstable, ss.                                           Superior Court
                                                          No. 05-117


### REBECCA COELHO

### VS.

### WAL-MART STORES, INC. et al


## ORDER APPOINTING SPECIAL PROCESS SERVER


Pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure, the Court hereby

specially appoints _Dewsnap & Associates_ of _92 STATE Street_

_Boston, MA_____, to serve process in this action.


_clerk_ Justice of the Superior Court

Entered:    March 17, 2005

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:   CONTRACT   TORT
MOTOR VEHICLE TORT      EQUITABLE RELIEF         OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.                                          SUPERIOR COURT
                                                        No.05-117



Rebecca Coelho

```
SUPERIOR COURT
BARNSTABLE SS

FILED   APR 1 4 2005

          Scott W. Nickerson  Clerk
```

VS.

Wal-Mart Stores, Inc.,
Rudi Eckerman,
Chad Gaucher,
Warren "Bodie" Moore, and
Kevin Correia

## SUMMONS

To the above-named defendant  : Wal-Mart Stores, Inc.

You are hereby summoned and required to serve upon ...John F. Tocci, Esq.

.................................................................................................... plaintiff's attorney, whose address is

35 India Street, 5th Floor Boston, MA 02110................................, an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE Esquire, at Barnstable, the Second

day of March..............................., in the year of our Lord two thousand and Five.....................

                    Scott W. Nickerson  Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.

(TO PLAINTIFF'S ATTORNEY:    PLEASE CIRCLE TYPE OF ACTION INVOLVED:    CONTRACT    TORT
MOTOR VEHICLE TORT        EQUITABLE RELIEF        OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.                                                    SUPERIOR COURT
                                                                  No. 05-117

Rebecca Coelho

                                         VS.

Walmart Stores, Inc.,
Rudi Eckerman,
Chad Gaucher,
Warren "Bodie" Moore, and
Kevin Correia



> SUPERIOR COURT
> BARNSTABLE SS
>
> FILED  APR 1 4 2005
>
> _Scott W. Nickerson_  Clerk

## SUMMONS

To the above-named defendant : Chad Gaucher

You are hereby summoned and required to serve upon ...John F. Tocci, Esq.

.................................................................... plaintiff's attorney, whose address is

35 India Street, 5th Floor Boston, MA 02110 ........................, an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness,  BARBARA J. ROUSE  Esquire, at Barnstable, the Second ..............................

day of ...March........................, in the year of our Lord two thousand and Five ....................

_Scott W. Nickerson_  Clerk

**NOTE:**  When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.



hereby certify on 4-7-05 that the
foregoing document is the full and complete copy of the
electronic docket in the captioned case
electronically filed original filed on
original filed in my office on
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: Catherine M _____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 APR -8  A II: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

REBECCA COELHO,

               Plaintiff,

v.

WAL-MART STORES, INC. et. al.,

               Defendant.

CIVIL ACTION NO.  05-117

**05   10703  RWZ**

SUPERIOR COURT
BARNSTABLE SS

FILED  APR 1 5 2005
Scott W. Nickerson Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR REMOVAL

## TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendant, Wal-Mart Stores, Inc., respectfully states:

1.     On or after March 22, 2005, Wal-Mart was served with a Complaint commenced in the Superior Court, Barnstable County, which is entitled <u>Rebecca Coelho v. Wal-Mart Stores, Inc., Radi Eckerman, Chad Gaucher, Warren "Bodie" Moore, and Kevin Correia</u>, Civil Action No. 05-117. Service of the Summons and Complaint was made on Wal-Mart Stores, Inc., March 22, 2005. To Defendant's knowledge and belief, the individual Defendant's have not been served. Copies of the Complaint and Summons are annexed hereto as Exhibit A.

2.     Plaintiff alleges discriminatory actions, sexual harassment, and aiding and abetting sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

3.     This court has jurisdiction pursuant to 28 U.S.C. § 1331.

4.     Removal of this action to this court is authorized by 28 U.S.C. § 1441.

5.     This petition for Removal is filed with this court within thirty (30) days after receipt by Defendant Wal-Mart Stores, Inc. of a copy of the initial pleading setting forth the claim for relief upon which such action is based and the Summons.

WHEREFORE, Defendant, Wal-Mart Stores, Inc., prays that the above-referenced action now pending in the Superior Court, Commonwealth of Massachusetts, Barnstable County, be removed to this Court.

Respectfully Submitted,

*Marylou Fabbo*

Marylou Fabbo, Esq.
BBO No. 566613
Counsel for Wal-Mart Stores, Inc.
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Dated   April 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the Plaintiff's counsel, John F. Tocci, Tocci, Goss & Lee, P.C., 35 India Street, Boston, MA, 02110, by first-class, U.S. mail, postage prepaid, on April 7, 2005.

*Marylou Fabbo*

Marylou Fabbo, Esq.

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. BACV2005-00117-A

```
*********************************
                                *
REBECCA COELHO,                 *
                                *
              Plaintiff,        *
                                *
v.                              *
                                *
WAL-MART STORES, INC. et. al.,  *
                                *
              Defendant.        *
                                *
*********************************
```

## NOTICE FOR FILING PETITION FOR REMOVAL

TO THE JUDGES OF THE SUPERIOR COURT FOR THE STATE OF MASSACHUSETTS, and TO ALL PARTIES TO THE ACTION HEREIN:

PLEASE TAKE NOTICE that Defendant Wal-Mart Stores, Inc. has filed a Petition for

Removal of this action in the United States District Court for the District of Massachusetts on

April 7, 2005 pursuant to the provisions of 28 U.S.C. §§1446 (c)(1). A copy of said Petition is

annexed hereto.

Respectfully submitted,

*Marylou Fabbo*

Marylou Fabbo, Esq.
BBO No. 566613
Counsel for Wal-Mart Stores, Inc.
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel.: (413) 737-4753/Fax: (413) 787-1941

Dated: April 13, 2005

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the above document was served upon the Plaintiff's counsel, John F. Tocci, Tocci, Goss & Lee, P.C., 35 India Street, Boston, MA, 02110, by first-class, U.S. mail, postage prepaid, on April 13, 2005.

Marylou Fabbo /LS.

Marylou Fabbo, Esq.



# SKOLER, ABBOTT&PRESSER, P.C.
*Exclusively Representing Management in Labor and Employment Law*

**Marylou Fabbo**
**Mfabbo@skoler-abbott.com**

*also admitted in Connecticut

April 15, 2005



Clerk Office - Civil
Superior Court Department Courthouse
3195 Main Street
P.O. Box 425
Barnstable, MA 02630

Re: Rebecca Coelho v.
Wal-Mart Stores, Inc.
<u>Civil Action No. 05-10703-RWZ</u>

Dear Sir or Madam:

Enclosed please find a check in the amount of $26.50 to cover the cost to have certified copies made of all documents filed in this action in regard to the above-referenced matter within the thirty-day period required by Local Rule 81.1 of the United States District Court for the District of Massachusetts.

Thank you for you attention to this matter.

Sincerely,

*Marylou Fabbo/ss*

Marylou Fabbo

SGF:ls
Enclosure
cc:    John F. Tocci, Esq.
    Wal-Mart Stores, Inc.

Suite 2000 • One Monarch Place • Springfield, MA 01144 • 413-737-4753 • Fax 413-787-1941 • *www.skoler-abbott.com*
255 Park Avenue • Worcester, MA 01605 • 508-757-5335
Affiliate of Worklaw Network: The nationwide network of management labor and employment law firms.



## SKOLER, ABBOTT & PRESSER, P.C.
*Exclusively Representing Management in Labor and Employment Law*

**Marylou Fabbo**
**Mfabbo@skoler-abbott.com**

*also admitted in Connecticut*

April 11, 2005



SUPERIOR COURT
BARNSTABLE SS

FILED APR 18 2005

*[signature]* Clerk

Clerk Office - Civil
Superior Court Department Courthouse
3195 Main Street
P.O. Box 425
Barnstable, MA 02630

Re: Rebecca Coelho v.
Wal-Mart Stores, Inc.
Civil Action No. ~~05-10703-RWZ~~ 05-117

Dear Sir or Madam:

Please be advised that the above-referenced action has been removed to federal court. A certified copy of the Petition For Removal is enclosed. Please forward to me certified copies of all documents filed in this action by May 2, 2005 so that they may be filed with the United States District Court within the thirty-day period required by Local Rule 81.1 of the United States District Court for the District of Massachusetts.

Thank you for you attention to this matter.

Sincerely,

*Marylou Fabbo*

Marylou Fabbo

SGF:ls
Enclosure
cc:    John F. Tocci, Esq.
       Wal-Mart Stores, Inc.



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 APR -8  A II: I4

U.S. DISTRICT COURT
DISTRICT OF MASS.

05-117

```
*****************************
                              *
REBECCA COELHO,               *
                              *
              Plaintiff,      *
                              *
v.                            *      CIVIL ACTION NO.
                              *
WAL-MART STORES, INC. et. al.,*
                              *
              Defendant.      *
                              *
*****************************
```

**05  10703 RWZ**

## PETITION FOR REMOVAL

## TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendant, Wal-Mart Stores, Inc., respectfully states:

1.     On or after March 22, 2005, Wal-Mart was served with a Complaint commenced in the Superior Court, Barnstable County, which is entitled <u>Rebecca Coelho v. Wal-Mart Stores, Inc., Rudi Eckerman, Chad Gaucher, Warren "Bodie" Moore, and Kevin Correia</u>, Civil Action No. 05-117.  Service of the Summons and Complaint was made on Wal-Mart Stores, Inc., March 22, 2005.  To Defendant's knowledge and belief, the individual Defendant's have not been served.  Copies of the Complaint and Summons are annexed hereto as Exhibit A.

2.     Plaintiff alleges discriminatory actions, sexual harassment, and aiding and abetting sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

3.     This court has jurisdiction pursuant to 28 U.S.C. § 1331.

4.     Removal of this action to this court is authorized by 28 U.S.C. § 1441.

5.     This petition for Removal is filed with this court within thirty (30) days after receipt by Defendant Wal-Mart Stores, Inc. of a copy of the initial pleading setting forth the claim for relief upon which such action is based and the Summons.

WHEREFORE, Defendant, Wal-Mart Stores, Inc., prays that the above-referenced action now pending in the Superior Court, Commonwealth of Massachusetts, Barnstable County, be removed to this Court.

Respectfully Submitted,

Marylou Fabbo, Esq.
BBO No. 566613
Counsel for Wal-Mart Stores, Inc.
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Dated:  April 7, 2005                    Tel.: (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the Plaintiff's counsel, John F. Tocci, Tocci, Goss & Lee, P.C., 35 India Street, Boston, MA, 02110, by first-class, U.S. mail, postage prepaid, on April 7, 2005.

Marylou Fabbo, Esq.



## SKOLER, ABBOTT&PRESSER,P.C.
*Exclusively Representing Management in Labor and Employment Law*

**Marylou Fabbo**
**Mfabbo@skoler-abbott.com**                                    *also admitted in Connecticut*

April 13, 2005



Clerk Office - Civil
Superior Court Department Courthouse
3195 Main Street
P.O. Box 425
Barnstable, MA 02630

Re: Rebecca Coelho v.
Wal-Mart Stores, Inc.
<u>Civil Action No. 05-10703-RWZ</u>

Dear Sir or Madam:

    Please be advised that the above-referenced action has been removed to federal court. Pursuant to the provisions of 28 U.S.C. §§1446 (c)(1) enclosed is the *Notice for Filing Petition for Removal* and the original stamped and sealed *Petition For Removal*. Please forward to me certified copies of all documents filed in this action by May 2, 2005 so that they may be filed with the United States District Court within the thirty-day period required by Local Rule 81.1 of the United States District Court for the District of Massachusetts.

    Thank you for you attention to this matter.

Sincerely,

*Marylou Fabbo*

Marylou Fabbo

SGF:ls
Enclosure
cc:    John F. Tocci, Esq.
       Wal-Mart Stores, Inc.