UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REBECCA COELHO,               ) | |
|                               ) | |
|     **Plaintiff,**     ) | |
|                               ) | |
| v.                            ) | CIVIL ACTION NO. 05-10703-RWZ |
|                               ) | |
| WAL-MART STORES, INC.,        ) | |
| CHAD GAUCHER,                 ) | |
| RUDI ECKERMAN,                ) | |
| WARREN "BODIE" MOORE, and     ) | |
| KEVIN CORREIA,                ) | |
|                               ) | |
|     **Defendants.**    ) | |

### PLAINTIFF'S MOTION FOR IMMEDIATE DISCLOSURE OF CONTACT INFORMATION AND FOR EXTENSION OF TIME TO SERVE PROCESS UPON DEFENDANTS RUDI ECKERMAN, WARREN MOORE AND KEVIN CORREIA

Plaintiff in the above-referenced matter, Rebecca Coelho ("Ms. Coelho" or the "Plaintiff"), hereby moves this Honorable Court to require corporate defendant Wal-Mart Stores, Inc. ("Wal-Mart") to immediately disclose the current and/or last known home and business addresses and telephone numbers of the individual defendants Rudi Eckerman, Warren "Bodie" Moore and Kevin Correia. The plaintiff further moves, pursuant to Fed. R. Civ. P. 4(m) and 6(b), to allow her an additional sixty (60) days from the date of the disclosure of the above-referenced information to serve process upon these defendants. In support of this motion, Ms. Coelho states the following.

Messrs. Eckerman, Moore, and Correia were all Wal-Mart employees assigned to Wal-Mart's East Falmouth, Massachusetts store at the time of the incidents giving rise to the subject-matter of this case. Ms. Coelho filed this action, after withdrawing her action pending before the Massachusetts Commission Against Discrimination, with the Massachusetts Superior Court for

Barnstable County on March 3, 2005. She attempted to serve process upon Messrs. Eckerman and Moore at the East Falmouth Wal-Mart on or around March 22 and 24, 2005. (See <u>Exhibit 1</u> – Return of Service for Rudi Eckerman and Warren "Bodie" Moore). During this attempt at service, the process-server was informed that Mr. Eckerman was residing in Texas and Mr. Moore was residing in Georgia. Upon information and belief, Mr. Correia had been terminated from his position at Wal-Mart in 2004 due to continued inappropriate conduct towards female employees. Upon information and belief, Messrs. Eckerman and Moore are still Wal-Mart employees and were transferred to out-of-state positions within the company.

Despite diligent efforts, Ms. Coelho has been unable to locate Messrs. Eckerman, Moore, and Correia. Upon information and belief, Wal-Mart has the current addresses and telephone numbers of Messrs. Eckerman and Moore and possesses the last known address and telephone number of Mr. Correia.

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 16.1, Wal-Mart will be required to disclose the addresses and telephone numbers for Messrs. Eckerman, Moore and Correia on or before June 30, 2005. (See <u>Exhibit 2</u> – Joint Statement and Scheduling Order Pursuant to Local Rule 16.1). Unless this Motion is granted by the Court, service upon Messrs. Eckerman, Moore and Correia will not be possible until after June 30, 2005 leaving Ms. Coelho one weekday to effect service of process upon these individual defendants as required by Fed. R. Civ. P. 4(m). Ordering Wal-Mart to immediately disclose the current and/or last known address and telephone numbers for Messrs. Eckerman, Moore and Correia will allow Ms. Coelho to promptly serve these defendants thus serving the interests of judicial economy by averting delay and/or further motion practice. The plaintiff states that substantial justice will also be served by allowing this

motion as prompt service will provide these defendants with ample time to comply with the scheduling order, Exhibit 1.

### CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Immediate Disclosure of Contact Information and Extension of Time to Serve Process Upon Defendants Rudi Eckerman, Warren Moore, and Kevin Correia should be allowed. Plaintiff has attached hereto a proposed Order allowing her motion.

Respectfully Submitted,

Rebecca Coelho

By her attorneys,

/S/ John F. Tocci
John F. Tocci, Esq., BBO# 562139
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, Massachusetts 02110
(617) 542-6200

Dated: May 13, 2005

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| **REBECCA COELHO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 05-10703-RWZ |
| | ) | |
| **WAL-MART STORES, INC.,** | ) | |
| **CHAD GAUCHER,** | ) | |
| **RUDI ECKERMAN,** | ) | |
| **WARREN "BODIE" MOORE, and** | ) | |
| **KEVIN CORREIA,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Plaintiff's Motion for Immediate Disclosure of Contact Information and Extension of Time to Serve Process Upon Defendants Rudi Eckerman, Warren Moore, and Kevin Correia. The Defendant Wal-Mart Stores, Inc. is hereby **ORDERED** to forward to the Plaintiff's counsel the last known home and business addresses and telephone numbers of the defendants Rudi Eckerman, Warren "Bodie" Moore and Kevin Correia within seven (7) days from the date of this Order. Plaintiff shall serve process upon the defendants Rudi Eckerman, Warren "Bodie" Moore and Kevin Correia within sixty (60) days from the date of receipt of such contact information. **So Ordered.**

_____
Rya W. Zobel, District Court Judge
United States District Court
for the District of Massachusetts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| REBECCA COELHO,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br>CHAD GAUCHER,<br>RUDI ECKERMAN,<br>WARREN "BODIE" MOORE, and<br>KEVIN CORREIA,<br><br>    Defendants. | CIVIL ACTION NO. 05-10703-RWZ |

**JOINT STATEMENT AND SCHEDULING ORDER**
**PURSUANT TO LOCAL RULE 16.1**

Plaintiff Rebecca Coelho and Defendants Wal-Mart Stores, Inc. and Chad Gaucher, (collectively the "Defendants")[1] having by their counsel conferred pursuant to Fed.R.Civ.P. 26(f) and Local Rule 16.1 hereby submit the following Joint Statement in connection with the Rule 16 Scheduling Conference on May 18, 2005 (the "Scheduling Conference").

    1.    **Matters To Be Discussed At Conference:** The parties will appear at the Scheduling Conference prepared to discuss the following issues:  a proposed pre-trial schedule for the case that includes a plan for phased discovery; anticipated motions; discovery limits; alternative dispute resolution and settlement.

    2.    **Pending Motions:** There is, or will be at the time of the Rule 16 conference, a Motion for the Immediate Production of Last Known Addresses and Telephone Numbers of

---

[1] The Defendants have named as defendants, but not yet served process upon, Rudi Eckerman, Warren "Bodie" Moore and Kevin Correia.

Defendants and for Extension of Time to Serve Process currently pending before the Court. The parties have filed herewith a Proposed Pre-Trial Schedule for filing dispositive motions.

    3.    **Proposed Pretrial Schedule:**  The parties have agreed on all dates within the below-listed pretrial schedule and as proposed in the Proposed Pre-Trial Schedule filed herewith:

    (a)    <u>Initial Disclosures</u>:  Initial disclosures under Fed.R.Civ.P. 26(a) shall be completed on or before June 30, 2005;

    (b)    <u>Fact Discovery Cut-Off</u>:  All fact discovery (including interrogatories, requests for admissions, document requests and depositions) shall be completed on or before October 15, 2005.

    (c)    <u>Expert Discovery</u>:  The parties agree to designate primary expert witnesses and to produce expert discovery required by Fed. R. Civ. P. 26 by October 31, 2005.  The parties agree to designate counter/rebuttal experts and to produce expert discovery required by Fed. R. Civ. P. 26 relating to such counter experts by December 15, 2005.  All expert discovery shall be completed on or before January 31, 2006.

    (d)    <u>Motions</u>:

    (1)    Amendments to pleadings shall be filed in accordance with Fed.R.Civ.P. 15.

    (2)    Dispositive Motions shall be filed no later than March 31, 2006 and responded to within the time frame provided by the Federal Rules of Civil Procedure.

    (e)    <u>Pre-Trial Conference</u>.  The parties suggest a final pre-trial conference date of May 31, 2006 or on an alternative date convenient for the Court.

4. **Discovery Event Limitations:** The parties agree to abide by the discovery event limitations contained in Local Rule 26.1(C).

5. **Trial by Magistrate Judge:** The parties do not consent to trial by Magistrate Judge.

6. **Settlement:** Plaintiff has tendered her written settlement proposal to Defendants ten days prior to the Scheduling Conference.

7. **Rule 16.1(D)(3) Certifications:** The parties shall separately file their certifications regarding consultation on litigation budgets and alternative dispute resolution as required by Local Rule 16.1(D)(3).

8. **Modification of the Schedule:** All dates set forth herein may be modified by written agreement of the parties and approval of the Court, or upon motion to the Court for good cause shown.

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| WAL-MART STORES, INC., and CHAD GAUCHER | REBECCA COELHO, |
| By their Attorneys: | By her Attorneys: |
| /s/ Marylou Fabbo | /s/ John F. Tocci |
| Marylou Fabbo., Esq., BBO# 566613 | John F. Tocci, Esq., BBO# 562139 |
| Amy B. Royal, Esq., BBO# 647175 | Tocci, Goss & Lee, PC |
| Skoler, Abbot & Presser, P.C. | 35 India Street, 5th Floor |
| One Monarch Place, Suite 2000 | Boston, MA  02110 |
| Springfield, MA  01144 | (617) 542-6200 |
| (413) 737-4753 | |

Dated:  May 11, 2005

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: CONTRACT TORT
MOTOR VEHICLE TORT    EQUITABLE RELIEF    OTHER)

Case 1:05-cv-10703-RWZ    Document 11-3    Filed 05/13/2005    Page 1 of 4

# Commonwealth of Massachusetts

BARNSTABLE, ss.                                         SUPERIOR COURT
                                                        No. 05-117

Rebecca Coelho

VS.

Wal-Mart Stores, Inc.,
Rudi Eckerman,
Chad Gaucher,
Warren "Bodie" Moore, and
Kevin Correia

## SUMMONS

To the above-named defendant : Warren "Bodie" Moore

You are hereby summoned and required to serve upon John F. Tocci, Esq. plaintiff's attorney, whose address is 35 India Street, 5th Floor Boston, MA 02110, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Witness,** BARBARA J. ROUSE **Esquire,** at Barnstable, the Second day of March, in the year of our Lord two thousand and Five.

                                                        _Scott W. Nickerson_ Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a separate summons is issued for each defendant, each should be addressed to the particular defendant.

**NOTICE TO DEFENDANT**
You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......March 22......, 20.05...., I ~~served~~ *Attempted To* a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant , in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

Attempted to serve Warren "Bodie" Moore at Wal-Mart, 137 Teaticket Highway, East Falmouth, MA; informed Mr. Moore now resides in Georgia.

Dated: March 22, 2005.    *Thomas C. Hyde*

**N. B. TO PROCESS SERVER:** Process Server & Disinterested Person

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON THE ORIGINAL** AND **ON COPY SERVED ON DEFENDANT.**

March 22, 2005

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: – CONTRACT – TORT – MOTOR VEHICLE TORT – EQUITABLE RELIEF – OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.                                                                 SUPERIOR COURT
                                                                                No. 05-117

Rebecca Coelho

VS.

Wal-Mart Stores, Inc.,
Rudi Eckerman,
Chad Gaucher,
Warren "Bodie" Moore, and
Kevin Correia

## SUMMONS

To the above-named defendant : Rudi Eckerman

You are hereby summoned and required to serve upon John F. Tocci, Esq. plaintiff's attorney, whose address is 35 India St., 5th Floor Boston, MA 02110, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE Esquire, at Barnstable, the Second day of March, in the year of our Lord two thousand and Five.

_____ Clerk

NOTE: When more than one defendant is involved, the names of all defendants shall appear in the caption. If a separate summons is issued for each defendant, each should be addressed to the particular defendant.

**NOTICE TO DEFENDANT**

You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _March 24, ~~2~~_ , 20_05_, I ^Attempted to served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant , in the following manner (see Mass. R. Civ. P. 4 (d) (1-5)):

_Attempted to serve Rudi Eckerman at Wal-Mart, 137 Teaticket Highway, East Falmouth; informed Rudi Eckerman now resides in Texas._

Dated: _March 24_ , 20_05_.   _Thomas C. Hyslip_
**N. B. TO PROCESS SERVER:** _Process Server & Disinterested Person_

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON THE ORIGINAL** **AND** **ON COPY SERVED ON DEFENDANT.**

_March 24, 2005_