UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
REBECCA COELHO,                          \*
                                        \*
    Plaintiff,                           \*
                                        \*
v.                                      \*          CIVIL ACTION NO. 05-10703-RWZ
                                        \*
WAL-MART STORES, INC.,                  \*
RUDI ECKERMAN, CHAD                     \*
GAUCHER, WARREN "BODIE"                 \*
MOORE, and KEVIN CORREIA,               \*
                                        \*
    Defendants.                          \*
                                        \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RUDI ECKERMAN'S ANSWER AND AFFIRMATIVE DEFENSES

    Rudi Eckerman ("Defendant" or "Eckerman"), an individual Defendant in the above-captioned matter, hereby submits his Answer and Affirmative Defenses to the Complaint filed by the Plaintiff, Rebecca Coelho, served on him on or after June 6, 2005.

### First Defense

1.    Defendant admits that the Plaintiff, Rebecca Coelho, was a Sales Associate at Wal-Mart Stores, Inc.  The remaining allegations of Paragraph 1 are denied.

### The Parties

2.    Defendant admits that Rebecca Coelho is an adult.  As to the remaining allegations of Paragraph 2, Defendant is without sufficient information and knowledge upon which to form a belief and, therefore, they are denied.

3.    Defendant denies that Wal-Mart Stores, Inc. is an Arkansas corporation.  The remaining allegations of Paragraph 3 are admitted.

4.    Defendant denies the allegations of Paragraph 4.

5.    Defendant admits the allegations of Paragraph 5.

6.    Defendant denies the allegations of Paragraph 6.

7.    Defendant admits that Kevin Correia is an adult.  As to the remaining allegations of Paragraph 7, Defendant is without sufficient information and knowledge upon which to form a belief and, therefore, they are denied.

<u>The Facts</u>

8.    Defendant denies the allegations of Paragraph 8.

9.    Defendant denies the allegations of Paragraph 9.

10.    Defendant denies the allegations of Paragraph 10.

11.    Defendant denies the allegations of Paragraph 11.

12.    Defendant denies the allegations of Paragraph 12.

13.    Defendant denies the allegations of Paragraph 13.

14.    Defendant denies the allegations of Paragraph 14.

15.    Defendant denies the allegations of Paragraph 15.

16.    Defendant denies the allegations of Paragraph 16.

17.    Defendant denies the allegations of Paragraph 17.

18.    Defendant denies the allegations of Paragraph 18.

19.    Defendant denies the allegations of Paragraph 19.

20.    Defendant denies the allegations of Paragraph 20.

21.    Defendant denies the allegations of Paragraph 21.

22.    Defendant denies the allegations of Paragraph 22.

23.    Defendant denies the allegations of Paragraph 23.

24.    Defendant denies the allegations of Paragraph 24.

25.    Defendant denies the allegations of Paragraph 25.

26.    Defendant denies the allegations of Paragraph 26.

27.    Defendant denies the allegations of Paragraph 27.

28.    Defendant admits that Ms. Coehlo was transferred to a different department while employed with Wal-Mart Stores, Inc.  The remaining allegations of Paragraph 28 are denied.

29.    Defendant denies the allegations of Paragraph 29.

30.    Defendant denies the allegations of Paragraph 30.

31.    Defendant denies the allegations of Paragraph 31.

32.    Defendant denies the allegations of Paragraph 31.

33.    Defendant denies the allegations of Paragraph 32.

34.    Defendant denies the allegations of Paragraph 34.

35.    Defendant denies the allegations of Paragraph 35.

36.    Defendant denies the allegations of Paragraph 36.

37.    Defendant denies the allegations of Paragraph 37.

38.    Defendant denies the allegations of Paragraph 38.

39.    Defendant denies the allegations of Paragraph 39.

40.    Defendant admits that Mr. Moore told Ms. Coelho that the investigation revealed that she and her co-worker had been involved in an argument.    The remaining allegations of Paragraph 40 are denied.

41.    Defendant denies the allegations of Paragraph 41.

42.    Defendant denies the allegations of Paragraph 42.

43.    Defendant denies the allegations of Paragraph 43.

44.    Defendant denies the allegations of Paragraph 44.

45.    Defendant denies the allegations of Paragraph 45.

46.    Defendant denies the allegations of Paragraph 46.

47.    Defendant admits that Ms. Coelho, Ms. Gilbert and Mr. Moore met on December 11, 2003, in Mr. Moore's office at approximately 2:00 p.m.  The remaining allegations of Paragraph 47 are denied.

48.    Defendant denies the allegations of Paragraph 48.

49.    Defendant denies the allegations of Paragraph 49.

50.    Defendant admits that Ms. Coelho appeared to become upset during the meeting.  The remaining allegations of Paragraph 50 are denied.

51.    Defendant denies the allegations of Paragraph 51.

52.    Defendant denies the allegations of Paragraph 52.

53.    Defendant denies the allegations of Paragraph 53.

54.    Defendant denies the allegations of Paragraph 54.

55.    Defendant denies the allegations of Paragraph 55.

56.    Defendant denies the allegations of Paragraph 56.

57.    Defendant denies the allegations of Paragraph 57.

58.    Defendant admits that Ms. Coelho took off her Wal-Mart badge.  Defendant further admits that Ms. Coelho stated that she "quit."  The remaining allegations of Paragraph 58 are denied.

59.    Defendant denies the allegations of Paragraph 59.

60.    Defendant admits that he did not contact Ms. Coelho after December 11, 2003. The remaining allegations of Paragraph 60 are denied.

61.    Defendant denies that he mistreated Ms. Coelho.  Defendant also denies that any emotional distress Ms. Coelho alleges to suffer is the result of his actions. As to whether Ms. Coelho suffered, and continues to suffer, severe emotional distress as alleged, Defendant is without sufficient knowledge and information upon which to form a belief and, therefore, these allegations are denied.

62.    Defendant denies any and all implications that he engaged in any conduct that has resulted in the circumstances alleged in Paragraph 62.  Defendant further states that he is without sufficient knowledge and information upon which to form a belief as to the allegations of Paragraph 62, and they are, therefore, denied.

63.    Defendant denies any and all implications that he engaged in any conduct that has resulted in the circumstances alleged in Paragraph 63.  Defendant further states that he is without sufficient knowledge and information upon which to form a belief as to the allegations of Paragraph 63, and they are, therefore, denied.

64. Defendant denies any and all implications that he engaged in any conduct that has resulted in the circumstances alleged in Paragraph 64. Defendant further states that he is without sufficient knowledge and information upon which to form a belief as to the allegations of Paragraph 64, and they are, therefore, denied.

65. Defendant admits the allegations of Paragraph 65.

66. Defendant admits the allegations of Paragraph 66.

COUNT I
(Discrimination)

67. Defendant re-alleges and incorporates by reference his answers to Paragraphs 1-66 of the Complaint.

68. Defendant neither admits nor denies the allegations of Paragraph 68 as they call for a legal conclusion.

69. Defendant denies the allegations of Paragraph 69.

70. Defendant denies the allegations of Paragraph 70.

COUNT II
(Aiding and Abetting)

71. Defendant re-alleges and incorporates by reference his answers to Paragraphs 1 through 70 of the Complaint.

72. Defendant neither admits nor denies the allegations of Paragraph 72 as they call for a legal conclusion.

73. Defendant denies the allegations of Paragraph 73.

74. Defendant denies the allegations of Paragraph 74.

COUNT III
(Retaliation)

75. Defendant re-alleges and incorporates by reference his answers to Paragraphs 1-74 of the Complaint.

76. Defendant neither admits nor denies the allegations of Paragraph 76 as they call for a legal conclusion.

77. Defendant denies the allegations of Paragraph 77.

78.    Defendant denies the allegations of Paragraph 78.

79.    Plaintiff is not entitled to any relief sought in her prayer for relief.

80.    All other allegations not specifically admitted are denied.

### Second Defense

The Complaint fails to state a claim upon which relief can be granted.

### Third Defense

The Defendant exercised reasonable care to prevent and promptly correct any sexually harassing behavior, and the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities to avoid harm.

### Fourth Defense

Any actions taken against Plaintiff were for reasons unrelated to her gender.

### Fifth Defense

Plaintiff abandoned her employment after the Defendant took reasonable measures to ensure that she would not be subjected to an inappropriate work environment, and thus is barred from collecting back pay and benefits.

### Sixth Defense

Plaintiff is not entitled to a jury trial on her claim.

### Seventh Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Eighth Defense

Plaintiff's claims are barred in whole or in part by a failure to exhaust her administrative remedies.

### Ninth Defense

Plaintiff has failed to mitigate her damages.

### Tenth Defense

Plaintiff's complaint fails to state a claim for punitive damages upon which relief can be granted and, therefore, any claim for punitive damages should be dismissed.

### Eleventh Defense

Plaintiff's claims are barred by her at-will employment status.

### Twelfth Defense

Plaintiff's have failed to state a claim upon which individual liability may be found.

*Prayer for Declaration and Attorney's Fees and Costs*

Wherefore, Defendant prays the Court to declare that Plaintiff has brought a groundless action and to award Defendant his costs and attorney's fees.

Respectfully Submitted,

/s/ Marylou Fabbo, Esq.
Marylou Fabbo, Esq.
BBO #566613
Counsel for Defendants, Chad Gaucher, Bodie Moore, Rudi Eckerman and
Wal-Mart Stores, Inc.
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts   01144
Dated:  June 27, 2005      Tel.:  (413) 737-4753/Fax: (413) 787-1941

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Answer and Affirmative Defenses* was served upon the Plaintiff's counsel, John F. Tocci, Tocci, Goss & Lee, P.C., 35 India Street, Boston, MA, 02110, electronically and by first-class, U.S. mail, postage prepaid, on June 27, 2005.

/s/  Marylou Fabbo, Esq.
Marylou Fabbo, Esq.