UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REBECCA COELHO,<br><br>        Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br>CHAD GAUCHER,<br>RUDI ECKERMAN,<br>WARREN "BODIE" MOORE, and<br>KEVIN CORREIA,<br><br>        Defendants. | CIVIL ACTION NO. 05-10703-RWZ |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff in the above-referenced matter, Rebecca Coelho ("Ms. Coelho" or "Plaintiff"), pursuant to Fed.R.Civ.P. 37(a), respectfully moves this Court to enter an order compelling the defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), to produce the information and documents and materials listed in the First Set of Interrogatories, First Request for Production of Documents and Second Request for Production of Documents attached hereto and as more narrowly tailored in her discussions with defense counsel. Ms. Coelho also moves this Court to assess costs and attorneys' fees against the defendant for its unreasonable refusal to produce the documents.

As reasons therefore the Plaintiff states that she timely requested certain information and documents from Wal-Mart pertaining to other complaints against Wal-Mart for sexual harassment, gender discrimination and illegal retaliation and certain key witness employees' personnel files. Exhibit 1, Plaintiff's First Set of Interrogatories Propounded to the Defendant Wal-Mart Stores, Inc., Interrogatory No. 8; Exhibit 2, Plaintiff's First Request for Production of Documents No. 2 and Exhibit 3, Plaintiff's Second Request for Production of Documents No. 21.

The parties have been unable to reach an agreement as to Interrogatory 8 and Request No. 2. Both parties have discussed Interrogatory No. 8 and Request No. 2 at length. Through discussions with defense counsel, Ms. Coelho reduced her requests, both in time and in scope, to any formal or informal grievance, complaint, or charge of discrimination alleging gender discrimination, sexual harassment or illegal retaliation asserted against Wal-Mart at any store in Massachusetts and any store at which any of the individual defendants have worked or were responsible for supervision since January 2002 through one full year after their departure from any such store. Wal-Mart refused this request and instead suggested only providing information and documents for complaints at the stores at which the individual defendants have worked since January 2002, including the East Falmouth, Massachusetts location. Despite the parties' discussions, no agreement was reached and Wal-Mart refuses to produce the requested information and documents.

The Plaintiff is now seeking any information and documents relating to any formal or informal grievance, complaint, or charge of discrimination alleging gender discrimination, sexual harassment or illegal retaliation asserted against Wal-Mart at any store in New England (defined as Vermont, New Hampshire, Maine, Massachusetts, Rhode Island, and Connecticut) since January 1, 2002 and any store at which any of the individual defendants have worked or were responsible for supervision since January 1, 2002 through one full year after their departure from any such store.

Wal-Mart has failed and refused to produce any documents responsive to Request No. 21 and Ms. Coelho seeks the above-referenced relief based on the grounds set forth in the attached Memorandum.

## CONCLUSION

Based upon the reasons set forth herein and in the Memorandum in Support of the Plaintiff's Motion to Compel Discovery, Ms. Coelho respectfully requests that the Court allow her motion to compel Wal-Mart to answer Interrogatory No. 8 and produce the documents and materials listed in the Plaintiff's First and Second Request for Production of Documents and to assess costs and attorney's fees against the defendant, Wal-Mart.

Respectfully Submitted,

Rebecca Coelho

By her attorneys,

/S/ John F. Tocci
John F. Tocci, Esq., BBO# 562139
Amanda B. Shipley, Esq., BBO#655844
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, Massachusetts 02110
(617) 542-6200

Dated: April 6, 2006