UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **REBECCA COELHO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 05-10703-RWZ** |
| | ) | |
| **WAL-MART STORES, INC.,** | ) | |
| **CHAD GAUCHER,** | ) | |
| **RUDI ECKERMAN,** | ) | |
| **WARREN "BODIE" MOORE, and** | ) | |
| **KEVIN CORREIA,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

### INTRODUCTION

In this action the plaintiff Rebecca Coelho (the "Plaintiff" or "Ms. Coelho"), a former Wal-Mart employee, seeks redress for the defendants' illegal, discriminatory and retaliatory actions and specifically their sexual harassment of Ms. Coelho. By this motion, Ms. Coelho seeks to compel Wal-Mart to produce information and documents relating to this matter.

Wal-Mart has refused to provide information and produce documents bearing on Ms. Coelho's claims, including information and documents relating to other complaints alleged against Wal-Mart for gender discrimination and sexual harassment and key witnesses' personnel files. All of the information and documents sought are directly relevant to plaintiff's claims and should be produced.[1]

---

[1] A copy of Plaintiff's First Set of Interrogatories Propounded to the Defendant Wal-Mart Stores, Inc. is attached hereto as Exhibit 1. A copy of Plaintiff's First Request for Production of Documents to the Defendant Wal-Mart Stores, Inc. is attached hereto as Exhibit 2. A copy of Plaintiff's Second Request for Production of Documents to the Defendant Wal-Mart Stores, Inc. is attached hereto as Exhibit 3.

## I.    BACKGROUND

### A.    FACTUAL BACKGROUND

Plaintiff Rebecca Coelho was employed by defendant Wal-Mart Stores, Inc. ("Wal-Mart") from June, 2003 until her discharge in December, 2003. See Plaintiff's Complaint, ¶ 8. Ms. Coelho worked as a Sales Associate throughout her employment at Wal-Mart. A fellow employee, Kevin Correia ("Mr. Correia"), commenced his Wal-Mart employment shortly after Ms. Coelho and promptly embarked upon a disturbing campaign of sexual misconduct toward Ms. Coelho. Id., at ¶ 10.

Ms. Coelho has alleged that Mr. Correia engaged in a campaign of unwarranted, discriminatory and harassing acts and that its managers, individual defendants Chad Gaucher, Rudi Eckerman, and Warren "Bodie" Moore, aided and abetted the harassment. Id., at ¶¶ 67 – 78. Ms. Coelho has also alleged that Mr. Correia sexually harassed other female Wal-Mart employees with management's knowledge and that management ignored both her complaints and the complaints of other employees.

Despite lodging complaints with management and management's knowledge of Mr. Correia's illegal behavior, Mr. Correia's inappropriate behavior of a sexual nature continued unabated. See, Plaintiff's Complaint, ¶ 29. In December 2003, following another instance of Mr. Correia's harassment, Ms. Coelho again complained to management again about Mr. Correia's behavior. Id., at ¶¶ 31 – 37. She initially complained to Mr. Gaucher who dismissed Ms. Coelho's concerns. Id., at ¶ 38. Mr. Moore then met with Ms. Coelho. Id., at ¶ 40. Mr. Moore stated that he believed Ms. Coelho was "leading [Mr. Correia] on" and told her to accept responsibility for her part in the harassment. Id., at ¶¶ 49 – 51. Mr. Moore continued to berate and humiliate Ms. Coelho until she resigned.

**B.    APPLICABLE LEGAL CLAIMS**

Ms. Coelho's Complaint ("Complaint") asserts, inter alia, counts of sex discrimination, aiding and abetting sex discrimination and retaliation arising out of her termination from Wal-Mart.

**C.    PARTIES' ATTEMPTS TO NARROW THEIR DIFFERENCES**

On July 12, 2005, Ms. Coelho served her first set of Interrogatories and Requests for Production of Documents on Wal-Mart. In Interrogatory No. 8 and Document Request No. 2, Ms. Coelho requested, in summary, information and documents regarding any and all sexual harassment, gender discrimination, and/or retaliation complaints or charges filed against Wal-Mart with any court or government agency in the United States since January 1, 2002 through the present date. Wal-Mart responded to Plaintiff's Interrogatories and First Request for Production of Documents on or about August 12, 2005. Exhibit 4, Wal-Mart's Answers to Plaintiff's First Set of Interrogatories; Exhibit 5, Wal-Mart's Responses to Plaintiff's First Request for Production of Documents. Following the execution of a Confidentiality Agreement, Wal-Mart supplemented its earlier response. That response was incomplete, with Wal-Mart only providing information pertaining to complaints at the East Falmouth store, leading to correspondence and discussions between the parties between August 24, 2005 through March 20, 2006 during which time the parties continued with discovery and conducted seven depositions. On February 2, 2006, the Plaintiff substantially narrowed Interrogatory No. 8 and Document Request No. 2 and the parties continued with several good faith exchanges to narrow their differences. Exhibit 6, Correspondence between Attorneys John F. Tocci and Marylou Fabbo.

Wal-Mart has wholly failed to respond to Plaintiff's Second Request for Production of Documents. The parties have cooperated in granting and complying with informal discovery

requests.  In light of their cooperative relationship, Plaintiff informally requested personnel files

of former Wal-Mart employees and key witnesses David Eckert, Andrea Duprey, Jason Lunne

and Corey Silva, on February 2, 2006, shortly after their depositions.  Id.  Wal-Mart refused this

informal request on February 23, 2006.  Id.  On or about March 15, 2006, the Plaintiff submitted

a formal request for the production of those documents.  Exhibit 3, Plaintiff's Second Requests

for Production of Documents.  The Plaintiff further requested that Wal-Mart provide her with its

position regarding this request no later than March 20, 2005.  Exhibit 6, Correspondence

between Attorneys John F. Tocci and Marylou Fabbo.  Wal-Mart responded to all other aspects

of Plaintiff's letter.  It did not, however, state its position regarding producing the personnel files,

thereby tacitly rejecting her request.  Id.

## II.    REQUESTS AND INTERROGATORIES

### A.    INTERROGATORY NO. 8/DOCUMENT REQUEST NO. 2

Interrogatory No. 8 initially sought the following information:

Please describe any and all sexual harassment, gender discrimination, and/or retaliation
complaints or charges filed against Wal-Mart with any court or government agency in the
United States since January 1, 2002 through the present date.  Include in your answer, the
court or administrative agency in which said complaints were filed, the named parties and
docket or administrative charge numbers for each such complaint or charge.

Plaintiff modified her request to the following:

Please describe any and all sexual harassment, gender discrimination, and/or retaliation
complaints or charges filed against Wal-Mart at any store in New England (Connecticut,
Maine, Massachusetts, New Hampshire, Rhode Island, Vermont) with any court or
government agency since January 1, 2002 through the present date and at any store which
any of the Defendants (Chad Gaucher, Rudi Eckerman and Warren "Bodie" Moore) have
worked or were responsible for supervision since January 1, 2002 through one full year
after their departure from any such store.  Include in your answer, the court or
administrative agency in which said complaints were filed, the named parties and docket
or administrative charge numbers for each such complaint or charge.

In Document Request No. 2, Plaintiff initially sought the following:

Please produce copies of any and all documents, relating to any formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against Wal-Mart which alleges discriminatory conduct on the basis of gender or alleging sexual harassment or illegal retaliation by Wal-Mart from January 1, 2002 through the present date.

Plaintiff modified her request to the following:

Please produce copies of any and all documents, relating to any formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against any Wal-Mart at any store in New England (Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, Vermont) from January 1, 2002 through the present date and at any store at which any of the Defendants (Chad Gaucher, Rudi Eckerman and Warren "Bodie" Moore) have worked or were responsible for supervision since January 1, 2002 through one full year after their departure from any such store, which alleges discriminatory conduct on the basis of gender or alleging sexual harassment or illegal retaliation by Wal-Mart.

Wal-Mart has asserted that the information requested is overly broad and irrelevant and unduly burdensome, immaterial and not likely to lead to the discovery of admissible evidence. Exhibit 4, Wal-Mart's Answers to Plaintiff's First Set of Interrogatories; Exhibit 5, Wal-Mart's Answers to Plaintiff's First Request for Production of Documents; Exhibit 6, Correspondence between Attorneys John F. Tocci and Marylou Fabbo. Wal-Mart further states that "considering the lack of common management of all stores in Massachusetts, even at the district level, and the fact that this case arises out of sexual harassment retaliation not general gender discrimination or other types or retaliation allegations" it is not agreeable to producing the information. Exhibit 6, Correspondence between Attorneys John F. Tocci and Marylou Fabbo.

Instead, Wal-Mart only agreed to provide sexual harassment and sexual harassment retaliation information for the East Falmouth Store and any store at which Mr. Gaucher, Mr. Moore and Mr. Eckerman supervised from January, 2002 through one year after their departure from said store or district. Id. Wal-Mart's objection fails for many reasons. As the Plaintiff has explained to Wal-Mart many times, she seeks the requested information as it may lead to

information pertaining to the adequacy of Wal-Mart's anti-harassment policy and whether Wal-Mart exercised reasonable care to prevent the harassment. Id. Wal-Mart's anti-harassment policy and sexual harassment training are national Wal-Mart policies and are purported to be implemented in all Wal-Mart stores. Wal-Mart offers as an affirmative defense that it exercised reasonable care to prevent and address harassment at its East Falmouth store. See, Wal-Mart's Answer to Complaint. The reasonable care that Wal-Mart purported to exercise is based, at least in part, on its compliance with its own, nationally issued anti-harassment policy.

Courts in Massachusetts and other jurisdictions have allowed discovery from defendants regarding complaints of discrimination filed by other employees. Malloy v. Wang Lab, 95 F.R.D. 488 (D. Mass. 1982). The touchstone of such discovery is relevance. Miller v. Doctor's General Hospital, 76 F.R.D. 136 (W.D. Okl. 1977). Other complaints of sexual harassment are relevant to the subject matter of the existence of a hostile work environment and to the defendant's defense that it took prompt remedial action to address the harassment. McIntyre v. Main St and Main, Inc. dba TGI Fridays, 2000 US Dist LEXIS 19617 (N.D. Cal. 2000). Reports of sexual harassment or retaliation at other company locations are discoverable as they may be probative of the adequacy of the employer's harassment policy, regardless of whether the other reports help establish a pattern and practice of such acts at a particular location. Shearin v. Safelite Glass Corp., 1998 US Dist. LEXIS 8115 (E.D. N.C. 1998)(Other complaints of sexual harassment or retaliation in other company locations would tend to show response by corporate management to such claims since plaintiff's chain of command was to the corporate headquarters); Longo v. Dayton Hudson Corp., 1996 US Dist. LEXIS 5674 (N.D. Ill. 1996)(complaints of sexual harassment in an employer's other offices might be probative of whether the employer's harassment policy was inadequate); Butta-Brinkman v. FCA Int'l Ltd.,

164 F.R.D. 475 (N.D. Ill. 1995)(complaints about sexual harassment in other offices may be probative of whether the defendant's harassment policy was adequate). Furthermore, other complaints are likely to lead to information about the defendant's actual practice in responding to sexual harassment complaints, which may prove probative of the defendant's responses or non-responses to the plaintiff's complaints. Governale v. Airborne Express, Inc., 1997 US Dist. LEXIS 7562 (E.D.N.Y. 1997).

Evidence of other complaints both before and after the Plaintiff's complaints demonstrate that Wal-Mart's institutional sexual harassment "policies and practices" were woefully inadequate in both preventing and addressing sexual harassment. Due to Wal-Mart's size, Ms. Coelho has reasonably limited her request to complaints at stores in New England and stores at which the individual defendants have worked since January 1, 2002. Significantly, Wal-Mart's anti-harassment policies are issued nationally and purportedly implemented in each of its stores. Members of Wal-Mart's management have testified that they strictly complied with Wal-Mart's policy in addressing Ms. Coelho's complaints and Wal-Mart has indicated its intent to use its anti-harassment policies as a defense to Ms. Coelho's complaint. Accordingly, this request is proper and necessary for the Plaintiff's determination of the adequacy of Wal-Mart's anti-harassment policy and its response to the Plaintiff's complaints.

**B.    DOCUMENT REQUEST NO. 21**

In Document Request No. 21, Plaintiff requests the following:

Please produce copies of any and all personnel records as "personnel records" are defined by M.G.L. c. 149, § 52C for the following former Wal-Mart employees: Dave Eckert, Andrea Dupre, Jason Lunn, and Corey Silva. The Plaintiff does not request information regarding the Wal-Mart benefits the former employees may have received or information regarding health or medical care or medical leave, which may be excised from the records.

Wal-Mart has failed to produce any documents responsive to this request. Wal-Mart has asserted that such information is not relevant to this matter and that it is unclear as to why the Plaintiff would need the information after the witnesses' depositions. Exhibit 6, Correspondence between Attorneys John F. Tocci and Marylou Fabbo. Mr. Eckert, Ms. Dupre, Mr. Lunn, and Mr. Silva (collectively, "the witnesses") were all Wal-Mart sales associates during Ms. Coelho's tenure. During their depositions, each witness testified as to Mr. Correia's inappropriate behavior toward Ms. Coelho and other Wal-Mart employees. Some of the witnesses testified that they complained to management regarding Mr. Correia's harassing behavior. The information is clearly relevant as it may contain any of the witnesses' complaints about or references to conduct of Mr. Correia and, at a minimum, greatly bears on the witnesses' credibility. Ms. Coelho has limited her request by excluding information relating to any benefits received by the former employees or information pertaining to health or medical care or medical leave. Accordingly, this request is proper and necessary.

## III.    CONCLUSION

Wal-Mart's refusal to produce clearly relevant and discoverable information and documents in this case is without legal basis. Wal-Mart's continued refusal to provide information and produce documents known to exist is similarly without justification. Accordingly, this Court should allow Plaintiff's Motion to Compel Discovery.

Respectfully Submitted,

Rebecca Coelho

By her attorneys,


/S/ John F. Tocci
John F. Tocci, Esq., BBO# 562139
Amanda B. Shipley, Esq., BBO#655844
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, Massachusetts 02110
(617) 542-6200

Dated:  April 6, 2006

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| REBECCA COELHO,<br><br>          Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br>CHAD GAUCHER,<br>RUDI ECKERMAN,<br>WARREN "BODIE" MOORE, and<br>KEVIN CORREIA,<br><br>          Defendants. | CIVIL ACTION NO. 05-10703-RWZ |

## RULE 37 AND LOCAL RULE 37.1 CERTIFICATE

I, John F. Tocci, counsel for plaintiff, hereby certify that: (1) I have conferred with defendant's counsel on March 15, 2006 and March 20, 2006 by facsimile and regular mail in an effort to secure discovery without court action and that while the parties were partially successful in narrowing their differences, the foregoing disputes remain; and (2) plaintiff has complied with the provisions of L.R. 37.1.


        /S/ John F. Tocci
John F. Tocci


        April 6, 2006
Date

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| REBECCA COELHO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 05-10703-RWZ |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| CHAD GAUCHER, | ) | |
| RUDI ECKERMAN, | ) | |
| WARREN "BODIE" MOORE, and | ) | |
| KEVIN CORREIA, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO THE DEFENDANT WAL-MART STORES, INC.

Pursuant to Fed. R. Civ. P. 33 and the Definitions and Instructions set forth herein and in Rule 26.5 of the Local Rules for the United States District Court for the District of Massachusetts, the Plaintiff in the above-referenced matter, Rebecca Coelho, hereby requests that the above-referenced Defendant, Wal-Mart Stores, Inc., answer the following Interrogatories separately and fully in writing under the penalties of perjury within the time set forth in Fed. R. Civ. P. 33.

## DEFINITIONS

1.      The terms "Plaintiff", "Ms. Coelho" or "Rebecca Coelho" mean the above-referenced plaintiff, Rebecca Coelho, and includes her agents, attorneys, assigns, other representatives, and/or any other person or entity acting for her or on her behalf, or under her direct or indirect control.

things in your possession, custody, or control that in any way refer or relate to the information

sought by these Interrogatories.

4. Each interrogatory is to be construed as asking for the source of any information

provided in your answer thereto, including the identification of each person from whom you

obtained any information provided in your answer and a description of any documents or

tangible things relied upon by you in making your answer. Unless otherwise specifically so

stated in your answer, your answer will be deemed a statement by you or upon your own

personal knowledge.

5. These interrogatories shall be deemed continuing, so as to require additional answers

if you obtain any further information that is responsive to one or more interrogatory between the

time these interrogatories are served and the time of trial of the above-captioned actions.

6. Estimates or approximations should be given, but only when precise data cannot be

supplied. Any estimates or approximations should be designed as such and should include a

statement as to the reason precise data cannot be supplied.

7. If you claim that work-product protection, attorney-client privilege or any other

privilege is applicable to any information that is responsive to any interrogatory, provide the

following additional information:

    a.      the nature of the privilege claimed;

    b.      the identity of the originator or author of the document or communication for which the privilege is claimed;

    c.      the identity of each recipient of the document or communication; and

    d.      a summary of the contents of the document or communication claimed to be privileged.

## INTERROGATORIES

Ms. Coelho demands that Wal-Mart answer the following interrogatories under oath:

Interrogatory No. 1:

Please identify the person or persons responding to these interrogatories on behalf of Wal-Mart and each person who was consulted or who provided information for the responses to these interrogatories, including such person's relationship to Wal-Mart, his/her name, business address, job title, home telephone number, business telephone number, and cellular telephone number.

Interrogatory No. 2:

Please state the time period during which Wal-Mart employed the Defendant Kevin Correia in its East Falmouth, Massachusetts location or any other location, providing the title and/or titles held by Kevin Correia during his Wal-Mart employment.

Interrogatory No. 3:

Please describe in detail any and all duties and responsibilities of Kevin Correia for each job title held by him and identified in Interrogatory No. 2.

Interrogatory No. 4:

Please describe in detail the reason(s) for Kevin Correia's separation of employment from Wal-Mart.

Interrogatory No. 5:

Please identify, including name, Wal-Mart position held, current or last known home address, current or last known home telephone number, current or last known business telephone number, and current or last known cellular telephone number, all employees who worked at the Wal-Mart store located in East Falmouth, Massachusetts, during the period of defendant Kevin Correia's employment at that store.

Interrogatory No. 6:

Please state whether Wal-Mart provided sexual harassment training to its employees during the period of January 1, 2003 through December 31, 2003.

Interrogatory No. 7

If the answer to Interrogatory No. 6 is in the affirmative, please describe such program(s) in detail.

Interrogatory No. 20:

Please provide the name, current or last known address and current or last known telephone number of all individuals to whom Mr. Moore spoke in attempting to "collaborate [sic]" Ms. Coelho's complaint that Kevin Correia was interested in her romantically, as he explains that he did in his statement, attached as Exhibit 9 to Wal-Mart's "Answer, Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination, Docket No. 04-BEM-01857.

Interrogatory No. 21:

Please identify all persons with knowledge of any of the factual allegations alleged in the Answer. In the answer, state the person's full name, current or last known residential address, current or last known business address, home telephone number, business telephone number, and cellular telephone number, employer and title, and state the facts known by each such person.

Interrogatory No. 22:

Please identify each person whom you intend to call as a witness at the trial of this action. Provide the witness' full name, current or last known residential address, current or last known business address, home telephone number, business telephone number, and cellular telephone number, employer and title, and summarize the anticipated testimony of each such witness.

Interrogatory No. 23:

Please state whether Wal-Mart posted any poster or other notice to employees regarding their rights to be free from sexual harassment in the workplace at its East Falmouth store from July 1, 2003 through December 31, 2003, and if so, where it posted the notice.

Respectfully Submitted,

Rebecca Coelho,

By her Attorneys,

John F. Tocci, Esq., BBO# 562139
Amanda B. Shipley, Esq., BBO# 655844
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, MA 02110
(617) 542-6200

July 12, 2005

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand/mail) on 7/12/05

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REBECCA COELHO, ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> WAL-MART STORES, INC., ) <br> CHAD GAUCHER, ) <br> RUDI ECKERMAN, ) <br> WARREN "BODIE" MOORE, and ) <br> KEVIN CORREIA, ) <br><br> Defendants. ) | CIVIL ACTION NO. 05-10703-RWZ |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO THE DEFENDANT WAL-MART STORES, INC.

Pursuant to Fed. R. Civ. P. 34 and the Definitions and Instructions set forth herein, the Plaintiff in the above-referenced matter, Rebecca Coelho, hereby requests that the above-referenced Defendant, Wal-Mart Stores, Inc., produce and permit the inspection and copying, at the offices of Tocci, Goss & Lee, 35 India Street, 5th Floor, Boston, Massachusetts 02110, as required by law, all documents in its possession, custody, or control that are identified or described herein.

## DEFINITIONS

1.      The terms "Plaintiff", "Ms. Coelho" or "Rebecca Coelho" mean the above-referenced plaintiff, Rebecca Coelho, and includes her agents, attorneys, assigns, other representatives, and/or any other person or entity acting for her or on her behalf, or under her direct or indirect control.

2.      The terms "you", "your", "Defendant", "Wal-Mart Stores, Inc." or "Wal-Mart" mean the above-referenced defendant Wal-Mart Stores, Inc. and includes its current and former affiliates, partners, predecessor or successor corporations, officers, directors, employees, agents, accountants, assigns, attorneys, other representatives, and/or any other person or entity acting for them or on their behalf, or under their direct or indirect control.

3.      The terms "communication", "document", "identify", "person", "concerning" and "state the basis" shall have the meanings ascribed by Rule 26.5 of the Local Rules for the United States District Court for the District of Massachusetts.

## INSTRUCTIONS

1.      You are requested to produce all documents in your custody, possession or control, including all documents that are in the custody of your servants, attorneys, consultants, accountants or agents, regardless of the location of such documents.

2.      If you object to any of the specific Requests for Production set forth below, please state the precise grounds for your objection(s) with particularity.  If any objection rests in whole or in part on a claim of privilege, the privilege claimed should be stated and all facts and all documents relied upon in support of such claim shall be stated or identified, with particularity.

3.      In the event that you object to, or claim a privilege with respect to any Instruction or Request For Production, in whole or in part, you are requested to produce all documents (or portions thereof) requested in that portion of the Request for Production as to which you have no objection or claim of privilege.

4.      With respect to each document withheld from production on any basis whatsoever, please state or identify: (a) the date of the document; (b) the document's author(s) or originator(s) and any persons involved in creating the document; (c) the title and duties of the

author(s) or originators(s) and all persons involved in creating the document; (d) all recipients of the document and all persons coming into possession of the documents; (e) the subject matter(s) of the document; (f) the number of pages of the document; and (g) the precise basis, in detail, for the privilege claimed or the objection made with respect to the document.

5.     In the event that you are able to provide only some of the documents responsive to a Request for Production within the allotted time, you are requested to produce the documents which can be produced and to state the reason for your asserted inability to provide the remaining documents.  Once the remaining responsive documents are obtained, those documents should be produced promptly at a mutually agreeable time.

6.     If any document responsive to a Request For Production was, but no longer is, in your possession, custody or control, please identify that document and state whether any such document (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily; or (d) has been otherwise disposed of, and, in each instance, please explain in detail the circumstances surrounding any such disposition thereof.

7.     This First Request for Production of Documents shall be deemed continuing so as to require an immediate supplemental response if any additional responsive documents are discovered, located, identified or obtained after you complete production of documents responsive to this Request for Production of Documents.

8.     Unless otherwise stated in an individual request, each request for production seeks any and all documents created or modified on or after January 1, 2002.

# REQUESTS FOR PRODUCTION

Request No. 1

Please produce copies of any and all documents concerning Ms. Coelho's separation of employment from Wal-Mart.

Request No. 2

Please produce copies of any and all documents, relating to any formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against Wal-Mart which alleges discriminatory conduct on the basis of gender or alleging sexual harassment or illegal retaliation by Wal-Mart from January 1, 2002 through the present date.

Request No. 3

Please produce copies of any and all documents concerning Ms. Coelho's employment at Wal-Mart, including, but not limited to, her personnel records, and all correspondence by or between Wal-Mart employees or agents concerning Ms. Coelho.

Request No. 4

Please produce copies of any and all documents concerning Kevin Correia's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined by M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Kevin Correia and any and all correspondence by or between Wal-Mart employees or agents concerning Kevin Correia. Also include any formal or informal complaints lodged against Kevin Correia by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.

Request No. 5

Please produce copies of any and all documents concerning Chad Gaucher's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined by M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Mr. Guacher and any and all correspondence by or between Wal-Mart employees or agents concerning Mr. Guacher. Also include any formal or informal complaints lodged against Mr. Gaucher by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.

Request No. 6

Please produce copies of any and all documents concerning Rudi Eckerman's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined pursuant to M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Mr. Eckerman and any and all correspondence by or between

Wal-Mart employees or agents concerning Mr. Eckerman.   Also include any complaints lodged against Mr. Eckerman by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.  Also include any and all documents concerning Mr. Eckerman's transfer to a Texas Wal-Mart location.

Request No. 7

Please produce copies of any and all documents concerning Warren "Bodie" Moore's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined pursuant to M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Mr. Moore and any and all correspondence by or between Wal-Mart employees or agents concerning Mr. Moore.   Also include any complaints lodged against Mr. Moore by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.  Also include any and all documents relating to Mr. Moore's transfer to a Georgia Wal-Mart location.

Request No. 8

Please produce copies of all statements and/or affidavits, signed or unsigned concerning the subject matter of Ms. Coelho's claim.

Request No. 9

Please produce copies of all documents which Wal-Mart intends to introduce in evidence at the trial of this matter.

Request No. 10

Please produce copies of any and all correspondence and/or documents concerning Ms. Coelho not produced pursuant to a prior request.

Request No. 11

Please produce copies of any and all correspondence and/or documents concerning Kevin Correia not produced pursuant to a prior request.

Request No. 12

Please produce copies of any and all documents reflecting or relating to any formal or informal written or unwritten rules, policies, practices or procedures relating to discrimination on the basis of gender and/or sexual harassment, in effect at Wal-Mart from January 1, 2002 through the present.

Request No. 13

Please produce copies of Wal-Mart's policy or policies, if any, concerning sexual or other harassment in the workplace and/or gender discrimination in the workplace effective July 1, 2003 through December 31, 2003.

Request No. 14

Please produce copies of any and all materials Wal-Mart distributed to its employees at its East Falmouth Store, not including the Computer Based Learning training, from January 1, 2003 through December 31, 2003 relating to sexual harassment and/or gender discrimination.

Request No. 15

Please produce copies of any and all correspondence, notes, notices, memoranda, minutes and other documents in any way supporting or relating to any affirmative defenses asserted by Wal-Mart in this matter.

Request No. 16

Please produce copies of the resume or curriculum vitae of each and every expert you intend to call as a witness in this matter.

Request No. 17

Please produce copies of any and all expert reports relating to this matter regardless of whether you intend to call such expert as a witness in this matter.

Request No. 18

Please produce copies of all documents reviewed and/or relied upon by Wal-Mart in preparing its Answer in this action.

Request No. 19

Please produce copies of any and all diaries, calendars, journals or logs maintained by any Wal-Mart supervisor or manager at its East Falmouth store from January 1, 2003 through the present date.

Request No. 20

Please produce copies of Wal-Mart's quarterly and annual reports, including financial reports, from January 1, 2003 through the present.

Respectfully Submitted,

Rebecca Coelho,

By her Attorneys,

John F. Tocci, Esq., BBO# 562139
Amanda B. Shipley, Esq., BBO# 655844
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, MA 02110
(617) 542-6200

July 12, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on 7/12/05

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| REBECCA COELHO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 05-10703-RWZ |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| CHAD GAUCHER, | ) | |
| RUDI ECKERMAN, | ) | |
| WARREN "BODIE" MOORE, and | ) | |
| KEVIN CORREIA, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT WAL-MART STORES, INC.

Pursuant to Fed. R. Civ. P. 34 and the Definitions and Instructions set forth herein, the Plaintiff in the above-referenced matter, Rebecca Coelho, hereby requests that the above-referenced Defendant, Wal-Mart Stores, Inc., produce and permit the inspection and copying, at the offices of Tocci, Goss & Lee, 35 India Street, 5th Floor, Boston, Massachusetts 02110, as required by law, all documents in its possession, custody, or control that are identified or described herein.

## DEFINITIONS

1.      The terms "Plaintiff", "Ms. Coelho" or "Rebecca Coelho" mean the above-referenced plaintiff, Rebecca Coelho, and includes her agents, attorneys, assigns, other representatives, and/or any other person or entity acting for her or on her behalf, or under her direct or indirect control.

2.      The terms "you", "your", "Defendant", "Wal-Mart Stores, Inc." or "Wal-Mart"

mean the above-referenced defendant Wal-Mart Stores, Inc. and includes its current and former

affiliates, partners, predecessor or successor corporations, officers, directors, employees, agents,

accountants, assigns, attorneys, other representatives, and/or any other person or entity acting for

them or on their behalf, or under their direct or indirect control.

3.      The terms "communication", "document", "identify", "person", "concerning" and

"state the basis" shall have the meanings ascribed by Rule 26.5 of the Local Rules for the United

States District Court for the District of Massachusetts.

## **INSTRUCTIONS**

1.      You are requested to produce all documents in your custody, possession or

control, including all documents that are in the custody of your servants, attorneys, consultants,

accountants or agents, regardless of the location of such documents.

2.      If you object to any of the specific Requests for Production set forth below, please

state the precise grounds for your objection(s) with particularity.  If any objection rests in whole

or in part on a claim of privilege, the privilege claimed should be stated and all facts and all

documents relied upon in support of such claim shall be stated or identified, with particularity.

3.      In the event that you object to, or claim a privilege with respect to any Instruction

or Request For Production, in whole or in part, you are requested to produce all documents (or

portions thereof) requested in that portion of the Request for Production as to which you have no

objection or claim of privilege.

4.      With respect to each document withheld from production on any basis

whatsoever, please state or identify: (a) the date of the document; (b) the document's author(s) or

originator(s) and any persons involved in creating the document; (c) the title and duties of the

author(s) or originators(s) and all persons involved in creating the document; (d) all recipients of the document and all persons coming into possession of the documents; (e) the subject matter(s) of the document; (f) the number of pages of the document; and (g) the precise basis, in detail, for the privilege claimed or the objection made with respect to the document.

5.      In the event that you are able to provide only some of the documents responsive to a Request for Production within the allotted time, you are requested to produce the documents which can be produced and to state the reason for your asserted inability to provide the remaining documents.  Once the remaining responsive documents are obtained, those documents should be produced promptly at a mutually agreeable time.

6.      If any document responsive to a Request For Production was, but no longer is, in your possession, custody or control, please identify that document and state whether any such document (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily; or (d) has been otherwise disposed of, and, in each instance, please explain in detail the circumstances surrounding any such disposition thereof.

7.      This First Request for Production of Documents shall be deemed continuing so as to require an immediate supplemental response if any additional responsive documents are discovered, located, identified or obtained after you complete production of documents responsive to this Request for Production of Documents.

8.      Unless otherwise stated in an individual request, each request for production seeks any and all documents created or modified on or after January 1, 2002.

## REQUESTS FOR PRODUCTION

Request No. 21

Please produce copies of any and all personnel records as "personnel records" are defined by M.G.L. c. 149, § 52C for the following former Wal-Mart employees:  Dave Eckert, Andrea Dupre, Jason Lunn, and Corey Silva. The Plaintiff does not request information regarding the Wal-Mart benefits the former employees may have received or information regarding health or medical care or medical leave, which may be excised from the records.


Respectfully Submitted,

Rebecca Coelho,

By her Attorneys,


John F. Tocci, Esq., BBO# 562139
Amanda B. Shipley, Esq., BBO# 655844
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, MA  02110
(617) 542-6200


March 9, 2006
/15

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on 3/15/06

# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| REBECCA COELHO,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., RUDI<br>ECKERMAN, CHAD GAUCHER,<br>WARREN "BODIE" MOORE,<br>and KEVIN CORREIA,<br><br>Defendants. | CIVIL ACTION NO. 05-10703-RWZ |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO WAL-MART STORES, INC.

NOW COMES DEFENDANT, Wal-Mart Stores, Inc., (hereinafter "Defendant" or "Wal-Mart"), and pursuant to Rule 33 of the Federal Rules of Civil Procedure and responds to Plaintiff, Rebecca Coelho's ("Plaintiff" or "Coelho") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.    **Attorney-Client Privilege and Work Product:**  The firm of Skoler, Abbott & Presser, P.C. has conducted interviews and communicated with Defendant and its agents and employees for the purpose of rendering professional legal services in preparation for this litigation. Such communications and related documents, including without limitation, attorneys' notes, summaries of interviews and drafts and correspondence to and from counsel, are subject to the attorney-client privilege or constitute litigation or trial preparation materials subject to the provisions of Fed. R. Civ. P. 26(b)(3).  Defendant objects to Plaintiff's interrogatories to the extent that they seek information subject to the attorney-client privilege or the work-product doctrine.

2.    **Cumulative Interrogatories:**  Defendant objects to Plaintiff's interrogatories to the extent that they are cumulative.

3.    **Vagueness, Overbreadth, Burdensomeness and Irrelevance:**  Defendant objects to Plaintiff's interrogatories to the extent they are vague, overly broad and unduly burdensome, seek information which is not relevant to the subject matter involved in the pending action and are not reasonably calculated to lead to the discovery of relevant evidence.

4.    <u>Sensitive Business Information</u>:  Defendant objects to Plaintiff's interrogatories to the extent they seek confidential, proprietary or sensitive business information and confidential information pertaining to third parties, disclosure of which would violate third parties' privacy rights.

5.    Defendant objects to the definition of the terms "Defendant," "Wal-Mart Stores, Inc." and "Wal-Mart," on the ground that they are overly broad, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence because they are not limited to including only the East Falmouth, MA Store where Plaintiff worked.

Each of these General Objections is incorporated into each of the following Answers to Interrogatories:

1.  <u>Please identify the person or persons responding to these interrogatories on behalf of Wal-Mart and each person who was consulted or who provided information for the responses to these interrogatories, including such person's relationship to Wal-Mart, his/her name, business address, job title, home telephone number, business telephone number, and cellular telephone number.</u>

OBJECTION:  Defendant objects to this interrogatory on the ground that the date of birth, residential address, residential telephone number, and cellular telephone number of the responder are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this request on the ground that providing such information would violate the responder's privacy interests.

ANSWER:   Subject to and without waiving his objections, Defendant states as follows: Warren Bodie Moore; Store Manager, Wal-Mart Stores, Inc., 15078 US Highway 19, Thomasville, GA 31757; business telephone (229)-227-1938.

2.  <u>Please state the time period during which Wal-Mart employed the Defendant Kevin Correia in its East Falmouth, Massachusetts location or any other location, providing the title and/or titles held by Kevin Correia during his Wal-Mart employment.</u>

ANSWER:  Defendant employed Mr. Correia only at Store 3561, East Falmouth, MA. He was employed at that Store from August 13, 2003 through March 25, 2004 as a Salesfloor Associate.

3.  <u>Please describe in detail any and all duties and responsibilities of Kevin Correia for each job title held by him and identified in Interrogatory No. 2.</u>

ANSWER:   As Salesfloor Associate, Mr. Correia worked in Defendant's Automotive and Furniture Departments until December 8, 2003 at which time he transferred to the Electronics Department.  A copy of the job description of Salesfloor Associate, which identifies the duties and responsibilities of that position, is attached hereto as Response to Interrogatory 3.

2

4. <u>Please describe in detail the reason(s) for Kevin Correia's separation of employment from Wal-Mart.</u>

OBJECTION: Defendant objects to this interrogatory on the ground that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory on the ground that providing such information would violate the privacy interests of the individual involved. Defendant will respond to this interrogatory only upon the execution of a mutually acceptable confidentiality agreement.

5. <u>Please identify, including name, Wal-Mart position held, current or last known home address, current or last known home telephone number, current or last known business telephone number, and current or last known cellular telephone number, all employees who worked at the Wal-Mart store located in East Falmouth, Massachusetts, during the period of defendant Kevin Correia's employment at that store.</u>

OBJECTION: Defendant objects to this interrogatory on the ground that providing home information and cellular telephone numbers of the individuals identified would violate their privacy interests. Defendant further objects to this interrogatory on the ground that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Defendant will respond to this interrogatory only upon the execution of a mutually acceptable confidentiality agreement.

6. <u>Please state whether Wal-Mart provided sexual harassment training to its employees during the period of January 1, 2003 through December 31, 2003.</u>

ANSWER: Yes.

7. <u>If the answer to Interrogatory No. 6 is in the affirmative, please describe such program(s) in detail.</u>

OBJECTION: Defendant objects to this interrogatory on the ground that it is not limited to such training that was provided to individuals employed at the location where Plaintiff worked and, as a result, is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving its objections, Defendant states that it has produced in response to Plaintiff's First Request for Production, documents describing such program(s) in detail. Additionally, each of the individual Defendants, in response to the interrogatories served upon him, described other sexual harassment training programs provided to them.

8.  Please describe any and all sexual harassment, gender discrimination, and/or retaliation complaints or charges filed against Wal-Mart with any court or government agency in the United States since January 1, 2002 through the present date. Include in your answer, the court or administrative agency in which said complaints were filed, the named parties and docket or administrative charge numbers for each such complaint or charge.

OBJECTION:  Defendant objects to this interrogatory on the ground that it is burdensome, overly broad, irrelevant, immaterial and not likely to lead to the discovery of admissible evidence. Providing documents, if any, concerning each and every allegation pertaining to gender discrimination, harassment and/or retaliation made by anyone against Defendant would be unduly burdensome and wholly irrelevant in that the mere asserting of an issue or filing of a charge or claim does not evidence any discrimination or other wrongdoing on Defendant's part. Defendant also objects to this interrogatory on the ground that providing the requested information would violate the privacy rights of any individuals identified.

ANSWER:  Subject to and without waiving its objections, the Defendant is willing to respond relating to each instance in which Defendant's East Falmouth, MA Store was found to have violated M.G.L. Ch. 151B or Title VII of the Civil Rights Act of 1964, or an employment law, whether by the MCAD, EEOC, or a judge or jury of the Commonwealth of Massachusetts and the U.S. District Court for the District of Massachusetts: None. Further answering, Defendant states that other than the claim asserted by Ms. Coelho, there have been no other formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against Wal-Mart's East Falmouth, MA store which alleges discriminatory conduct on the basis of gender or alleging sexual harassment or illegal retaliation by personnel employed with that Store from January 1, 2002 through the present date.

9.  Please describe any and all complaints, either formal or informal, made to management at the East Falmouth, Massachusetts Wal-Mart regarding any inappropriate behavior, including, but not limited to, harassing behavior, of or by Wal-Mart employees at that location from January 1, 2002 through the present date. For each complaint described, please provide the date of the complaint, the name, address and telephone number of the complainant and describe any responsive actions taken by Wal-Mart to address the complaint(s).

OBJECTION:  See objection to Interrogatory 8.

ANSWER:  See Answer to Interrogatory 8.

10. Please describe the procedure(s), if any, to which Wal-Mart employees adhered or were required to adhere in complaining to management regarding a work condition at its East Falmouth, Massachusetts location from January 1, 2003 through December 31, 2003.

OBJECTION:  Defendant objects to this interrogatory on the ground that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence in that

4

it is not limited to any relevant "work condition." Defendant also objects to this Interrogatory on the ground that "adhered to" is vague and ambiguous.

ANSWER:  Subject to and without waiving his objections and to the extent this interrogatory is understood, Defendant states that Wal-Mart associates were not required to adhere to any particular procedure in complaining to management regarding "work conditions" at its East Falmouth, MA location from January 1, 2003 through December 31, 2003.  Further answering, Defendant states that associates could complain about "work conditions" or any other issue through Wal-Mart's Open Door Policy to any salaried member of management and could utilize Wal-Mart's Ethic's hotline to anonymously inform Wal-Mart of the complaint about a "work condition."

11. Please describe the procedure, if any, to which members of Wal-Mart management adhered or were required to adhere in addressing complaints by lower-level employees regarding a work condition at its East Falmouth, Massachusetts location from January 1, 2003 through December 31, 2003.

OBJECTION:  Defendant objects to this interrogatory on the ground that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant "work condition." Defendant also objects to this Interrogatory on the ground that "adhered to" is vague and ambiguous.

ANSWER:  Subject to and without waiving his objections and to the extent this interrogatory is understood, Defendant states that the procedure that management would follow would depend on many factors, including the "work condition" that was being complained about.  Policies produced in response to Plaintiff's First Request for Production of Documents to Wal-Mart set forth guidelines for addressing various types of complaints about "work conditions," such as PD – 19 – Investigating Sexual Harassment – An Outline.

12. Please describe in detail the incident occurring on or about October 29, 2003 and identified by Wal-Mart on page 5 of its "Answer, Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination, Docket No. 04-BEM-01857, whereby Wal-Mart states that "Ms. Coelho complained [to management] that associates Jason Lunn from Sporting Goods and Kevin Correia from Electronics each had asked her for a hug," including any and all steps taken by Wal-Mart to address the situation and/or to avoid future similar situations.

ANSWER:  A description of the complaint, including any and all steps taken by Wal-Mart to address Ms. Coelho's concerns and/or to avoid future hugging of female associates can be found in the statements of Mr. Eckerman, Mr. Gaucher and Mr. Moore, copies of which were produced in response to Interrogatory 5 to Plaintiff's First Set of Interrogatories served on each individual defendant as well as in Mr. Correia's statement, a copy of which was produced in response to Interrogatory 7 to the interrogatories served on Mr. Gaucher.

13. Please state the dates of any and all harassment prevention training, not including computer training, at the Wal-Mart East Falmouth, Massachusetts location conducted from January 1, 2002 through the present date.

ANSWER:  Assistant Store Manager, Ty White, held a meeting of all male associates in or about November, 2003 regarding harassment prevention.

14. Please describe in detail Wal-Mart's understanding of any and all interactions between Ms. Coelho and Kevin Correia on December 7, 2003, including all participants and all conversations relating thereto.

OBJECTION:  Defendant objects to this interrogatory on the ground that it is vague and ambiguous. Defendant further objects to this interrogatory on the ground that it is not limited to any relevant subject matter and, as such, is overly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence

ANSWER:  Subject to and without waiving its objections and to the extent this interrogatory is understood, Defendant responds as follows:  See Statement of Kevin Correia, a copy of which was produced in response to Interrogatory 7 to the interrogatory responses Plaintiff served on Mr. Gaucher.  Mr. Correia's version of the events was supported by witnesses who had been in the Associate Lounge during the argument between Mr. Correia and Ms. Coelho on December 7, 2003.  Accordingly, Wal-Mart has a good faith belief that Mr. Correia's version of the interactions between him and Ms. Coelho on December 7, 2003, which was supported by witnesses, is what occurred between the two on that day.

15. Please describe in detail Wal-Mart's understanding of any and all interactions between Ms. Coelho and Kevin Correia on December 8, 2003, including all participants and all conversations relating thereto.

OBJECTION:  Defendant objects to this interrogatory on the ground that it is vague and ambiguous.  Defendant further objects to this interrogatory on the ground that it is not limited to any relevant subject matter and, as such, is overly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER:  Subject to and without waiving its objections and to the extent this interrogatory is understood, Defendant states that on or about that date Mr. Moore overheard Ms. Coelho tell Mr. Correia that she needed someone to hold her hair up and pat her on the back.

16. Please describe in detail the events of December 10, 2003 involving Ms. Coelho and Kevin Correia, including all participants and all conversations relating thereto, that resulted in the separation of Ms. Coelho's employment from Wal-Mart.

6

OBJECTION:  Defendant objects to this interrogatory on the ground that it is vague and ambiguous.  Defendant further objects to this interrogatory on the ground that it is not limited to any relevant subject matter and, as such, is overly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER:  Subject to and without waiving its objections and to the extent this interrogatory is understood, Defendant states that it is unaware of any "events" of December 10, 2003, involving Ms. Coelho and Mr. Correia.

17. Please describe in detail any and all oral or written complaints made by East Falmouth, Massachusetts Wal-Mart employees or customers regarding Kevin Correia including the dates of such complaints and the name, current or last known address and current or last known telephone number of the individual who registered the complaint.

ANSWER:  Defendant is aware of no other complaint, other than that asserted by Plaintiff, made by East Falmouth, MA Wal-Mart associates or customers regarding Kevin Correia.

18. Please state the basis for Wal-Mart's conclusion that Ms. Coelho was partially responsible for the argument with Kevin Correia in the break room on or about December 7, 2003 as set forth in Wal-Mart's "Answer, Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination, Docket No. 04-BEM-01857.

ANSWER:  See answer to Interrogatory 14.

19. Please provide the name, current or last known address and current or last known telephone number of all individuals interviewed by Wal-Mart regarding the alleged argument between Kevin Correia and Ms. Coelho on December 7, 2003 to which Mr. Gaucher refers in his statement, attached as Exhibit 6 to Wal-Mart's "Answer, Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination, Docket No. 04-BEM-01857, as "other associates."

OBJECTION:  Defendant objects to this interrogatory on the ground that residential addresses, residential telephone numbers and cellular telephone numbers are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that providing such information would violate the privacy interests of those identified.  Defendant further objects to this request on the ground that it is unduly burdensome to the extent that this information previously has been provided to Plaintiff.  Defendant will produce the last known home addresses and phone numbers of former associates only upon the execution of a mutually acceptable confidentiality agreement.

ANSWER:  Subject to and without waiving its objections, Defendant states that Mr. Gaucher has not been able to recall the identities of the "other associates."

20. Please provide the name, current or last known address and current or last known telephone number of all individuals to whom Mr. Moore spoke in attempting to "collaborate [sic]" Ms. Coelho's complaint that Kevin Correia was interested in her romantically, as he explains that he did in his statement, attached as Exhibit 9 to Wal-Mart's "Answer, Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination, Docket No. 04-BEM-01857.

OBJECTION:  Defendant objects to this interrogatory on the ground that residential addresses, residential telephone numbers and cellular telephone numbers are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that providing such information would violate the privacy interests of those identified.  Defendant further objects to this request on the ground that it is unduly burdensome to the extent that this information previously has been provided to Plaintiff.  Defendant will produce the last known home addresses and phone numbers of former associates only upon the execution of a mutually acceptable confidentiality agreement.

ANSWER:   Subject to and without waiving its objections, Defendant states that the identities of the persons with whom Mr. Moore spoke are set forth in his Statement, a copy of which was attached to his interrogatory responses.

21. Please identify all persons with knowledge of any of the factual allegations alleged in the Answer.  In the answer, state the person's full name, current or last known residential address, current or last known business address, home telephone number, business telephone number, and cellular telephone number, employer and title, and state the facts known by each such person.

OBJECTION:  Defendant objects to this interrogatory on the ground that residential addresses, residential telephone numbers and cellular telephone numbers are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that providing such information would violate the privacy interests of those identified.  Defendant further objects to this request on the ground that it is unduly burdensome to the extent that this information previously has been provided to Plaintiff.  Defendant will produce the last known home addresses and phone numbers of former associates only upon the execution of a mutually acceptable confidentiality agreement.

ANSWER:  Subject to and without waiving his objections, Defendant states that the individuals identified in these interrogatory responses and in Defendant Wal-Mart Stores, Inc.'s Initial Disclosures, are likely to have knowledge of the facts alleged in the Answer as set forth therein.

22. <u>Please identify each person whom you intend to call as a witness at the trial of this action.  Provide the witness' full name, current or last known residential address, current or last known business address, home telephone number, business telephone number, and cellular telephone number, employer and title, and summarize the anticipated testimony of each such witness.</u>

OBJECTION:  Defendant objects to this interrogatory on the ground that residential addresses, residential telephone numbers and cellular telephone numbers are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that providing such information would violate the privacy interests of those identified.  Defendant further objects to this request on the ground that it is unduly burdensome to the extent that this information previously has been provided to Plaintiff.  Defendant will produce the last known home addresses and phone numbers of former associates only upon the execution of a mutually acceptable confidentiality agreement.

ANSWER: Subject to and without waiving his objections, Defendant states that it has not determined who it intends to call as a witness at trial.

23. <u>Please state whether Wal-Mart posted any poster or other notice to employees regarding their rights to be free from sexual harassment in the workplace at its East Falmouth store from July 1, 2003 through December 31, 2003, and if so, where it posted the notice.</u>

ANSWER:  Yes.  Defendant posted the notice in the Associate Lounge.

AS TO OBJECTIONS:

_Marylou Fabbo_

Marylou Fabbo, Esq.
BBO #566613
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel.:  (413) 737-4753/Fax: (413) 787-1941

Dated:  August 12, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on August 12, 2005.

_Marylou Fabbo_

Marylou Fabbo, Esq.

9

## <u>VERIFICATION</u>

I, Warren Bodie Moore, being duly sworn state the following: that I have read the foregoing answers to Plaintiff's First Set of Interrogatories Served on Wal-Mart Stores, Inc., and that they are true to my knowledge and belief.

Signed under the pains and penalties of perjury:

Warren Bodie Moore
Store Manager
Wal-Mart Stores, Inc.

10

# EXHIBIT 5

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REBECCA COELHO, )<br><br>Plaintiff, )<br><br>v. )<br><br>WAL-MART STORES, INC.,<br>CHAD GAUCHER,<br>RUDI ECKERMAN,<br>WARREN "BODIE" MOORE, and<br>KEVIN CORREIA, )<br><br>Defendants. ) | CIVIL ACTION NO. 05-10703-RWZ |

## WAL-MART STORES, INC.'S RESPONSES TO
## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds to Plaintiff, Rebecca Coelho's (hereinafter "Plaintiff" or "Ms. Coelho") first request for production of documents as follows:

### GENERAL OBJECTIONS

1.      Defendant objects to this Request for Production to the extent it imposes obligations beyond the scope of the discovery obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, and other applicable law.

2.      The law firm of Skoler, Abbott & Presser, P.C. has conducted interviews and communicated with Defendant and its agents and employees for the purpose of rendering professional legal services in the preparation of this litigation.  Such communications and related documents, including attorneys' notes, summaries of interviews, and drafts and correspondence to and from counsel, are subject to the attorney-client privilege or constitute litigation or trial preparation materials subject to the provisions of Fed. R. Civ. P. 26(b) (3).  Defendant objects to this request for production to the extent it seeks materials protected by the attorney-client privilege or subject to the work product doctrine.

3. Defendant objects to the definition of the terms "Defendant," "Wal-Mart Stores, Inc." and "Wal-Mart," on the ground that they are overly broad, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence because they are not limited to including only the East Falmouth, MA Store where Plaintiff worked.

Each of these General Objections is incorporated into each of the following Responses to Plaintiff's First Request for Production of Documents:

Request No. 1:  Please produce copies of any and all documents concerning Ms. Coelho's separation of employment from Wal-Mart.

OBJECTION:  Defendant objects to this Request on the ground that it is vague and ambiguous.

RESPONSE:  Subject to and without waiving its objection, Defendant refers Plaintiff to the documents produced to Ms. Coelho's on September 10, 2004, in response to his September 3, 2004, request for Plaintiff's personnel file and other documents.  See also Document labeled, " Response 1," which is the Ethics Ticket from Ms. Coelho's December 12, 2003 telephone call to Wal-Mart's Ethics Hotline.

Request No. 2:  Please produce copies of any and all documents, relating to any formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against Wal-Mart which alleges discriminatory conduct on the basis of gender or alleging sexual harassment or illegal retaliation by Wal-Mart from January 1, 2002 through the present date.

OBJECTION:  Defendant objects to this request on the ground that it is overly broad, unduly burdensome, irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.  Providing documents, if any, concerning each and every allegation pertaining to gender discrimination, harassment and/or retaliation made by anyone against Defendant at any of its locations would be unduly burdensome and wholly irrelevant in that the mere asserting of an issue or filing of a charge or claim does not evidence any discrimination or other wrongdoing on Defendant's part.  Defendant further objects to this request on the ground that providing such information would violate the privacy rights of the individuals involved therein.

RESPONSE:  Defendant states that subject to and without waiving its objections, the Defendant is willing to respond relating to each instance in which Defendant's East Falmouth, MA Store was found to have violated M.G.L. Ch. 151B or Title VII of the Civil Rights Act of 1964, or an employment law, whether by the MCAD, EEOC, or a judge or jury of the Commonwealth of Massachusetts and the U.S. District Court for the District of Massachusetts with respect to a claim against the East Falmouth, MA Store and/or by associates who worked at the East Falmouth, MA Store:  Defendant has no responsive documents.  Further answering, Defendant states that other than the claim asserted by Ms. Coelho, there have been no other formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against Wal-Mart's East Falmouth, MA store which alleges discriminatory conduct on the basis of gender or alleging sexual harassment or illegal retaliation by personnel employed with that Store from January 1, 2002 through the present date.  Accordingly, Defendant has no responsive documents.

Request No. 3:  Please produce copies of any and all documents concerning Ms. Coelho's employment at Wal-Mart, including, but not limited to, her personnel records, and all correspondence by or between Wal-Mart employees or agents concerning Ms. Coelho.

OBJECTION:  Defendant objects to this request on the ground that it is vague and ambiguous.  Defendant also objects to this request on the ground that to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE:  Subject to and without waiving its objections and to the extent this interrogatory is understood, see response to Request 1.  Defendant also refers Plaintiff to the other documents produced herewith and/or referenced herein.

Request No. 4:  Please produce copies of any and all documents concerning Kevin Correia's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined by M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Kevin Correia and any and all correspondence by or between Wal-Mart employees or agents concerning Kevin Correia.  Also include any formal or informal complaints lodged against Kevin Correia by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.

OBJECTION:  Defendant objects to this request on the ground that it is vague and ambiguous.  Defendant also objects to this request on the ground that to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that producing such documents would violate the privacy interests of the individual involved.

RESPONSE:  Subject to and without waiving its objections and to the extent this request is understood, Defendant states that it has no documents pertaining to formal or informal complaints lodged against Kevin Correia by Wal-Mart employees or customers or copies of any documents concerning such complaints other than those pertaining to Plaintiff's allegations about him, copies of which previously have been provided to Plaintiff or that are being provided in response to Request 1.

Request No. 5:  Please produce copies of any and all documents concerning Chad Gaucher's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined by M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Mr. Gaucher and any and all correspondence by or between Wal-Mart employees or agents concerning Mr. Gaucher.   Also include any formal or informal complaints lodged against Mr. Gaucher by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.

OBJECTION:  Defendant objects to this request on the ground that it is vague and ambiguous.  Defendant also objects to this request that to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that producing such documents would violate the privacy interests of the individual involved.

RESPONSE:  Subject to and without waiving its objections and to the extent this request is understood, Defendant states that it has no complaints pertaining to formal or informal complaints concerning sexual harassment, discrimination or retaliation or concerning his handling of such complaints, lodged against Mr. Gaucher by Wal-Mart employees or customers or copies of any documents concerning such complaints other than the Statement of Bruce Varney pertaining to Plaintiff's dissatisfaction with Mr. Gaucher's handling of Ms. Coelho's complaint, which statement Plaintiff marked as Exhibit 1 at Mr. Varney's deposition and is already in Plaintiff's possession and the Ethics Hotline Ticket dated 6/4/2004, a copy of which is attached hereto as Response 5.

Request No. 6:  Please produce copies of any and all documents concerning Rudi Eckerman's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined pursuant to M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Mr. Eckerman and any and all correspondence by or between Wal-Mart employees or agents concerning Mr. Eckerman.  Also include any complaints lodged against Mr. Eckerman by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.  Also include any and all documents concerning Mr. Eckerman's transfer to a Texas Wal-Mart location.

OBJECTION:  Defendant objects to this request on the ground that it is vague and ambiguous.  Defendant also objects to this request on the ground that to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that producing such documents would violate the privacy interests of the individual involved.

RESPONSE::  Subject to and without waiving its objections and to the extent this request is understood, Defendant states that it has no documents pertaining to formal or informal complaints concerning sexual harassment, discrimination or retaliation or concerning his handling of such complaints, lodged against Mr. Eckerman by Wal-Mart employees or customers.

Request No. 7:  Please produce copies of any and all documents concerning Warren "Bodie" Moore's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined pursuant to M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Mr. Moore and any and all correspondence by or between Wal-Mart employees or agents concerning Mr. Moore.   Also include any complaints lodged against Mr. Moore by Wal-Mart employees or customers and copies of any and all

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the above document was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on August 12, 2005.

_Marylou Fabbo_

Marylou Fabbo, Esq.

# EXHIBIT 6



August 24, 2005

**Via Facsimile (413) 797-1941**
**and First Class Mail**

Marylou Fabbo, Esq.
Skolar, Abbott & Presser, P.C.
One Monarch Place, Suite 200
Springfield, MA 01144

      Re:    <u>Coelho v. Wal-Mart et al</u>, United States District Court for the District of
                 Massachusetts, Civil Docket No. 05-10703-RWZ

Dear Marylou:

I have received and briefly reviewed the Defendants' Responses to the Plaintiff's Discovery
Requests which, generally speaking, are woefully inadequate and noncompliant with the Federal
Rules of Civil Procedure. I am writing in accordance with Local Rule 37.1 in an attempt to
resolve the following issues related to the Defendants' inadequate discovery responses without
Court intervention. In the spirit of that Rule, I have drafted and appended hereto a
Confidentiality Agreement that should allay some of your clients' concerns.

*Document Request No. 2 to Defendant Wal-Mart Stores, Inc.:* The Defendant's response to this
Request is inadequate. Ms. Coelho requested copies of documents relating to any formal or
informal grievance, complaint, or charge of discrimination alleging gender discrimination, sexual
harassment or illegal retaliation asserted against Wal-Mart at any location. Wal-Mart agreed to
produce documents relating only to complaints made at the East Falmouth Store. Ms. Coelho is
entitled to documents pertaining to any claim against Wal-Mart as set forth in the request, not
simply those pertaining to the East Falmouth store. Such documents not only relate to her claims
by, among other things, demonstrating a pattern and practice of harassment and discrimination,
but clearly support her petition for punitive damages. Please provide the documents as requested.

*Document Request No. 4 to Defendant Wal-Mart Stores, Inc.:* The Defendant's response to this
request is vague and unresponsive. Ms. Coelho requested "any and all documents concerning
Kevin Correia's employment at Wal-Mart." Ms. Coelho specifically included in this request a
demand for all of Mr. Correia's personnel records. Wal-Mart apparently agreed to produce
documents relating only to any complaints lodged against Kevin Correia. Ms. Coelho is
unequivocally entitled to Mr. Correia's personnel records and all other documents pertaining to
Mr. Correia as he is a party and key actor in this matter. Kindly provide the documents as
requested.

*Document Requests 5, 6, and 7 to Defendant Wal-Mart Stores, Inc.:* The Defendant's responses
to these requests are vague and unresponsive. Ms. Coelho requested all documents pertaining to
defendants Chad Gaucher, Rudi Eckerman, and Warren Bodie Moore's employment at Wal-
Mart, including their personnel records. As parties to the matter, Messrs. Gaucher, Eckerman

and Moore's performance and employment history as Wal-Mart's employees is relevant to this litigation. Kindly provide the documents as requested.

*Document Request No. 11 to Defendant Wal-Mart Stores, Inc.:* Again, Ms. Coelho requests any documents not already produced concerning Kevin Correia. Wal-Mart's response referred Ms. Coelho to its answer to No. 4, which as stated above, is vague, evasive and unresponsive. Kindly provide the documents as requested.

*Document Request No. 19 to Defendant Wal-Mart Stores, Inc.:* Ms. Coelho requested any and all diaries, calendars, journals or logs maintained by any Wal-Mart supervisor or manager at its East Falmouth store from January 1, 2003 through the present date. The Defendant's response is inadequate. Ms. Coelho is entitled to receive, and demands copies of, all pages from Mr. Eckerman's and any other management employee's diary, journal or calendar for the requested time period, not just the dates Ms. Coelho is mentioned.

*Interrogatories No. 4, 5, 19, and 20 to Defendant Wal-Mart Stores, Inc.:* Defendant responded that it will respond to these interrogatories upon execution of a mutually acceptable confidentiality agreement. Please see the attached proposed confidentiality agreement for your review. Kindly review the attached document and submit any proposed changes to me no later than Monday, August 29, 2005.

*Interrogatory No. 8 to Defendant Wal-Mart Stores, Inc.:* Ms. Coelho asked for a description of all sexual harassment and gender discrimination complaints filed against Wal-Mart Stores, Inc. in the United States. The Defendant's response is limited to any complaints at the East Falmouth store. Ms. Coelho is entitled to a description of all complaints pertaining to any claim against Wal-Mart as set forth in the interrogatory, not simply those pertaining to the East Falmouth, Massachusetts location. Such information not only relate to her claim by, among other things, demonstrating a pattern and practice of harassment and discrimination, but clearly support her petition for punitive damages. Kindly supplement your response as requested.

*Interrogatory No. 16 to Defendant Wal-Mart Stores, Inc.:* The interrogatory contained a typographical error as to the date. Ms. Coelho intended to ask about the events of December 11, 2003 that resulted in the separation of her employment from Wal-Mart. Please provide Wal-Mart's response accounting for the correction.

*Interrogatory No. 3 to Defendant Chad Gaucher:* Mr. Gaucher's response is incomplete. Ms. Coelho asked for Mr. Gaucher's employment history since January 1, 2000 and Mr. Gaucher only provided his employment history from July 28, 2001. Kindly supplement Mr. Gaucher's response as requested.

Please provide me with your position on these issues no later than September 6, 2005 so that we may possibly avoid court intervention into this matter.

Sincerely,

John F. Tocci

Enclosure

cc:    Rebecca Coelho



February 2, 2006

**VIA FACSIMILE (413) 787-1941
AND FIRST CLASS MAIL**

Marylou Fabbo, Esq.
Skolar, Abbott & Presser, P.C.
One Monarch Place, Suite 200
Springfield, MA  01144

Re:     <u>Coelho v. Wal-Mart et al</u>, United States District Court for the District of
        Massachusetts, Civil Docket No. 05-10703-RWZ

Dear Marylou:

Thank you for your letter dated February 1, 2006.  This shall confirm that the depositions in the
above-referenced matter scheduled for February 9 and 10, 2006 shall commence at 9:30 a.m.
The deposition of Bodie Moore shall commence at 9:30 a.m. on February 9 and we anticipate
Chad Gaucher's deposition commencing at approximately 1:30 p.m.  As we agreed, Rudi
Eckerman's deposition shall commence at 9:30 a.m. on February 10.

As you may recall, one discovery dispute has not yet been resolved between the parties – Ms.
Coehlo's requests for information regarding prior harassment complaints.  We propose
narrowing Ms. Coehlo's discovery requests  -- particularly, Document Request No. 2 and
Interrogatory No. 8 – to resolve this dispute.  As you may recall, Wal-Mart refused to produce
documents and information pursuant to those requests.  Initially, Ms. Coelho sought documents
and information relating to any formal or informal grievance, etc. asserted against Wal-Mart *at
any location*.  We will limit our request to any documents and information relating to any formal
or informal grievance, complaint, or charge of discrimination alleging gender discrimination,
sexual harassment or illegal retaliation asserted against Wal-Mart *at any store in Massachusetts
**and** any store at which any of the Defendants have worked or were responsible for supervision
since January 2002 through one full year after their departure from any such store*.  We
therefore request information and documents pertaining to complaints at Wal-Mart store
locations in the Jacksonville, Texas region where we understand Rudi Eckerman has served as
district manager and the Thomasville, Georgia store where Chad Gaucher has been employed.

As you are no doubt aware, prior complaints are discoverable as they may lead to information
regarding Wal-Mart's actual practices in responding to sexual harassment allegations.  This may
prove probative with respect to Wal-Mart's responses to Ms. Coelho's complaints.  Further,
evidence of harassment complaints may be probative of whether Wal-Mart's harassment policy
was inadequate.  Finally, this information clearly supports Ms. Coelho's petition for punitive
damages.

Please also be advised that we require supplemental discovery in light of the deposition testimony provided from October through December, 2005. While we are happy to provide formal requests if necessary, the cooperation of the parties thus far lead me to proceed informally.

First, we would like to depose Richard Souza as several witnesses have now confirmed that concerns regarding Mr. Correia were raised and/or discussed with him. Please advise me whether you have any issue regarding the taking of this deposition and, if not, dates both you and Mr. Souza are available.

Second, in light of David Eckert's, Andrea Duprey's, Jason Lunne's, and Corey Silva's deposition testimony, we would like copies of their personnel records as "personnel records" are defined by M.G.L. c. 149, § 52C as well as any and all documents in any way relating to complaints or concerns they may have raised regarding Mr. Correia. We do not seek information regarding the Wal-Mart benefits they may have received or information regarding health or medical care or medical leave, which may be excised from the records. We do, however, seek all other documents in their personnel records and documents in any way relating to complaints or concerns they may have raised regarding Mr. Correia.

Please feel free to contact me with any questions or concerns.

Sincerely,

John F. Tocci

cc:    Rebecca Coelho



# SKOLER, ABBOTT&PRESSER, P.C.
*Exclusively Representing Management in Labor and Employment Law*

Marylou Fabbo*                                                    Also admitted in Connecticut
MFabbo@skoler-abbott.com

February 23, 2006

John Tocci, Esq.
Tocci, Goss & Lee, P.C.
35 India Street
Boston, MA 02110

Re:  Coelho v. Wal-Mart Stores, Inc. et al.
Civil Docket No. 05-10703-RWZ

Dear John:

        This is in response to your proposed revision of Plaintiff's Document Request No. 2 and Interrogatory No. 8.  As I understand it, Plaintiff suggests "limiting" these requests as follows:  "any documents and information relating to any formal or informal grievance, complaint, or charge of discrimination alleging gender discrimination, sexual harassment or illegal retaliation asserted against Wal-Mart at any store in Massachusetts and any store at which any of the Defendants have worked or were responsible for supervisor since January 2002 through one full year after their departure from any such store."  Although the requests have been narrowed somewhat, we believe they still are not tailored to obtaining information and documents that are material, relevant or reasonably calculated to lead to the discovery of admissible evidence.  Therefore, we are not agreeable to providing all of the information you have requested.

        Specifically, this case alleges sexual harassment and sexual harassment retaliation (constructive discharge) only.  Thus, the generalized "gender" discrimination and retaliation information is not even arguably relevant to Plaintiff's case.  We also cannot agree to provide the information for "any store in Massachusetts."  As you know, this case arises out of the East Falmouth, MA Store.  We do not see how something that happened, for example, in Ware, MA, would be relevant to Ms. Coelho's claims when there is no common management of all such Stores, even at the district level.

        Nonetheless, Wal-Mart would agree to provide sexual harassment and sexual harassment retaliation information for the East Falmouth Store at which Plaintiff worked and any Store at which Mr. Gaucher or Mr. Moore have worked or were responsible for since January, 2002, for the time during which they worked at the Store until one year after they left such Store.  Additionally, we are willing to produce the requested information for the Stores that were under Mr. Eckerman's supervision from January 2002, when he was the District Manager of the East Falmouth Store, until one year after he no longer supervised that District.

SUITE 2000 • ONE MONARCH PLACE • SPRINGFIELD, MA 01144 • 413-737-4753 • FAX 413-787-1941 • *www.skoler-abbott.com*
255 PARK AVENUE • WORCESTER, MA 01605 • 508-757-5335
AFFILIATE OF WORKLAW NETWORK: THE NATIONWIDE NETWORK OF MANAGEMENT LABOR AND EMPLOYMENT LAW FIRMS.

John Tocci, Esq.                                    2                              February 23, 2006

        If this compromise is agreeable to you, please let me know, and I will take steps
to gather the responsive information from Wal-Mart.  However, if you believe there is
any need to discuss this issue further, please contact me after March 6, 2006 as I will be
out of the office until that time.

                                        Sincerely,

                                        Marylou Fabbo

MLF: ls

cc. Wal-Mart Stores, Inc.



# SKOLER, ABBOTT&PRESSER, P.C.
### *Exclusively Representing Management in Labor and Employment Law*

Marylou Fabbo*                                                    Also admitted in Connecticut
MFabbo@skoler-abbott.com

February 23, 2006

John Tocci, Esq.
Tocci, Goss & Lee, P.C.
35 India Street
Boston, MA 02110

Re:  Coelho v. Wal-Mart Stores, Inc. et al.
Civil Docket No. 05-10703-RWZ

Dear John:

  I am writing in response to your recent request to conduct additional discovery in this case.

  There has been an unusually long discovery period in this matter, and, therefore, I am not agreeable to any motion to reopen the discovery period to conduct additional discovery.  As you may recall, the original fact discovery deadline was October 14, 2005, which was seven months after the Complaint had been filed.  On October 5, 2005, at Plaintiff's request, we filed a Joint Motion to extend deadlines, including extending the factual discovery deadline until December 31, 2005.  Judge Zobel endorsed the Motion on October 21, 2005, and she noted in her endorsement that the parties would discuss the Joint Motion we had filed at the upcoming Status Conference.  During the Status Conference on November 2, 2005, we noted that written discovery had been completed but that there were some outstanding issues that the parties needed to address and that the individual defendants' depositions could not be held until early 2006.  Judge Zobel agreed to let us work out the taking of the individual defendants' depositions and set the expert discovery deadline for April 19, 2006.  There was no request or discussion at that time about reopening the discovery period and conducting any additional discovery.  If Plaintiff had any supplemental discovery requests, there appears to be no reason why she could not have served them during the ten-month discovery period and by the deadline of December 31, 2005.

  Also, all additional, new discovery Plaintiff now seeks clearly could have been conducted prior to the extended fact discovery deadline of December 31, 2005.  First, Mr. Souza is not a newly-identified witness.  Plaintiff herself claimed to have gone to Mr. Souza to file a sexual harassment complaint and identified him as a key witness in her June 29, 2005 initial disclosures.  Thus, there was no new revelation that Mr. Souza could be a witness to this matter.  Further, although I am not sure who the "several witnesses" are whom you claim "confirmed" they had concerns with Mr. Correia that they shared with Mr. Souza, it is clear that that information was brought to Plaintiff's attention prior

John Tocci, Esq. 2 February 23, 2006

to the end of the fact discovery deadline as the witnesses were deposed in October and mid-December, 2005. Second, it is unclear as to why Plaintiff would need, several months *after* the depositions of Mr. Eckert, Ms. Dupre, Mr. Lunn and Mr. Silva have taken place, their confidential personnel files or how "all other documents in their personnel records" would be relevant to this matter. Finally, with respect to your February 2, 2006 request that defendants produce "any and all documents in any way relating to complaints or concerns" that may have been raised concerning Mr. Correia, please see Defendant Wal-Mart Stores, Inc.'s Responses to Plaintiff's First Request for Production of Documents at Response 4, which provides you with a response to this previously requested information.

If you believe there is any need to discuss this issue further, please contact me after March 6, 2006 as I will be out of the office until that time.

Sincerely,

Marylou Fabbo

MLF: ls

cc. Wal-Mart Stores, Inc.



March 15, 2006

**VIA FACSIMILE (413) 787-1941
AND FIRST CLASS MAIL**

Marylou Fabbo, Esq.
Skolar, Abbott & Presser, P.C.
One Monarch Place, Suite 200
Springfield, MA 01144

   Re:  <u>Coelho v. Wal-Mart et al</u>, United States District Court for the District of
       Massachusetts, Civil Docket No. 05-10703-RWZ

Dear Marylou:

Thank you for your letters dated February 23, 2006. I am writing in accordance with Local Rule
37.1 in an attempt to resolve the following issues related to our ongoing discovery dispute
without Court intervention.

As we previously indicated, we intend to take the deposition of Richard Souza and we propose
that his deposition take place on Tuesday, April 11, 2006 at 10:00 am. Attached please find a
Notice of Deposition for Richard Souza for that time. Contrary to your assertion, Mr. Souza's
deposition could not be conducted prior to December 31, 2005. Wal-Mart requested that no
depositions be conducted in late November and December, 2005 due to its staffing requirements
during the holiday season. I had a two week trial followed by a week long arbitration in January.
The parties agreed that the individual defendants' deposition would take place in mid-February.
It was only after the employee witness depositions that Mr. Souza's role as a key player in this
case was fully revealed. Our initial informal request to depose Mr. Souza was made on February
2, 2006, prior to the individual defendants' depositions. I anticipated that there would be no
problem scheduling Mr. Souza's deposition at that time as he is still employed by Wal-Mart in
the Commonwealth and we had three other Wal-Mart employees to depose at that time. It is
therefore timely that we seek to depose Mr. Souza at this time. It is my understanding that you
are not agreeable to producing Mr. Souza for this deposition. Please advise me if this remains
the case, as I will proceed with filing an appropriate motion.

Also, attached please find a formal document request for the personnel files of Mr. Eckert, Ms.
Dupre, Mr. Lunn and Mr. Silva. The information requested is clearly relevant. Information in
their personnel files is material and greatly bears, at least, on their credibility. Any delay in this
request was caused, in part, by the fact that it took more than six weeks to produce the deposition
transcripts, which we wished to review prior to the request. Again, we do not seek information
regarding the Wal-Mart benefits they may have received or information regarding health or
medical care or medical leave, which may be excised from the records. We do seek the
remainder of their personnel files as "personnel records" are defined by M.G.L. c. 149, § 52C.

Finally, we renew our modified Document Request No. 2 and Interrogatory No. 8. The
information requested is clearly discoverable as it may lead to information regarding Wal-Mart's

practices, as an institution, in responding to sexual harassment allegations. We feel that we have been reasonable in limiting the request to the state of Massachusetts and those stores at which the individual defendants have worked since January, 2002. Please advise us as to whether Wal-Mart will produce documents/information relevant to this request. In the event that Wal-Mart will not produce the requested documents/information, we will proceed with filing an appropriate motion and reserve our right to broaden the request.

Please provide me with your position on these issues no later than March 20, 2005 so that we may possibly avoid court intervention into this matter.

Sincerely,

John F. Tocci

cc:     Rebecca Coelho



# SKOLER, ABBOTT&PRESSER, P.C.
*Exclusively Representing Management in Labor and Employment Law*

Marylou Fabbo*                                              Also admitted in Connecticut
MFabbo@skoler-abbott.com

March 20, 2006

**BY FACSIMILE AND REGULAR MAIL**

John Tocci, Esq.
Tocci, Goss & Lee, P.C.
35 India Street
Boston, MA 02110

Re: <u>Coelho v. Wal-Mart Stores, Inc. et al.</u>

Dear Mr. Tocci:

Wal-Mart is agreeable to producing Mr. Souza for deposition, and I have confirmed Mr. Souza's availability for his deposition on April 11, 2006 at 10:00 a.m. at your Boston office.

Our position regarding Plaintiff's Document Request No. 2 and Interrogatory 8 as set forth in my February 23, 2006 correspondence to you remains unchanged even after further consideration. Considering the lack of common management of all stores in Massachusetts, even at the district level, and the fact that this case arises out of sexual harassment and sexual harassment retaliation not general gender discrimination or other types of retaliation allegations, we are not agreeable to producing the broad, irrelevant information requested for all stores in Massachusetts.

Sincerely,

*Marylou Fabbo*

Marylou Fabbo

MLF: ls

cc. Wal-Mart Stores, Inc.