UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

REBECCA COELHO,

               Plaintiff,

vs.

WAL-MART STORES, INC., RUDI
ECKERMAN, CHAD GAUCHER,
WARREN "BODIE" MOORE,
and KEVIN CORREIA,

               Defendants.

CIVIL ACTION NO. 05-10703-RWZ

## WAL-MART'S OPPOSITION TO PLAINTIFF'S
## MOTION TO COMPEL DISCOVERY

The Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), hereby responds to Plaintiff's Motion to Compel Discovery dated April 6, 2006.[1] Plaintiff's request for documents and information pertaining to claims that are not similar to her claims in this lawsuit and from Stores in Massachusetts that have absolutely no connection with any of the issues involved in this case should be denied.

I.    Relevant Factual Background

This is a single plaintiff case arising out of Rebecca Coelho's approximately five-month employment, which ended in December 2003, with the Wal-Mart Store located in East Falmouth, Massachusetts. In her three-count Complaint arising under Title VII and Mass. Gen. Laws ch. 151B, Plaintiff alleges sexual harassment, aiding and abetting sexual harassment, retaliation for protesting sexual harassment and constructive discharge from employment.

---

[1] Although the Motion states that it was served on Defendant on April 6, 2006, Defendant actually was served electronically on April 7, 2006.

Specifically, Plaintiff alleges that she was sexually harassed by co-worker, Kevin Correia.  Plaintiff also alleges that she reported the sexual harassment to East Falmouth Store management and the East Falmouth Store's District Manager, all of whom purportedly aided and abetted the alleged harassment, retaliated against her and failed to take prompt remedial action, which resulted in her constructive discharge.  Plaintiff has asserted this lawsuit against the corporate defendant Wal-Mart, former East Falmouth Store Manager Warren Bodie Moore, former East Falmouth Assistant Store Manager Chad Gaucher, and former District Manager overseeing the East Falmouth Store, Rudy Eckerman.[2]  Plaintiff does *not* contend she is a member of a class of similarly-situated women, does not allege pattern and practice discrimination, nor has she maintained a general gender discrimination lawsuit suggesting men were given preferential treatment at Wal-Mart.  (*See* Complaint).

Nationwide, Wal-Mart has approximately 3800 facilities in the United States.  The East Falmouth Wal-Mart Store alone employs approximately 214 associates at one time.  During Ms. Coelho's employment, its organizational hierarchy consisted of Assistant Managers who reported to a Store Manager who reported to a District Manager.  The District Manager whose office was at the East Falmouth Store, Defendant Eckerman, supervised six Wal-Mart Stores, all of which were in Southeastern, MA.  They were as follows:  East Falmouth, Wareham, Fairhaven, North Dartmouth, Fall River and Swansea.  The Stores that were not in Mr. Eckerman's district were overseen by other Wal-Mart District Managers.  None of those other District Managers know of Plaintiff, were aware of any of her alleged complaints, or in any manner affected any of the terms and conditions in her employment.  (Affidavit of Warren Bodie Moore, Exhibit 1).  Indeed, Plaintiff alleges that the highest level

---

[2] Additionally, Plaintiff named the alleged harasser, Kevin Correia, as a Defendant, but she did not serve him with the complaint.

of management to whom she complained about the alleged sexual harassment and was Mr. Eckerman, District Manager. There have been no allegations of wrongdoing at any level above Mr. Eckerman's level of management. (*See* Complaint)

II.    <u>History of Disputed Discovery Requests</u>

There are three discovery requests that are purportedly disputed and the subject of Plaintiff's Motion to Compel: (1) *Interrogatory No. 8* of Plaintiff's First Set of Interrogatories Propounded to the Defendant Wal-Mart Stores, Inc.; (2) *Document Request No. 2* of Plaintiff's First Request for Production of Documents to Wal-Mart Stores, Inc.; and (3) Plaintiff's Second Request for Production of Documents in its entirety.

The third item of dispute, Defendant's alleged failure to respond to Plaintiff's Second Request for Production of Documents, can promptly be disposed of as Defendant has responded to said Document request in full. Indeed, that document request was served on Defendant, as noted thereon, on March 15, 2006. The response thereto was not due until 30 days thereafter Fed. R. Civ. P. 34(b). Prior to the expiration of the 30-day period, on April 10, 2006, Defendant served Plaintiff with the responsive documents. (See Exhibit 2, which is a copy of Defendant Wal-Mart Stores, Inc.'s Response to Plaintiff's Second Request for Production of Documents.) At no time did Defendant inform Plaintiff that it would not respond to that document request once it was properly served on Defendant and, it in fact responded to the request fully and in a timely manner. Thus, the only discovery requests over which the parties actually have a dispute are Interrogatory 8 and Document Request 2. (See Exhibit 3, which contains copies of both discovery requests.)

On July 12, 2005, Plaintiff served Interrogatory 8 and Request for Production 2 on Defendant Wal-Mart, and Wal-Mart responded thereto on August 12, 2005 as follows:

**Interrogatory 8:  Please describe any and all sexual harassment, gender discrimination, and/or retaliation complaints or charges filed against Wal-Mart with any court or government agency in the United States since January 1, 2002 through the present date.  Include in your answer, the court or administrative agency in which said complaints were filed, the named parties and docket or administrative charge numbers for each such complaint or charge.**

OBJECTION:  Defendant objects to this interrogatory on the ground that it is burdensome, overly broad, irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.  Providing documents, if any, concerning each and every allegation pertaining to gender discrimination, harassment and/or retaliation made by anyone against Defendant would be unduly burdensome and wholly irrelevant in that the mere asserting of an issue or filing of a charge or claim does not evidence any discrimination or other wrongdoing on Defendant's part.  Defendant also objects to this interrogatory on the ground that providing the requested information would violate the privacy rights of any individuals identified.

ANSWER:  Subject to and without waiving its objections, the Defendant is willing to respond relating to each instance in which Defendant's East Falmouth, MA Store was found to have violated M.G.L. Ch. 151B or Title VII of the Civil Rights Act of 1964, or an employment law, whether by the MCAD, EEOC, or a judge or jury of the Commonwealth of Massachusetts and the U.S. District Court for the District of Massachusetts:  None.  Further answering, Defendant states that other than the claim asserted by Ms. Coelho, there have been no other formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against Wal-Mart's East Falmouth, MA store which alleges discriminatory conduct on the basis of gender or alleging sexual harassment or illegal retaliation by personnel employed with that Store from January 1, 2002 through the present date.

**Request No. 2:  Please produce copies of any and all documents, relating to any formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against Wal-Mart which alleges discriminatory conduct on the basis of gender or alleging sexual harassment or illegal retaliation by Wal-Mart from January 1, 2002 through the present date.**

OBJECTION:  Defendant objects to this request on the ground that it is overly broad, unduly burdensome, irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.  Providing documents, if any, concerning each and every allegation pertaining to gender discrimination, harassment and/or retaliation made by anyone against Defendant at any of its locations would be unduly burdensome and wholly irrelevant in that the mere asserting of an issue or filing of a charge or claim does not evidence any discrimination or other wrongdoing on Defendant's part.  Defendant further objects to this request on the ground that providing such information would violate the privacy rights of the individuals involved therein.

<u>RESPONSE:</u>  Defendant states that subject to and without waiving its objections, the Defendant is willing to respond relating to each instance in which Defendant's East Falmouth, MA Store was found to have violated M.G.L. Ch. 151B or Title VII of the Civil Rights Act of 1964, or an employment law, whether by the MCAD, EEOC, or a judge or jury of the Commonwealth of Massachusetts and the U.S. District Court for the District of Massachusetts with respect to a claim against the East Falmouth, MA Store and/or by associates who worked at the East Falmouth, MA Store:  Defendant has no responsive documents.  Further answering, Defendant states that other than the claim asserted by Ms. Coelho, there have been no other formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against Wal-Mart's East Falmouth, MA store which alleges discriminatory conduct on the basis of gender or alleging sexual harassment or illegal retaliation by personnel employed with that Store from January 1, 2002 through the present date.  Accordingly, Defendant has no responsive documents.

(See Exhibit 4, which contains copies of Wal-Mart's responses to both discovery requests.)

Thus, as can be seen, in August 2005, Defendant provided information pertaining to complaints at the East Falmouth Store.  Contrary to Plaintiff's assertion in its Memorandum, Defendant did not supplement Interrogatory 8 or Document Request 2 when it supplemented its discovery responses in September, 2005.  (See Exhibit 5, Defendant Wal-Mart's Supplemental Responses to Plaintiff's First Request for Production of Documents.)

In fact, Defendant, in correspondence dated September 2, 2005, (a copy of which is at Exhibit 6), stated as follows:

> "Wal-Mart does not intend to supplement Document Request 2 and Interrogatory 8.  These seek information pertaining to all sexual harassment, gender discrimination and/or retaliation claims against Wal-Mart asserted over a multi-year period anywhere in the United States.  Wal-Mart Stores, Inc. has numerous divisions throughout the United States, and, as you are likely aware, thousands of stores in the US.  Thus, it would be ridiculously burdensome to search for and produce the information and documents requested particularly not worthwhile considering the lack of relevance to this case which arises solely out of the East Falmouth, MA store.  Frankly, we do not see how mere allegations of sexual harassment at any store in this country are in any manner relevant to the present action.  If you have any case law supporting your entitlement to such far-reaching discovery, please forward it to my attention, and I will review it."

Defendant did not receive the requested case law supporting Plaintiff's countrywide request for documents and information from thousands of stores, nor did Plaintiff otherwise respond to Defendant regarding this issue.  Subsequently, Plaintiff maintained in writing and in a telephone conversation that she still wanted information as to all other complaints of harassment and confirmed at that time that she was still looking for said formal and informal complaints for <u>every</u> Wal-Mart Store in the United States, despite the fact that there are thousands of Wal-Mart Stores in the United States.

On February 2, 2006, Plaintiff for the first time, narrowed her discovery requests, seven months after they were served.  Rather than requesting documents and information from every Wal-Mart Store in the United States,  Plaintiff was now seeking discovery of "any documents and information relating to any formal or informal grievance, complaint or charge of discrimination alleging gender discrimination, sexual harassment or illegal retaliation asserted against Wal-Mart *at any store in Massachusetts **and** at any store at which any of the Defendants have worked or were responsible for supervision since January 2002 through one full year after their departure from any such store.*"  Contrary to Plaintiff's Memorandum at page 5, at no time did Plaintiff's modification request information and documents pertaining to "any store in New England (Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, Vermont."  (See Exhibit 7, which is a copy of the February 2, 2006 Letter from John F. Tocci to Marylou Fabbo.)

On February 23, 2006, Defendant wrote Plaintiff a two-page letter explaining that although the discovery requests had been narrowed somewhat, Defendant believed that they still were not sufficiently tailored to obtaining relevant information and documents.

Defendant explained its position in detail.  Further, Defendant proposed a reasonable compromise:

> "Nonetheless, Wal-Mart would agree to provide sexual harassment and sexual harassment retaliation information for the East Falmouth Store at which Plaintiff worked and any Store at which Mr. Gaucher or Mr. Moore have worked or were responsible for since January, 2002, for the time during which they worked at the Store until one year after they left such Store. Additionally, we are willing to produce the requested information for the Stores that were under Mr. Eckerman's supervision from January 2002, when he was the District Manager of the East Falmouth Store, until one year after he no longer supervised that District."

(See Exhibit 8, which is a copy of February 23, 2006 correspondence to John Tocci from Marylou Fabbo).  The parties communicated further after February 23, 2006 regarding Interrogatory 8 and Document Request 2; however, their positions did not change.

Defendant has informed Plaintiff that it is willing to produce sexual harassment and sexual harassment retaliation information and documents for the East Falmouth Wal-Mart Store at which Plaintiff worked and the Wal-Mart Stores that the individual Defendants Moore and Gaucher worked at from the time they worked at such stores until one year after they ceased to work at or supervise those Stores.  Defendant has also informed Plaintiff that it would produce sexual harassment and sexual harassment retaliation information and documents for all Wal-Mart Stores that were under Mr. Eckerman's oversight at the time he oversaw the East Falmouth Store as District Manager.  The Defendant's position would require the production of information as to eight Wal-Mart Stores that currently employ approximately 2300 associates.  The 2300 associate count is only the estimated count of associates at one time.  Defendant would be producing information spanning over a several year time period, making the scope of its search quite more expansive.  The Stores involved would be as follows:  Falmouth, MA (approximately 214 associates); Fairhaven, MA

(approximately 216 associates); Wareham, MA (approximately 221 associates); North

Dartmouth, MA (approximately 270 associates); Swansea, MA (approximately 196

associates); Fall River, MA (approximately 265 associates); Lisbon, CT (approximately 515

associates); and Thomasville, GA (approximately 363 associates).  Defendant's purported

solution to the discovery dispute is consistent with applicable law regarding the scope of

discovery permissible from employers pertaining to other claims.

II.    Legal Discussion

Discovery of matter not reasonably calculated to lead to the discovery of admissible

evidence is not within the scope of Fed. R. Civ. P. 26(b)(1).  Though the scope of discovery

is broad, it is not unlimited.  If the Plaintiff has failed to specify how the information is

relevant, and a court cannot determine how the information sought is relevant, it will not

require a defendant to produce the information.  Gheesling v. Chater, 162 F.R.D. 649, 650

(D. Kan. 1995).  Further, even if relevant, discovery under Rule 26 is not without limits.  It is

within the court's discretion to limit discovery if it determines, among other things, the

burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P.

26(b)(2).  Much of the information and documents Plaintiff seeks is irrelevant, immaterial

and not reasonably calculated to lead to the discovery of admissible evidence.  It also would

pose an undue burden on Defendant to require the search and production of such information

and documents for so many Stores which have no connection whatsoever to the issues in this

lawsuit.

A.    Plaintiff's Requests for Categories of Irrelevant Information should be Denied.

Although this is a case arising out of alleged sexual harassment and retaliation for

protesting sexual harassment, Plaintiff broadly seeks discovery of information related to

claims of *all* forms of gender discrimination and claims of *all* types of retaliation. Despite Defendant pointing out the irrelevance of this information to Plaintiff's case, Plaintiff maintains that such information is relevant, yet has proffered no argument in support of that position. Defendant fails to see how, for example, a claim by an associate in the Springfield, MA Wal-Mart Store that he was retaliated against for filing a claim with the Attorney General's office for missing a lunch break, (if such claim existed), would in any manner be likely to lead to the discovery of admissible evidence in this case. Similarly, the fact that an associate in New Bedford, MA may claim that he was denied a promotion because he is a male, which would be a claim of "gender discrimination," has absolutely nothing to do with whether Plaintiff was sexually harassed or retaliated against at the East Falmouth Store. Interrogatories and document requests must seek information regarding complaints *of the same type at issue* in a lawsuit to be relevant. Laurenzano v. Lehigh Valley Hosp., Inc., 2001 WL 849713, *2 (E.D. Pa. 2001) (permitting discovery of information regarding complaints *of the same type* at issue in the lawsuit before it against the same department). Thus, at most, arguably discoverable information is that information that is related to other claims of sexual harassment or retaliation for protesting sexual harassment, which are the claims asserted in this lawsuit.

B.      Plaintiff Has Not Made A Particularized Showing of Relevance or Need to Support her Alleged Need for Discovery from All Stores In Massachusetts.

Even if the discovery requests were limited to other claims of sexual harassment or retaliation for protesting sexual harassment, Plaintiff has made no showing that mere allegations, formal or informal, of sexual harassment or sexual harassment retaliation at stores other than the East Falmouth Store at which she worked or other than Stores where the individual Defendants worked or supervised would be relevant or reasonably calculated to

lead to the discovery of admissible evidence.  Plaintiff has not alleged the culpable

involvement (by action or inaction) of any management personnel outside the East Falmouth

Store.  Rather, her claims are specifically that management at the East Falmouth Store,

namely Mr. Eckerman, Mr. Moore and/or Mr. Gaucher, aided and abetted Mr. Correia's

alleged sexual harassment of her by failing to take action and that they retaliated against her

for complaining about sexual harassment.  What an associate may have claimed happened at

some Store under some other Manager's supervision or in another District in Massachusetts

is completely irrelevant to Plaintiff's claims that these three individuals wronged her.

Accordingly, Plaintiff's discovery request that seeks information beyond what Defendant has

agreed to provide is overly broad.  Haselhorst v. Wal-Mart Stores, Inc., 163 F.R.D. (D. Kan.

1995).  This is a fishing expedition that the Court should prohibit.

     The case law is clear:  In employment discrimination cases, discovery is limited to

information about employees in the same department or office unless the plaintiff makes a

showing of a more particularized need for, and the likely relevance of, broader information.

Chavez v. Daimlerchrysler Corp., 206 F.R.D. 615 (S.D. Ind. 2002);  James v. Newspaper

Agency Corp., 591 F.2d 579, 582 (10th Cir. 1979); Serina v. Albertson's, Inc., 128 F.R.D.

290, 291-92 (M.D. Fla. 1989); Prouty v. National Railroad Passenger Corp., 99 F.R.D. 545,

547 (D.D.C. 1983).  When the employment decisions are made locally, discovery is properly

limited to the employing unit.  Scales v. J.C. Bradford and Co., 925 F.2d 901, 907 (6th Cir.

1991); Early v. Champion Int'l Corp., 907 F.2d 1077, 1084.  The analysis courts use in other

individual employee lawsuits against their employers is applicable here:

> "In the context of investigating an individual complaint [alleging
> discrimination] the most natural focus is upon the source of the complained of
> discrimination – the employing unit or work unit  . . ."  Where, as  here, the
> employment decisions were made locally, discovery on intent may be limited

to the employing unit . . . . A vague possibility that loose and sweeping discovery might turn up something suggesting [discrimination] does not show particularized need and the likely relevance that would require moving discovery beyond the natural focus of the inquiry."

Early, 907 F.2d at 1084-85.

Indeed, courts consistently refuse to entertain fishing expeditions that consist of sweeping discovery requests related to complaints of discrimination at locations beyond where plaintiff worked or the accused supervised. Childs v. Slater, 1998 WL 429849, *4 (D.D.C. 1998) ("[S]eeking information about all discrimination actions filed against an entire agency sweeps too broadly. Such a request involves cases which have nothing to do with plaintiff's division or branch or the supervisors she accuses of discriminatory conduct and which, are, therefore, irrelevant to plaintiff's action."); James v. Newspaper Agency Corp., 591 F.2d 579 (10th Cir. 1979)(limiting discovery in gender discrimination case to plaintiffs department); Marshall v. Westinghouse Elec. Corp., 576 F.2d 588, 592 (5th Cir. 1978) (holding that where individual case of disparate treatment is alleged, focus in discovery should be on employing unit or work unit); Epling v. UCB Films, Inc., 2001 WL 584355, *4-5 (D. Kan. 2001) (affirming magistrate's conclusion that "plaintiff's had not shown a particularized need and relevance for the plant-wide discovery."); Carman v. McDonnell Douglas Corp., 114 F.3d 790, 792 (8th Cir. 1997) (affirming district court's ruling limiting plaintiff's discovery to division in which he worked); Lee v. Executive Airlines, Inc., 31 F. Supp.2d 1355, 1356 (S.D. Fla. 1998) (denying discrimination plaintiff's motion to compel company-wide discovery; discovery limited to facility at which plaintiff worked); Onwuka v. Federal Express Corp., 178 F.R.D. 508, 516-18 (D. Minn. 1997)(denying plaintiff's request for nationwide discovery and limiting discovery to facility where plaintiff worked); Cisko v. Commonwealth Edison Co., 67 F.E.P. Cases (BNA) 1630 (N.D. Ill. 1995) (denying

plaintiff's motion to compel company-wide discovery and limiting discovery to department where plaintiff worked); National Org. for Women v. Sperry Rand, 88 F.R.D. 272, 278 n. 8 (D. Conn. 1980) (discovery limited to facilities where plaintiff was employed and had requested transfers).

Although Plaintiff claims that discovery of information pertaining to all claims of sexual harassment, gender discrimination and retaliation are justified by the fact that Wal-Mart has a nationally-issued anti-harassment policy, Plaintiff seems to misunderstand that Defendant, like all companies, acts through the people it employs. Thus, while Plaintiff has sued Wal-Mart, the corporate entity, she does so only on the basis of actions taken by individuals employed by Wal-Mart at its facility in East Falmouth, MA, namely the individually-named Defendants. There is no allegation that any person outside of the East Falmouth, MA store engaged in action or inaction that forms the basis of the instant lawsuit against Defendant. Accordingly, Plaintiff has failed to demonstrate "particularized" need for the requested statewide information and documents.

Perhaps the most significant factor supporting Defendant's position is the fact that the cases cited at pages 5-7 of Plaintiff's Memorandum in purported support of her motion to compel actually support Defendant's position that evidence of other complaints at other locations than where Plaintiff worked would be discoverable only if there is a particularized factual showing of their relevance and/or the cases do not stand for the principles for which they are cited.[3]

---

[3] Plaintiff states that, "Wal-Mart's refusal to produce clearly relevant and discoverable information and documents in this case is without legal basis," (Plaintiff's Memo. at 8), and requests costs and attorneys' fees associated with her Motion. Defendant requests that the Court deny Plaintiff's request for costs and attorneys' fees because if any party has failed to come forward with a legal basis for its position it is Plaintiff, not Defendant, which has cited numerous cases that support its position.

First, the very first case cited by Plaintiff, <u>Malloy v. Wang Lab</u>, 95 F.R.D. 488 (D. Mass. 1982), does not stand for the proposition for which Plaintiff cites it, namely that "Courts in Massachusetts and other jurisdictions have allowed discovery from defendants regarding complaints of discrimination filed by other employees." To the contrary, in that case the *defendant*, not the plaintiff, was seeking information pertaining to other claims *the plaintiff* had filed. At most, the court mentions, (although it was not an issue in the case before it), there is *conflicting* law as to whether Plaintiff's can discover from defendants information regarding discrimination complaints filed by other employees against the same defendant. <u>Id.</u> at 491.

Second, in <u>Miller v. Doctor's General Hosp.</u>, 76 F.R.D. 136 (W.D. Okl. 1977), also cited by Plaintiff in support of her argument that the court should require Wal-Mart to turn over the information for all stores in Massachusetts, the court actually holds that the interrogatories which sought information concerning civil rights complaints filed against the hospital with either the United States government or the state of Oklahoma sought information which *was not relevant* to the issues in the lawsuit before it. Thus, the court actually *denied* the Plaintiff's Motion to Compel country-wide and state-wide discovery of other claims. <u>Id.</u> at 139-40.

Third, the court in <u>Longo v. Dayton Hudson Corp.</u>, 1996 WL 219702 (N.D. Ill. 1996), also cited by the Plaintiff, *refused* to require defendant to produce information concerning "any other charges, notices or complaints of sexual harassment, either oral or written, and whether formal or informal, by any employee or agent of defendant within the past five (5) years at any of its locations within this judicial district, including any charges filed with any state or federal agency, such as the Illinois Department of Human Rights or

United States Equal Employment Opportunity Commission." Indeed, Dayton Hudson objected to the request on several grounds similar to those upon which Wal-Mart has objected to the even broader request served on it. Dayton Hudson noted that request would have required Defendant to produce information for 44 Stores that employed over 18,000 employees. Dayton Hudson had expressed willingness to produce responsive material limited to the store at which Plaintiff had worked. Noting, *inter alia*, that the plaintiff, like the Plaintiff in the present case, had failed to allege the culpable involvement of any management personnel outside the store where plaintiff worked, the court concluded that evidence concerning complaints of sexual harassment at other of defendant's stores was *not* relevant or reasonably calculated to lead to the discovery of admissible evidence. Id. at *2.

Fourth, in Butta-Brinkman v. FCA Int'l, Ltd., 164 F.R.D. (N.D. Ill. 1995), in a factually barren written decision, the Court upheld a Magistrate's ruling that FCA provide the plaintiff with information relating to sexual harassment complaints at the company during the preceding years. However, in that case the court opinion provides no information on how many locations the defendant maintained, how many employees it employed overall, or whether the company's anti-harassment policy was implemented at a central location other than where plaintiff had worked. Id. at 476; *see also* McIntyre v. Main Street and Main, Inc. d/b/a Fridays, 2000 U.S. Dist. LEXIS 19617 *16, 84 Fair Empl. Prac. Cas. (BNA) 1032 (N.D. Ca. 2000)(allowing state-wide discovery of other discrimination complaint *only* because defendant failed to make a factual showing of undue burden). Applying the logic both from the other cases Defendant cites in support of its opposition and the cases Plaintiff cites in support of her motion, it would not be unreasonable to assume that the defendant in Butta-Brinkman, would not have been unduly burdened by producing the information and/or

14

the anti-harassment policy was implemented at a central location. Unfortunately, however, the court's brief opinion does not set forth the basis for its holding.

In yet additional cases cited by Plaintiff, the courts refused to allow discovery of claims at locations other than where Plaintiff worked. Indeed, the federal court in Governale v. Airborne Express, Inc., 1997 WL 1948951 (E.D.N.Y. 1997) and 1998 WL 1748517 (E.D.N.Y. 1998) limited plaintiff's ability to obtain documents pertaining to other employees' claims of sexual harassment *to the Airborne office in which plaintiff worked*. As noted by the magistrate, "[f]or other employees' claims to be relevant . . . they would have to be claims made within the office where plaintiff worked." Governale, 1997 WL 1948951 at *1.

Finally, in Shearin v. Safelite Glass Corp., 1998 U.S. DIST. LEXIS 8115 (E.D.N.C. 1998), also cited by Plaintiff, the court allowed Plaintiff's motion to compel as to other claims of sexual harassment and discrimination at the plant where plaintiff worked and as to any other location that reported directly to corporate headquarters. The court reached this conclusion because the plaintiff demonstrated that her department reported directly to defendant's corporate headquarters rather than to the management at the plant where she worked and the company investigation was conducted by corporate headquarters. Id. at *5-6. The Plaintiff in the present case has made no such allegation or showing. She alleges to have reported to management at the East Falmouth Store at which she worked. That management reported to Defendant Rudy Eckerman, District Manager, whom Plaintiff also alleges to have complained to about Mr. Correia. There is no showing that the current Plaintiff brought her issues to any higher level of management than Mr. Eckerman or that an investigation was conducted at some central headquarters that oversaw all of Massachusetts Wal-Mart Stores.

In individual employment cases, such as the present case, courts have consistently limited discovery to information about employees in the same department or facility, and have refused to allow plaintiffs company-wide discovery of employers that operate in multiple facilities. Nonetheless, Defendant has gone above and beyond this standard and has offered the compromise of producing information and documents relating to sexual harassment and sexual harassment retaliation claims at the Store where Plaintiff worked <u>and</u> for all the Stores where the individual defendants worked from 2002 until one year after they left that Store. Additionally, Defendant generously offered to provide the same information as to former District Manager Eckerman for all Stores in the District he oversaw while overseeing the East Falmouth store. Searching for this information and related documents, alone, will involve countless hours as it involves eight stores, thousands of employees, and a multi-year time period. Requiring Wal-Mart to produce all such information and documents for all 46 Wal-Mart stores in Massachusetts which employ approximately 10,500 associates (*see Moore Affidavit*), would be unduly burdensome and particularly wasteful considering the fact that such information is irrelevant.

IV.    <u>Conclusion</u>

For all the foregoing reasons, Defendant, Wal-Mart Stores, Inc., respectfully requests that the Court deny Plaintiff's Motion to Compel in whole. Alternatively, if the Court deems additional discovery appropriate, Wal-Mart requests that it issue an order requiring Defendant to produce only the following: "Sexual harassment and sexual harassment retaliation information for the East Falmouth Store at which Plaintiff worked and any Store at which Mr. Gaucher or Mr. Moore have worked or were responsible for since January, 2002,

for the time during which they worked at the Store until one year after they left such Store,

and the same information for the Stores that were under Mr. Eckerman's supervision from

January 2002, when he was the District Manager of the East Falmouth Store, until one year

after he no longer supervised that District.

<div style="margin-left:50%">

Respectfully Submitted,

_/s/ Marylou Fabbo_____
Marylou Fabbo, Esq.
BBO No. 566613
Counsel for Defendants
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
</div>

Dated:  April 20, 2006                    Tel.:  (413) 737-4753/Fax:  (413) 787-1941

<div style="text-align:center"><u>CERTIFICATE OF SERVICE</u></div>

    I hereby certify that a true and accurate copy of the above document was served upon
the attorney of record for each other party by electronic mail, on April 20, 2006.

<div style="margin-left:50%">

_/s/ Marylou Fabbo_____
Marylou Fabbo, Esq.
</div>

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

REBECCA COELHO,

                  Plaintiff,

vs.

WAL-MART STORES, INC., RUDI
ECKERMAN, CHAD GAUCHER,
WARREN "BODIE" MOORE,
and KEVIN CORREIA,

                  Defendants.

CIVIL ACTION NO. 05-10703-RWZ

**AFFIDAVIT OF WARREN BODIE MOORE**

1. I am over 18 years old.  I have personal knowledge of the facts set forth in this affidavit.

2. At the time of the events alleged in Plaintiffs Complaint, I was the Store Manager at Wal-Mart Stores, Inc. in East Falmouth, MA.  I am currently employed as Store Manager at Wal-Mart Store 889 in Thomasville, GA.

3. Wal-Mart has approximately 3800 facilities in the United States.

4. In Massachusetts alone, Wal-Mart employs approximately 10,500 associates in 46 different Stores.

5. The East Falmouth, MA Wal-Mart Store alone employs approximately 214 associates at one time.

6. During Ms. Coelho's employment Wal-Mart's organizational hierarchy consisted of Assistant Managers who reported to a Store Manager who reported to a District Manager.

7. The District Manager whose office was at the East Falmouth Store, Rudy Eckerman, supervised six Wal-Mart Stores, (including East Falmouth), all of which were in Southeastern, MA. They were as follows: East Falmouth, Wareham, Fairhaven, North Dartmouth, Fall River and Swansea.

8. The Stores that were not in Mr. Eckerman's district were overseen by other Wal-Mart District Managers. None of those other District Managers knew of Plaintiff, were aware of any of her alleged complaints, or in any manner affected any of the terms and conditions in her employment.

9. The approximate number of associates at the following Stores are as follows: East Falmouth, MA (approximately 214 associates); Fairhaven, MA (approximately 216 associates); Wareham, MA (approximately 221 associates); North Dartmouth, MA (approximately 270 associates); Swansea, MA (approximately 196 associates); Fall River, MA (approximately 265 associates); Lisbon, CT (approximately 515 associates); and Thomasville, GA (approximately 363 associates).

Signed under the pains and penalties of perjury:

_Warren Bodie Moore_

Warren Bodie Moore
Store Manager, Wal-Mart Stores, Inc.

Date; April 20, 2006

# EXHIBIT
# 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| REBECCA COELHO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 05-10703-RWZ |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| CHAD GAUCHER, | ) | |
| RUDI ECKERMAN, | ) | |
| WARREN "BODIE" MOORE, and | ) | |
| KEVIN CORREIA, | ) | |
| | ) | |
| Defendants. | ) | |

## WAL-MART STORES, INC.'S RESPONSES TO
## PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds to Plaintiff, Rebecca Coelho's (hereinafter "Plaintiff' or "Ms. Coelho") second request for production of documents as follows:

### GENERAL OBJECTIONS

1.    Defendant objects to this Request for Production to the extent it imposes obligations beyond the scope of the discovery obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, and other applicable law.

2.    The law firm of Skoler, Abbott & Presser, P.C. has conducted interviews and communicated with Defendant and its agents and employees for the purpose of rendering professional legal services in the preparation of this litigation. Such communications and related documents, including attorneys' notes, summaries of interviews, and drafts and correspondence to and from counsel, are subject to the attorney-client privilege or constitute litigation or trial preparation materials subject to the provisions of Fed. R. Civ. P. 26(b) (3). Defendant objects to this request for production to the extent it seeks materials protected by the attorney-client privilege or subject to the work product doctrine.

3. Defendant objects to the definition of the terms "Defendant," "Wal-Mart Stores, Inc." and "Wal-Mart," on the ground that they are overly broad, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence because they are not limited to including only the East Falmouth, MA Store where Plaintiff worked.

Each of these General Objections is incorporated into each of the following Responses to Plaintiffs Second Request for Production of Documents:

Request No. 21:  Please produce copies of any and all Personnel records as "personnel records" are defined by M.G.L. c. 149, § 52C for the following former Wal-Mart employees: Dave Eckert. Andrea Dupre [sic], Jason Lunn, and Corey Silva.  The Plaintiff does not request information regarding the Wal-Mart benefits the former employees may have received or information regarding health or medical care or medical leave, which may be excised from the records.

OBJECTION:  Defendant objects to this request that to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that producing such documents would violate the privacy interests of the individual involved.

RESPONSE:  Subject to and without waiving its objections and to the extent this request is understood, Defendant refers Plaintiff to the confidential personnel files produced herewith. Social security numbers have been redacted.

Respectfully Submitted,

*Marylou Fabbo*

Marylou Fabbo, Esq.
BBO #566613
Counsel for Wal-Mart Stores,  Inc.
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel.:  (413) 737-4753/Fax: (413) 787-1941

Dated:  April 10, 2006

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on April 10, 2006.

*Marylou Fabbo*

Marylou Fabbo, Esq.

# EXHIBIT
# 3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

RECEIVED
JUL 1 3 2005
By_____

| | | |
|---|---|---|
| **REBECCA COELHO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 05-10703-RWZ** |
| | ) | |
| **WAL-MART STORES, INC.,** | ) | |
| **CHAD GAUCHER,** | ) | |
| **RUDI ECKERMAN,** | ) | |
| **WARREN "BODIE" MOORE, and** | ) | |
| **KEVIN CORREIA,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO THE DEFENDANT WAL-MART STORES, INC.

Pursuant to Fed. R. Civ. P. 33 and the Definitions and Instructions set forth herein and in Rule 26.5 of the Local Rules for the United States District Court for the District of Massachusetts, the Plaintiff in the above-referenced matter, Rebecca Coelho, hereby requests that the above-referenced Defendant, Wal-Mart Stores, Inc., answer the following Interrogatories separately and fully in writing under the penalties of perjury within the time set forth in Fed. R. Civ. P. 33.

## DEFINITIONS

1.    The terms "Plaintiff', "Ms. Coelho" or "Rebecca Coelho" mean the above-referenced plaintiff, Rebecca Coelho, and includes her agents, attorneys, assigns, other representatives, and/or any other person or entity acting for her or on her behalf, or under her direct or indirect control.

2.    The term "you", "your", "Defendant", "Wal-Mart Stores, Inc." or "Wal-Mart" mean the above-referenced defendant Wal-Mart Stores, Inc. and includes its current and former affiliates, partners, predecessor or successor corporations, officers, directors, employees, agents, accountants, assigns, attorneys, other representatives, and/or any other person or entity acting for them or on their behalf, or under their direct or indirect control.

3.    The terms "communication", "document", "identify", "person", "concerning" and "state the basis" shall have the meanings ascribed by Rule *26.5* of the Local Rules for the United States District Court for the District of Massachusetts.

## INSTRUCTIONS

1.    Please review each and every instruction set forth below.  If you have not complied fully with any of the instructions in answering an interrogatory, describe the instructions that you have not complied with and the grounds for such non-compliance in your answer to the interrogatory.

2.    Please answer each interrogatory separately and fully in writing under the penalties of perjury, unless objected to, in which event the reasons for the objection must be stated in lieu of the answer in a separate document.

3.    In answering these interrogatories, you are required to provide complete answers. You must include in your answers all information that you know or that is available to you, including any and all information that you can obtain from: (1) making inquiry of your principals, agents, employees, attorneys, representatives, any person acting or purporting to act on your behalf, and any other persons in active concert and participation with you or with them, whether past or present and without regard to whether or not their relationship with you currently exists or has been terminated; and (2) making examination of any and all documents or tangible

things in your possession, custody, or control that in any way refer or relate to the information sought by these Interrogatories.

4.   Each interrogatory is to be construed as asking for the source of any information provided in your answer thereto, including the identification of each person from whom you obtained any information provided in your answer and a description of any documents or tangible things relied upon by you in making your answer.  Unless otherwise specifically so stated in your answer, your answer will be deemed a statement by you or upon your own personal knowledge.

5.   These interrogatories shall be deemed continuing, so as to require additional answers if you obtain any further information that is responsive to one or more interrogatory between the time these interrogatories are served and the time of trial of the above-captioned actions.

6.   Estimates or approximations should be given, but only when precise data cannot be supplied.  Any estimates or approximations should be designed as such and should include a statement as to the reason precise data cannot be supplied.

7.   If you claim that work-product protection, attorney-client privilege or any other privilege is applicable to any information that is responsive to any interrogatory, provide the following additional information:

   a.   the nature of the privilege claimed;

   b.   the identity of the originator or author of the document or communication for which the privilege is claimed;

   c.   the identity of each recipient of the document or communication; and

   d.   a summary of the contents of the document or communication claimed to be privileged.

## ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ )GA ̲ )R ̲ ̲

Ms. Coelho demands that Wal-Mart answer the following interrogatories under oath:

<u>Interrogatory No. 1</u>:

Please identify the person or persons responding to these interrogatories on behalf of Wal-Mart and each person who was consulted or who provided information for the responses to these interrogatories, including such person's relationship to Wal-Mart, his/her name, business address, job title, home telephone number, business telephone number, and cellular telephone number.

<u>Interrogatory No. 2</u>:

Please state the time period during which Wal-Mart employed the Defendant Kevin Correia in its East Falmouth, Massachusetts location or any other location, providing the title and/or titles held by Kevin Correia during his Wal-Mart employment.

<u>Interrogatory No. **3**</u>:

Please describe in detail any and all duties and responsibilities of Kevin Correia for each job title held by him and identified in Interrogatory No. 2.

<u>Interrogatory No. 4</u>:

Please describe in detail the reason(s) for Kevin Correia's separation of employment from Wal-Mart.

<u>Interrogatory No. 5</u>:

Please identify, including name, Wal-Mart position held, current or last known home address, current or last known home telephone number, current or last known business telephone number, and current or last known cellular telephone number, all employees who worked at the Wal-Mart store located in East Falmouth, Massachusetts, during the period of defendant Kevin Correia's employment at that store.

<u>Interrogatory No. *6*</u>:

Please state whether Wal-Mart provided sexual harassment training to its employees during the period of January 1, 2003 through December 31, 2003.

<u>Interrogatory No. 7</u>

If the answer to Interrogatory No. *6* is in the affirmative, please describe such program(s) in detail.

Interrogatory No. 8:

Please describe any and all sexual harassment, gender discrimination, and/or retaliation complaints or charges filed against Wal-Mart with any court or government agency in the United States since January 1, 2002 through the present date. Include in your answer, the court or administrative agency in which said complaints were filed, the named parties and docket or administrative charge numbers for each such complaint or charge.

Interrogatory No. 9:

Please describe any and all complaints, either formal or informal, made to management at the East Falmouth, Massachusetts Wal-Mart regarding any inappropriate behavior, including, but not limited to, harassing behavior, of or by Wal-Mart employees at that location from January 1, 2002 through the present date. For each complaint described, please provide the date of the complaint, the name, address and telephone number of the complainant and describe any responsive actions taken by Wal-Mart to address the complaint(s).

Interrogatory No. 10:

Please describe the procedure(s), if any, to which Wal-Mart employees adhered or were required to adhere in complaining to management regarding a work condition at its East Falmouth, Massachusetts location from January 1, 2003 through December 31, 2003.

Interrogatory No. 11:

Please describe the procedure, if any, to which members of Wal-Mart management adhered or were required to adhere in addressing complaints by lower-level employees regarding a work condition at its East Falmouth, Massachusetts location from January 1, 2003 through December 31, 2003.

Interrogatory No. 12:

Please describe in detail the incident occurring on or about October 29, 2003 and identified by Wal-Mart on page 5 of its "Answer, Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination, Docket No. 04-BEM-01857, whereby Wal-Mart states that "Ms. Coelho complained [to management] that associates Jason Lunn from Sporting Goods and Kevin Correia from Electronics each had asked her for a hug," including any and all steps taken by Wal-Mart to address the situation and/or to avoid future similar situations.

Interrogatory No. 13:

Please state the dates of any and all harassment prevention training, not including computer training, at the Wal-Mart East Falmouth, Massachusetts location conducted from January 1, 2002 through the present date.

Interrogatory No. 14:

Please describe in detail Wal-Mart's understanding of any and all interactions between Ms. Coelho and Kevin Correia on December 7,2003, including all participants and all conversations relating thereto.

Interrogatory No. 15:

Please describe in detail Wal-Mart's understanding of any and all interactions between Ms. Coelho and Kevin Correia on December 8,2003, including all participants and all conversations relating thereto.

Interrogatory No. 16:

Please describe in detail the events of December 10,2003 involving Ms. Coelho and Kevin Correia, including all participants and all conversations relating thereto, that resulted in the separation of Ms. Coelho's employment from Wal-Mart.

Interrogatory No. 17:

Please describe in detail any and all oral or written complaints made by East Falmouth, Massachusetts Wal-Mart employees or customers regarding Kevin Correia including the dates of such complaints and the name, current or last known address and current or last known telephone number of the individual who registered the complaint.

Interrogatory No. 18:

Please state the basis for Walmart's conclusion that Ms. Coelho was partially responsible for the argument with Kevin Correia in the break room on or about December 7,2003 as set forth in Wal-Mart's "Answer, Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination, Docket No. 04-BEM-01857.

Interrogatory No. 19:

Please provide the name, current or last known address and current or last known telephone number of all individuals interviewed by Wal-Mart regarding the alleged argument between Kevin Correia and Ms. Coelho on December 7,2003 to which Mr. Gaucher refers in his statement, attached as Exhibit 6 to Wal-Mart's "Answer, Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination, Docket No. 04-BEM-01857, as "other associates."

Interrogatory No. 20:

Please provide the name, current or last known address and current or last known telephone number of all individuals to whom Mr. Moore spoke in attempting to "collaborate [sic]" Ms. Coelho's complaint that Kevin Correia was interested in her romantically, as he explains that he did in his statement, attached as Exhibit 9 to Wal-Mart's "Answer, Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination, Docket No. 04-BEM-01857.

Interrogatory No. 21:

Please identify all persons with knowledge of any of the factual allegations alleged in the Answer. In the answer, state the person's full name, current or last known residential address, current or last known business address, home telephone number, business telephone number, and cellular telephone number, employer and title, and state the facts known by each such person.

Interrogatory No. 22:

Please identify each person whom you intend to call as a witness at the trial of this action. Provide the witness' full name, current or last known residential address, current or last known business address, home telephone number, business telephone number, and cellular telephone number, employer and title, and summarize the anticipated testimony of each such witness.

Interrogatory No. 23:

Please state whether Wal-Mart posted any poster or other notice to employees regarding their rights to be free from sexual harassment in the workplace at its East Falmouth store from July 1, 2003 through December 31, 2003, and if so, where it posted the notice.

Respectfully Submitted,

Rebecca Coelho,

By her Attorneys,

John F. Tocci, Esq., BBO# 562139
Amanda B. Shipley, Esq., BBO# 655844
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, MA 02110
(617) 542-6200

July 12, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand/mail) on 7/12/05

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

RECEIVED
JUL 1 3 2005
By_____

| | |
|---|---|
| REBECCA COELHO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 05-10703-RWZ |
| | ) |
| WAL-MART STORES, INC., | ) |
| CHAD GAUCHER, | ) |
| RUDI ECKERMAN, | ) |
| WARREN "BODIE" MOORE, and | ) |
| KEVIN CORREIA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO THE DEFENDANT WAL-MART STORES, INC.**

Pursuant to Fed. R. Civ. P. 34 and the Definitions and Instructions set forth herein, the

Plaintiff in the above-referenced matter, Rebecca Coelho, hereby requests that the above-

referenced Defendant, Wal-Mart Stores, Inc., produce and permit the inspection and copying, at

the offices of Tocci, Goss & Lee, 35 India Street, 5th Floor, Boston, Massachusetts 02110, as

required by law, all documents in its possession, custody, or control that are identified or

described herein.

**DEFINITIONS**

1.      The terms "Plaintiff", "Ms. Coelho" or "Rebecca Coelho" mean the above-

referenced plaintiff, Rebecca Coelho, and includes her agents, attorneys, assigns, other

representatives, and/or any other person or entity acting for her or on her behalf, or under her

direct or indirect control.

2.      The terms "you", "your", "Defendant", "Wal-Mart Stores, Inc." or "Wal-Mart" mean the above-referenced defendant Wal-Mart Stores, Inc. and includes its current and former affiliates, partners, predecessor or successor corporations, officers, directors, employees, agents, accountants, assigns, attorneys, other representatives, and/or any other person or entity acting for them or on their behalf, or under their direct or indirect control.

3.      The terms "communication", "document", "identify", "person", "concerning" and "state the basis" shall have the meanings ascribed by Rule 26.5 of the Local Rules for the United States District Court for the District of Massachusetts.

## INSTRUCTIONS

1.      You are requested to produce all documents in your custody, possession or control, including all documents that are in the custody of your servants, attorneys, consultants, accountants or agents, regardless of the location of such documents.

2.      If you object to any of the specific Requests for Production set forth below, please state the precise grounds for your objection(s) with particularity.  If any objection rests in whole or in part on a claim of privilege, the privilege claimed should be stated and all facts and all documents relied upon in support of such claim shall be stated or identified, with particularity.

3.      In the event that you object to, or claim a privilege with respect to any Instruction or Request For Production, in whole or in part, you are requested to produce all documents (or portions thereof) requested in that portion of the Request for Production as to which you have no objection or claim of privilege.

4.      With respect to each document withheld from production on any basis whatsoever, please state or identify: (a) the date of the document; (b) the document's author(s) or originator(s) and any persons involved in creating the document; (c) the title and duties of the

author(s) or originators(s) and all persons involved in creating the document; (d) all recipients of the document and all persons coming into possession of the documents; (e) the subject matter(s) of the document; (f) the number of pages of the document; and (g) the precise basis, in detail, for the privilege claimed or the objection made with respect to the document.

5.      In the event that you are able to provide only some of the documents responsive to a Request for Production within the allotted time, you are requested to produce the documents which can be produced and to state the reason for your asserted inability to provide the remaining documents.  Once the remaining responsive documents are obtained, those documents should be produced promptly at a mutually agreeable time.

6.      If any document responsive to a Request For Production was, but no longer is, in your possession, custody or control, please identify that document and state whether any such document (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily; or (d) has been otherwise disposed of, and, in each instance, please explain in detail the circumstances surrounding any such disposition thereof.

7.      This First Request for Production of Documents shall be deemed continuing so as to require an immediate supplemental response if any additional responsive documents are discovered, located, identified or obtained after you complete production of documents responsive to this Request for Production of Documents.

8.      Unless otherwise stated in an individual request, each request for production seeks any and all documents created or modified on or after January 1, 2002.

## REQUESTS FOR PRODUCTION

Request No. 1

Please produce copies of any and all documents concerning Ms. Coelho's separation of employment from Wal-Mart.

Request No. 2

Please produce copies of any and all documents, relating to any formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against Wal-Mart which alleges discriminatory conduct on the basis of gender or alleging sexual harassment or illegal retaliation by Wal-Mart from January 1,2002 through the present date.

Request No. **3**

Please produce copies of any and all documents concerning Ms. Coelho's employment at Wal-Mart, including, but not limited to, her personnel records, and all correspondence by or between Wal-Mart employees or agents concerning Ms. Coelho.

Request No. 4

Please produce copies of any and all documents concerning Kevin Correia's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined by M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Kevin Correia and any and all correspondence by or between Wal-Mart employees or agents concerning Kevin Correia. Also include any formal or informal complaints lodged against Kevin Correia by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.

Request No. 5

Please produce copies of any and all documents concerning Chad Gaucher's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined by M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Mr. Guacher and any and all correspondence by or between Wal-Mart employees or agents concerning Mr. Guacher. Also include any formal or informal complaints lodged against Mr. Gaucher by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.

Request No. 6

Please produce copies of any and all documents concerning Rudi Eckerman's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined pursuant to M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Mr. Eckerman and any and all correspondence by or between

Wal-Mart employees or agents concerning Mr. Eckerman.    Also include any complaints lodged against Mr. Eckerman by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.  Also include any and all documents concerning Mr. Eckerman's transfer to a Texas Wal-Mart location.

Request No. 7

Please produce copies of any and all documents concerning Warren "Bodie" Moore's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined pursuant to M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Mr. Moore and any and all correspondence by or between Wal-Mart employees or agents concerning Mr. Moore.    Also include any complaints lodged against Mr. Moore by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.   Also include any and all documents relating to Mr. Moore's transfer to a Georgia Wal-Mart location.

Request No. 8

Please produce copies of all statements and/or affidavits, signed or unsigned concerning the subject matter of Ms. Coelho's claim.

Request No. 9

Please produce copies of all documents which Wal-Mart intends to introduce in evidence at the trial of this matter.

Request No. 10

Please produce copies of any and all correspondence and/or documents concerning Ms. Coelho not produced pursuant to a prior request.

Request No. 11

Please produce copies of any and all correspondence and/or documents concerning Kevin Correia not produced pursuant to a prior request.

Request No. 12

Please produce copies of any and all documents reflecting or relating to any formal or informal written or unwritten rules, policies, practices or procedures relating to discrimination on the basis of gender and/or sexual harassment, in effect at Wal-Mart from January 1, 2002 through the present.

<u>Request No. 13</u>

Please produce copies of Wal-Mart's policy or policies, if any, concerning sexual or other harassment in the workplace and/or gender discrimination in the workplace effective July 1, 2003 through December 31,2003.

<u>Request No. 14</u>

Please produce copies of any and all materials Wal-Mart distributed to its employees at its East Falmouth Store, not including the Computer Based Learning training, from January 1, 2003 through December 31,2003 relating to sexual harassment and/or gender discrimination.

<u>Request No. 15</u>

Please produce copies of any and all correspondence, notes, notices, memoranda, minutes and other documents in any way supporting or relating to any affirmative defenses asserted by Wal-Mart in this matter.

<u>Request No. 16</u>

Please produce copies of the resume or curriculum vitae of each and every expert you intend to call as a witness in this matter.

<u>Request No. 17</u>

Please produce copies of any and all expert reports relating to this matter regardless of whether you intend to call such expert as a witness in this matter.

<u>Request No. 18</u>

Please produce copies of all documents reviewed and/or relied upon by Wal-Mart in preparing its Answer in this action.

<u>Request No. 19</u>

Please produce copies of any and all diaries, calendars, journals or logs maintained by any Wal-Mart supervisor or manager at its East Falmouth store from January 1,2003 through the present date.

<u>Request No. 20</u>

Please produce copies of Wal-Mart's quarterly and annual reports, including financial reports, from January 1, 2003 through the present.

Respectfully Submitted,

Rebecca Coelho,

By her Attorneys,

John F. Tocci, Esq., BBO# 562139
Amanda B. Shipley, Esq., BBO# 655844
Tocci, Goss & Lee, PC
35 India Street, 5th Floor
Boston, MA  02110
(617) 542-6200

July 12, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of me above document
was served upon the attorney of record for each other
party by (hand)(mail) on 7/12/05

# EXHIBIT
# 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

REBECCA COELHO,

     Plaintiffs,

vs.

WAL-MART STORES, INC., RUDI
ECKERMAN, CHAD GAUCHER,
WARREN "BODIE" MOORE,
and KEVIN CORREIA,

     Defendants.

CIVIL ACTION NO. 05-10703-RWZ

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO WAL-MART STORES, INC.

   NOW COMES DEFENDANT, Wal-Mart Stores, Inc., (hereinafter "Defendant" or "Wal-Mart"), and pursuant to Rule 33 of the Federal Rules of Civil Procedure and responds to Plaintiff, Rebecca Coelho's ("Plaintiff" or "Coelho") First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

   1. Attorney-Client Privilege and Work Product: The firm of Skoler, Abbott & Presser, P.C. has conducted interviews and communicated with Defendant and its agents and employees for the purpose of rendering professional legal services in preparation for this litigation. Such communications and related documents, including without limitation, attorneys' notes, summaries of interviews and drafts and correspondence to and from counsel, are subject to the attorney-client privilege or constitute litigation or trial preparation materials subject to the provisions of Fed. R. Civ. P. 26(b)(3). Defendant objects to Plaintiffs interrogatories to the extent that they seek information subject to the attorney-client privilege or the work-product doctrine.

   2. Cumulative Interrogatories: Defendant objects to Plaintiffs interrogatories to the extent that they are cumulative.

   3. Vagueness, Overbreadth, Burdensomeness and Irrelevance: Defendant objects to Plaintiffs interrogatories to the extent they are vague, overly broad and unduly burdensome, seek information which is not relevant to the subject matter involved in the pending action and are not reasonably calculated to lead to the discovery of relevant evidence.

**4.**    Sensitive Business Information:  Defendant objects to Plaintiffs interrogatories to the extent they seek confidential, proprietary or sensitive business information and confidential information pertaining to third parties, disclosure of which would violate third parties' privacy rights.

5.    Defendant objects to the definition of the terms "Defendant," "Wal-Mart Stores, Inc." and "Wal-Mart," on the ground that they are overly broad, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence because they are not limited to including only the East Falmouth, MA Store where Plaintiff worked.

Each of these General Objections is incorporated into each of the following Answers to Interrogatories:

1.    Please identify the person or persons responding to these interrogatories on behalf of Wal-Mart and each person who was consulted or who provided information for the responses to these interroaatories. including such person's relationship to Wal-Mart, his/her name, business address, iob title, home telephone number. business telephone number, and cellular telephone number.

OBJECTION:  Defendant objects to this interrogatory on the ground that the date of birth, residential address, residential telephone number, and cellular telephone number of the responder are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to this request on the ground that providing such information would violate the responder's privacy interests.

ANSWER:   Subject to and without waiving his objections, Defendant states as follows: Warren Bodie Moore; Store Manager, Wal-Mart Stores, Inc., 15078 US Highway 19, Thomasville, GA 31757; business telephone (229)-227-1938.

2.    Please state the time period during which Wal-Mart employed the Defendant Kevin Correia in its East Falrnouth, Massachusetts location or any other location. providing the title and/or titles held by Kevin Correia during his Wal-Mart employment.

ANSWER:  Defendant employed Mr. Correia only at Store 3561, East Falmouth, MA. He was employed at that Store from August 13, 2003 through March 25, 2004 as a Salesfloor Associate.

3.    Please describe in detail any and all duties and responsibilities of Kevin Correia for each job title held by him and identified in Interrogatory No. 2.

ANSWER:   As Salesfloor Associate, Mr. Correia worked in Defendant's Automotive and Furniture Departments until December 8, 2003 at which time he transferred to the Electronics Department.  A copy of the job description of Salesfloor Associate, which identifies the duties and responsibilities of that position, is attached hereto as Response to Interrogatory 3.

4. Please describe in detail the **reason(s)** for Kevin Correia's separation of employment from Wal-Mart.

OBJECTION: Defendant objects to this interrogatory on the ground that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant **further** objects to this interrogatory on the ground that providing such information would violate the privacy interests of the individual involved. Defendant will respond to this interrogatory only upon the execution of a mutually acceptable confidentiality agreement.

5. Please identify, including name, Wal-Mart position held, current or last known home address, current or last known home telephone number, current or last known business telephone number, and current or last known cellular telephone number, all employees who worked at the Wal-Mart store located in East Falmouth, Massachusetts, during the period of defendant Kevin Correia's **employment** at that store.

OBJECTION: Defendant objects to this interrogatory on the ground that providing home information and cellular telephone numbers of the individuals identified would violate their privacy interests. Defendant **further** objects to this interrogatory on the ground that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Defendant will respond to this interrogatory only upon the execution of a mutually acceptable confidentiality agreement.

*6.* Please state whether Wal-Mart provided sexual harassment **training** to its employees during the period of **January 1, 2003** through December 31**, 2003.**

ANSWER: Yes.

7. If the answer to Interrogatory No. *6* is in the affirmative, please describe such **program(s)** in detail.

OBJECTION: Defendant objects to this interrogatory on the ground that it is not limited to such training that was provided to individuals employed at the location where Plaintiff worked and, as a result, is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving its objections, Defendant states that it has produced **in** response to Plaintiffs First Request for Production, documents describing such **program(s)** in detail. Additionally, each of the individual Defendants, in response to the interrogatories served upon him, described other sexual harassment training programs provided to them.

8.  Please describe **any** and all sexual harassment. gender discrimination, **and/or** retaliation complaints or charges filed against Wal-Mart with **any** court or government agency in the United States since January 1, 2002 **through** the **present** date. Include in your answer, the court or administrative **agency** in which said complaints were filed, the named parties and docket or administrative charge numbers for each such complaint or charge.

OBJECTION:  Defendant objects to this interrogatory on the ground that it is burdensome, overly broad, irrelevant, immaterial and not likely to lead to the discovery of admissible evidence. Providing documents, if any, concerning each and every allegation pertaining to gender discrimination, harassment and/or retaliation made by anyone against Defendant would be unduly burdensome and wholly irrelevant in that the mere asserting of an issue or filing of a charge or claim does not evidence any discrimination or other wrongdoing on Defendant's part. Defendant also objects to this interrogatory on the ground that providing the requested information would violate the privacy rights of any individuals identified.

ANSWER:  Subject to and without waiving its objections, the Defendant is willing to respond relating to each instance in which Defendant's East Falmouth, MA Store was found to have violated M.G.L. Ch. 151B or Title VII of the Civil Rights Act of 1964, or an employment law, whether by the MCAD, EEOC, or a judge or jury of the Commonwealth of Massachusetts and the U.S. District Court for the District of Massachusetts:  None.  Further answering, Defendant states that other than the claim asserted by Ms. Coelho, there have been no other formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against Wal-Mart's East Falmouth, MA store which alleges discriminatory conduct on the basis of gender or alleging sexual harassment or illegal retaliation by personnel employed with that Store from January 1, 2002 through the present date.

9.  Please describe any and all complaints, either **formal** or informal, made to management at the East Falrnouth, Massachusetts Wal-Mart regarding any inappropriate behavior, **including,** but not limited to. harassing behavior, of or by Wal-Mart employees at that location from January 1. 2002 through the present date. For each complaint described, please provide the date of the complaint. the name, address and telephone number of the complainant and describe any responsive actions taken by Wal-Mart to address the **complaint(s).**

OBJECTION:  See objection to Interrogatory 8.

ANSWER:   See Answer to Interrogatory 8.

10. Please describe the **procedure(s),** if any, to which Wal-Mart **employees** adhered or were required to adhere in complaining to management regarding a work condition at its East Falrnouth, Massachusetts location from January 1, 2003 **through** December **3**1, 2003.

OBJECTION:  Defendant objects to this interrogatory on the ground that it is irrelevant, immaterial **and** not reasonably calculated to lead to the discovery of admissible evidence in that

it is not limited to any relevant "work condition." Defendant also objects to this Interrogatory on the ground that "adhered to" is vague and ambiguous.

ANSWER:  Subject to and without waiving his objections and to the extent this interrogatory is understood, Defendant states that Wal-Mart associates were not required to adhere to any particular procedure in complaining to management regarding "work conditions" at its East Falmouth, MA location from January 1, 2003 through December 31, 2003. Further answering, Defendant states that associates could complain about "work conditions" or any other issue through Wal-Mart's Open Door Policy to any salaried member of management and could utilize Wal-Mart's Ethic's hotline to anonymously inform Wal-Mart of the complaint about a "work condition."

11. Please describe the procedure, if any, to which members of Wal-Mart management adhered or were required to adhere in addressing complaints by lower-level employees regarding a work condition at its East Falmouth, Massachusetts location from January 1, 2003 through December 31, 2003.

OBJECTION:  Defendant objects to this interrogatory on the ground that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant "work condition." Defendant also objects to this Interrogatory on the ground that "adhered to" is vague and ambiguous.

ANSWER:  Subject to and without waiving his objections and to the extent this interrogatory is understood, Defendant states that the procedure that management would follow would depend on many factors, including the "work condition" that was being complained about. Policies produced in response to Plaintiffs First Request for Production of Documents to Wal-Mart set forth guidelines for addressing various types of complaints about "work conditions," such as  PD – 19 – Investigating Sexual Harassment – An  Outline.

12. Please describe in detail the incident occurring on or about October 29, 2003 and identified by Wal-Mart on page 5 of its "Answer. Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination, Docket No. 04-BEM-01857, whereby Wal-Mart states that "Ms. Coelho complained [to management] that associates Jason Lunn from Sporting Goods and Kevin Correia from Electronics each had asked her for a hug," including any and all steps taken by Wal-Mart to address the situation and/or to avoid future similar situations.

ANSWER:  A description of the complaint, including any and all steps taken by Wal-Mart to address Ms. Coelho's concerns and/or to avoid future hugging of female associates can be found in the statements of Mr. Eckerman, Mr. Gaucher and Mr. Moore, copies of which were produced in response to Interrogatory 5 to Plaintiffs First Set of Interrogatories served on each individual defendant as well as in Mr. Correia's statement, a copy of which was produced in response to Interrogatory 7 to the interrogatories served on Mr. Gaucher.

13. Please state the dates of **any** and all harassment **prevention** training, not including computer **training**, at the Wal-Mart East Falmouth, Massachusetts location conducted **from** January 1, 2002 through the **present** date.

ANSWER:    Assistant Store Manager, Ty White, held a meeting of all male associates in or about November, 2003 regarding harassment prevention.

14. Please describe in detail Wal-Mart's understanding of **any** and all interactions between Ms. Coelho and Kevin Correia on December 7, 2003, including all participants and all conversations relating thereto.

OBJECTION:   Defendant objects to this interrogatory on the ground that it is vague and ambiguous. Defendant further objects to this interrogatory on the ground that it is not limited to any relevant subject matter and, as such, is overly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence

ANSWER:   Subject to and without waiving its objections and to the extent this interrogatory is understood, Defendant responds as follows:  See Statement of Kevin Correia, a copy of which was produced in response to Interrogatory 7 to the interrogatory responses Plaintiff served on Mr. Gaucher.  Mr. Correia's version of the events was supported by witnesses who had been in the Associate Lounge during the argument between Mr. Correia and Ms. Coelho on December 7, 2003.  Accordingly, Wal-Mart has a good faith belief that Mr. **Correia's** version of the interactions between him and Ms. Coelho on December 7, 2003, which was supported by witnesses, is what occurred between the two on that day.

15. Please describe in detail Wal-Mart's understanding of any and all interactions between Ms. Coelho and Kevin Correia on December 8, 2003, including all participants and all conversations relating thereto.

OBJECTION:   Defendant objects to this interrogatory on the ground that it is vague and ambiguous.  Defendant **further** objects to this interrogatory on the ground that it is not limited to any relevant subject matter and, as such, is overly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER:    Subject to and without waiving its objections and to the extent this interrogatory is understood, Defendant states that on or about that date Mr. Moore overheard Ms. Coelho tell Mr. Correia that she needed someone to hold her hair up and pat her on the back.

16. Please describe in detail the ,events of December 10, 2003 involving Ms. Coelho and Kevin Correia, including all participants and all conversations relating thereto, that resulted in the separation of Ms. Coelho's employment from Wal-Mart.

OBJECTION:  Defendant objects to this interrogatory on the ground that it is vague and ambiguous.  Defendant further objects to this interrogatory on the ground that it is not limited to any relevant subject matter and, as such, is overly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER:   Subject to and without waiving its objections and to the extent this interrogatory is understood, Defendant states that it is unaware of any "events" of December 10, 2003, involving Ms. Coelho and Mr. Correia.

17.  Please describe in detail any and all oral or written complaints made by East Falmouth, Massachusetts Wal-Mart employees or customers regarding Kevin Correia including the dates of such complaints and the name, current or last known address and current or last known telephone number of the individual who registered the complaint.

ANSWER:  Defendant is aware of no other complaint, other than that asserted by Plaintiff, made by East Falrnouth, MA Wal-Mart associates or customers regarding Kevin Correia.

18.  Please state the basis for Wal-Mart's conclusion that Ms. Coelho was partially responsible for the argument with Kevin Correia in the break room on or about December 7, 2003 as set forth in Wal-Mart's "Answer, Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination. Docket No. 04-BEM-01857.

ANSWER:  See answer to Interrogatory 14.

19.  Please provide the name, current or last known address and current or last known telephone number of all individuals interviewed by Wal-Mart regarding the alleged argument between Kevin Correia and Ms. Coelho on December 7, 2003 to which Mr. Gaucher refers in his statement, attached as Exhibit 6 to Wal-Mart's "Answer, Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination, Docket No. 04-BEM-01857, as "other associates."

OBJECTION:  Defendant objects to this interrogatory on the ground that residential addresses, residential telephone numbers and cellular telephone numbers are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that providing such information would violate the privacy interests of those identified.  Defendant further objects to this request on the ground that it is unduly burdensome to the extent that this information previously has been provided to Plaintiff.  Defendant will produce the last known home addresses and phone numbers of former associates only upon the execution of a mutually acceptable confidentiality agreement.

ANSWER:  Subject to and without waiving its objections, Defendant states that Mr. Gaucher has not been able to recall the identities of the "other associates."

20. Please provide the name. current or last known address and current or last known telephone number of all individuals to whom Mr. Moore **spoke** in **attempting** to "collaborate [sic]" Ms. **Coelho's** complaint that Kevin Correia was interested in her romantically, as he exwlains that he did in his statement, attached as Exhibit 9 to Wal-Mart's "Answer, Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination, Docket No. 04-BEM-01857.

OBJECTION:  Defendant objects to this interrogatory on the ground that residential addresses, residential telephone numbers and cellular telephone numbers are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that providing such information would violate the privacy interests of those identified.  Defendant **further** objects to this request on the ground that it is unduly burdensome to the extent that this information previously has been provided to Plaintiff.  Defendant will produce the last known home addresses and phone numbers of former associates only upon the execution of a mutually acceptable confidentiality agreement.

ANSWER:   Subject to and without waiving its objections, Defendant states that the identities of the persons with whom Mr. Moore spoke are set forth in his Statement, a copy of which was attached to his interrogatory responses.

21. Please **identify** all **persons** with knowledge of **any** of the factual allegations alleged in the Answer.  In the answer. state the **person's** full name, current or last known residential address, current or last known business address, home telephone number, business telewhone number, and cellular telephone number, **employer** and title, and state the facts known **by** each such person.

OBJECTION:  Defendant objects to this interrogatory on the ground that residential addresses, residential telephone numbers and cellular telephone numbers are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that providing such information would violate the privacy interests of those identified.  Defendant further objects to this request on the ground that it is unduly burdensome to the extent that this information previously has been provided to Plaintiff.  Defendant **will** produce the last known home addresses and phone numbers of former associates only upon the execution of a mutually acceptable confidentiality agreement.

ANSWER: Subject to and without waiving his objections, Defendant states that the individuals identified in these interrogatory responses and in Defendant Wal-Mart Stores, **Inc.'s** Initial Disclosures, are likely to have knowledge of the facts alleged in the Answer as set forth therein.

22. <u>Please identify each person whom **you** intend to call as a witness at the trial of this action. Provide the witness' full name, current or last known residential address, current or last known business address, home **telephone** number, business telephone number, and cellular telephone number, **employer** and title, and summarize the anticipated testimony of each such witness.</u>

OBJECTION: Defendant objects to this interrogatory on the ground that residential addresses, residential telephone numbers and cellular telephone numbers are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that providing such information would violate the privacy interests of those identified. Defendant further objects to this request on the ground that it is unduly burdensome to the extent that this information previously has been provided to Plaintiff. Defendant will produce the last known home addresses and phone numbers of former associates only upon the execution of a mutually acceptable confidentiality **agreement**.

<u>ANSWER</u>: **Subject** to and without waiving his objections, Defendant states that it has not determined who it intends to call as a witness at trial.

23. <u>Please state whether Wal-Mart posted **any** poster or other notice to **employees** regarding their rights to be **free from** sexual harassment in the **workplace** at its East Falmouth store **from** July 1, 2003 through December 31, 2003, and if so, where it posted the notice.</u>

<u>ANSWER</u>: Yes. Defendant posted the notice in the Associate Lounge.

AS TO OBJECTIONS:

*Marylou Fabbo*

Marylou Fabbo, Esq.
BBO #566613
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Dated: August 12, 2005                 Tel.: (413) **737-4753/Fax:** (413) 787-1941

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the above document was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on August 12, 2005.

*Marylou Fabbo*

Marylou Fabbo, Esq.

## VERIFICATION

I, Warren Bodie Moore, being duly sworn state the following: that I have read the foregoing answers to Plaintiff's First Set of Interrogatories Served on Wal-Mart Stores, Inc., and that *they* are true to my knowledge and belief.

Signed under the pains and penalties of perjury:

Warren Bodie Moore
Store Manager
Wal-Mart Stores, Inc.

10

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| REBECCA COELHO,       ) | |
|       ) | |
|     Plaintiff,     ) | |
|       ) | |
| v.       ) | CIVIL ACTION NO. 05-10703-RWZ |
|       ) | |
| WAL-MART STORES, INC.,     ) | |
| CHAD GAUCHER,     ) | |
| RUDI ECKERMAN,     ) | |
| WARREN "BODIE" MOORE, and     ) | |
| KEVIN CORREIA,     ) | |
|       ) | |
|     Defendants.     ) | |

## WAL-MART STORES, INC.'S RESPONSES TO
## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), and pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds to Plaintiff, Rebecca Coelho's (hereinafter "Plaintiff" or "Ms. Coelho") first request for production of documents as follows:

### GENERAL OBJECTIONS

1.      Defendant objects to this Request for Production to the extent it imposes obligations beyond the scope of the discovery obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, and other applicable law.

2.      The law firm of Skoler, Abbott & Presser, P.C. has conducted interviews and communicated with Defendant and its agents and employees for the purpose of rendering professional legal services in the preparation of this litigation. Such communications and related documents, including attorneys' notes, summaries of interviews, and drafts and correspondence to and from counsel, are subject to the attorney-client privilege or constitute litigation or trial preparation materials subject to the provisions of Fed. R. Civ. P. 26(b) (3). Defendant objects to this request for production to the extent it seeks materials protected by the attorney-client privilege or subject to the work product doctrine.

3. Defendant objects to the definition of the terms "Defendant," "Wal-Mart Stores, Inc." and "Wal-Mart," on the ground that they are overly broad, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence because they are not limited to including only the East Falmouth, MA Store where Plaintiff worked.

Each of these General Objections is incorporated into each of the following Responses to Plaintiffs First Request for Production of Documents:

Request No. 1:  Please vroduce copies of any and all documents concerning Ms. Coelho's separation of employment from Wal-Mart.

OBJECTION:  Defendant objects to this Request on the ground that it is vague and ambiguous.

RESPONSE:  Subject to and without waiving its objection, Defendant refers Plaintiff to the documents produced to Ms. Coelho's on September 10,2004, in response to his September 3, 2004, request for Plaintiffs personnel file and other documents.  See also Document labeled, " Response 1," which is the Ethics Ticket from Ms. Coelho's December 12,2003 telephone call to Wal-Mart's Ethics Hotline.

Request No. 2:  Please produce copies of any and all documents, relating to any formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against Wal-Mart which alleges discriminatory conduct on the basis of gender or alleging sexual harassment or illegal retaliation by Wal-Mart from January 1,2002 through the present date.

OBJECTION:  Defendant objects to this request on the ground that it is overly broad, unduly burdensome, irrelevant, immaterial and not likely to lead to the discovery of admissible evidence.  Providing documents, if any, concerning each and every allegation pertaining to gender discrimination, harassment and/or retaliation made by anyone against Defendant at any of its locations would be unduly burdensome and wholly irrelevant in that the mere asserting of an issue or filing of a charge or claim does not evidence any discrimination or other wrongdoing on Defendant's part.  Defendant further objects to this request on the ground that providing such information would violate the privacy rights of the individuals involved therein.

RESPONSE:  Defendant states that subject to and without waiving its objections, the Defendant is willing to respond relating to each instance in which Defendant's East Falmouth, MA Store was found to have violated M.G.L. Ch. 151B or Title VII of the Civil Rights Act of 1964, or an employment law, whether by the MCAD, EEOC, or a judge or jury of the Commonwealth of Massachusetts and the U.S. District Court for the District of Massachusetts with respect to a claim against the East Falmouth, MA Store and/or by associates who worked at the East Falmouth, MA Store:  Defendant has no responsive documents.  Further answering, Defendant states that other than the claim asserted by Ms. Coelho, there have been no other formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against Wal-Mart's East Falmouth, MA store which alleges discriminatory conduct on the basis of gender or alleging sexual harassment or illegal retaliation by personnel employed with that Store from January 1,2002 through the present date.  Accordingly, Defendant has no responsive documents.

2

<u>Request</u> No. **3:**  Please produce copies of any and all documents concerning Ms. **Coelho's** employment at Wal-Mart, including, but not limited to, her personnel records, and all correspondence **by** or between Wal-Mart employees or agents concerning Ms. Coelho.

OBJECTION:  Defendant objects to this request on the ground that it is vague and ambiguous.  Defendant also objects to this request on the ground that to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE:  Subject to and without waiving its objections and to the extent this interrogatory is understood, see response to Request 1.  Defendant also refers Plaintiff to the other documents produced herewith **and/or** referenced herein.

Request No. 4:  Please produce copies of **any** and all documents concerning Kevin **Correia's** employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined by M.G.L. c. **149, § 52C**, and also including, without limitation, any performance evaluations of Kevin Correia and **any** and all correspondence by or between Wal-Mart employees or agents concerning Kevin Correia.  Also include **any** formal or informal complaints lodged against Kevin Correia **by** Wal-Mart employees or customers and copies of **any** and all documents concerning such complaints.

OBJECTION:  Defendant objects to this request on the ground that it is vague and ambiguous.  Defendant also objects to this request that to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant **further** objects to this request on the ground that producing such documents would violate the privacy interests of the individual involved.

RESPONSE:  Subject to and without waiving its objections and to the extent this request is understood, Defendant states that it has no documents pertaining to formal or informal complaints lodged against Kevin Correia by Wal-Mart employees or customers or copies of any documents concerning such complaints other than those pertaining to Plaintiffs allegations about him, copies of which previously have been provided to Plaintiff or that are being provided in response to Request **1.**

Request No. 5:  Please produce copies of any and all documents concerning Chad **Gaucher's** employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined **by** M.G.L. c. **149, § 52C**, and also including, without limitation, any performance evaluations of Mr. Gaucher and any and all correspondence by or between Wal-Mart employees or agents concerning Mr. Gaucher.   Also include **any** formal or informal complaints lodged against Mr. Gaucher by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.

OBJECTION:  Defendant objects to this request on the ground that it is vague and ambiguous.  Defendant also objects to this request that to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that producing such documents would violate the privacy interests of the individual involved.

RESPONSE:  Subject to and without waiving its objections and to the extent this request is understood, Defendant states that it has no documents pertaining to formal or informal complaints concerning sexual harassment, discrimination or retaliation or concerning his handling of such complaints, lodged against Mr. Gaucher by Wal-Mart employees or customers or copies of any documents concerning such complaints other than the Statement of Bruce Varney pertaining to Plaintiffs dissatisfaction with Mr. Gaucher's handling of Ms. Coelho's complaint, which statement Plaintiff marked as Exhibit 1 at Mr. Varney's deposition and is already in Plaintiffs possession and the Ethics Hotline Ticket dated 6/4/2004, a copy of which is attached hereto as Response 5.

Request No. 6:  Please produce copies of any and all documents concerning: Rudi Eckerman's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined pursuant to M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Mr. Eckerman and any and all correspondence by or between Wal-Mart employees or agents concerning Mr. Eckerman.  Also include any comulaints lodged against Mr. Eckeman by Wal-Mart employees or customers and copies of any and all documents concerning such coniplaints.  Also include any and all documents concerning Mr. Eckerman's transfer to a Texas Wal-Mart location.

OBJECTION:  Defendant objects to this request on the ground that it is vague and ambiguous.  Defendant also objects to this request on the ground that to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that producing such documents would violate the privacy interests of the individual involved.

RESPONSE::  Subject to and without waiving its objections and to the extent this request is understood, Defendant states that it has no documents pertaining to formal or informal complaints concerning sexual harassment, discrimination or retaliation or concerning his handling of such complaints, lodged against Mr. Eckerman by Wal-Mart employees or customers.

Request No. 7:  Please produce copies of any and all documents concerning Warren "Bodie" Moore's employment at Wal-Mart, including, but not limited to, his personnel records. as "personnel records" are defined pursuant to M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Mr. Moore and any and all correspondence by or between Wal-Mart employees or agents concerning Mr. Moore.   Also include any comulaints lodged against Mr. Moore by Wal-Mart employees or customers and copies of any and all

documents concerning such complaints.   Also include any and all documents relating to Mr. Moore's transfer to a Georgia Wal-Mart location.

OBJECTION:  Defendant objects to this Request on the ground that it is vague and ambiguous.  Defendant also objects to this request to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that producing such documents would violate the privacy interests of the individual involved.

RESPONSE:  Subject to and without waiving its objections and to the extent this request is understood, Defendant states that it has no documents pertaining to formal or informal complaints concerning sexual harassment, discrimination or retaliation or concerning his handling of such complaints, lodged against Mr. Moore by Wal-Mart employees or customers.

Request No. 8:  Please produce copies of all statements and/or affidavits. signed or unsigned concerning the subject matter of Ms. Coelho's claim.

RESPONSE:  Defendant has no responsive documents other than the statements that were produced to Ms. Coelho's counsel on September 10,2004 in response to his September 3, 2004, request for Plaintiffs personnel file and other documents.

Request No. 9:  Please produce copies of all documents which Wal-Mart intends to introduce in evidence at the trial of this matter.

RESPONSE:  Defendant has made no determination of which documents it intends to introduce in evidence at the trial of this matter.

Request No. 10:  Please produce copies of any and all correspondence and/or documents concerning Ms. Coelho not produced pursuant to a prior request.

OBJECTION:  Defendant objects to this Request on the ground that it is vague and ambiguous.  Defendant also objects to this request on the ground that to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE:  Subject to and without waiving its objections and to the extent this interrogatory is understood, Defendant states that it has no responsive documents other than those produced herewith or referenced herein.

Request No. 11:  Please produce copies of any and all correspondence and/or documents concerning;Kevin Correia not produced pursuant to a prior request.

OBJECTION:  See objection to Request 4.

RESPONSE:  See response to Request 4.

<u>Request No. 12</u>:  Please produce copies of any and all documents reflecting or relating to any formal or informal written or unwritten rules, policies, practices or procedures relating to discrimination on the basis of gender and/or sexual harassment, in effect at Wal-Mart from January 1, 2002 through the present.

OBJECTION:  Defendant objects to this request on the ground that it is overly broad and unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a relevant timeframe or relevant Wal-Mart Store.

RESPONSE:  Subject to and without waiving its objections, Defendant refers Plaintiff to the video tape produced herewith and the responsive documents contained on the CD produced herewith.

<u>Request No. 13</u>:  Please produce copies of Wal-Mart's policy or policies, if any, concerning sexual or other harassment in the workplace and/or gender discrimination in the workplace effective July 1, 2003 through December 31, 2003.

OBJECTION:  Defendant objects to this request on the ground that it is overly broad and unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to a relevant timeframe or relevant Wal-Mart Store.

RESPONSE:  Subject to and without waiving its objections, Defendant refers Plaintiff to the responsive documents contained on the CD produced herewith.

<u>Request No. 14</u>:  Please produce copies of any and all materials Wal-Mart distributed to its employees at its East East Falmouth Store, not including the Computer Based Learning training, from January 1, 2003 through December 31, 2003 relating to sexual harassment and/or gender discrimination.

RESPONSE:  Defendant refers Plaintiff to the documents on the CD produced herewith.

<u>Request No. 15</u>:  Please produce copies of any and all correspondence, notes, notices, memoranda, minutes and other documents in any way supporting or relating to any affirmative defenses asserted by Wal-Mart in this matter.

RESPONSE:  See other documents produced herewith and/or referenced herein.

<u>Request No. 16</u>:  Please produce copies of the resume or curriculum vitae of each and every expert YOU intend to call as a witness in this matter.

RESPONSE:  Defendant has not made a determination as to whether it will utilize an expert witness in this matter.

<u>Request No. 17</u>:  Please produce copies of any and all expert reports relating to this matter regardless of whether you intend to call such expert as a witness in this matter.

RESPONSE:  Defendant has no responsive documents.

Reauest No. 18:  Please produce **copies** of all documents reviewed **and/or** relied upon by **Wal-**Mart in preparing its Answer in this action.

RESPONSE:  Defendant does not recall which documents, if any, it reviewed **and/or** relied upon in preparing its Answer in this action.

**Request** No. 19:  Please produce copies of **any** and all diaries, calendars, journals or **logs** maintained by **any** Wal-Mart supervisor or manager at its East East Falmouth store **from** January 1, 2003 through the present date.

OBJECTION:  Defendant objects to this request on the ground that it is overly broad and unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any relevant subject matter, manager or time **frame.**  Defendant **further** objects to this request on the ground that providing these documents would violate the privacy interests of those who maintained any such documents as well as anyone identified therein.

RESPONSE:   Subject to and without waiving its objections, Defendant states that the only diaries, calendars, journals or logs maintained by Defendants Eckerman, Moore, **and/or** Gaucher that pertained to Ms. Coelho were the calendar pages of Mr. Eckerman's calendar which have already been provided to Ms. Coelho in connection with Mr. Eckerman's Answer to Interrogatory 5 to the Interrogatories served upon him.  Upon information and belief, no other supervisor or manager maintained any diary, calendar, journal or log that pertained to Ms. Coelho.

**Request** No. 20:  Please produce copies of Wal-Mart's quarterly and annual reports, including financial reports, **from January** 1, 2003 through the present.

OJBECTION:  Defendant objects to this request on the ground that it is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER:  Subject to and without waiving its objections, see Annual Reports FYE 2003, 2004 and 2005, copies of which are on the CD produced herewith.

Respectfully Submitted,

*Marylou Fabbo*

Marylou Fabbo, Esq.
BBO #566613
Counsel for Wal-Mart Stores,  **Inc.**
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Dated:  August 12, 2005            Tel.:  (413) **737-4753/Fax:** (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on August 12, 2005.

Marylou Fabbo, Esq.

# EXHIBIT
# 5

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

REBECCA COELHO,                          )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )          CIVIL ACTION NO. 05-10703-RWZ
                                         )
WAL-MART STORES, INC.,                   )
CHAD GAUCHER,                            )
RUDI ECKERMAN,                           )
WARREN "BODIE" MOORE, and                )
KEVIN CORREIA,                           )
                                         )
            Defendants.                  )

## WAL-MART STORES, INC.'S SUPPLEMENTAL RESPONSES TO
## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES Defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), and pursuant to Rule **34** of the Federal Rules of Civil Procedure, supplements its response to Plaintiff, Rebecca **Coelho's** (hereinafter "Plaintiff" or "Ms. Coelho") first request for production of documents as set forth below. All prior objections and responses are incorporated herein by reference.

Request No. 4: Please produce copies of any and all documents concerning Kevin Correia's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined by M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Kevin Correia and any and all correspondence by or between Wal-Mart employees or agents concerning Kevin Correia. Also include any formal or informal complaints lodged against Kevin Correia by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.

OBJECTION: Defendant objects to this request on the ground that it is vague and ambiguous. Defendant also objects to this request that to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant **further** objects to this request on the ground that producing such documents would violate the privacy interests of the individual involved.

RESPONSE:  Subject to and without waiving its objections and to the extent this request is understood, Defendant states that it has no documents pertaining to formal or informal complaints lodged against Kevin Correia by Wal-Mart employees or customers or copies of any documents concerning such complaints other than those pertaining to Plaintiffs allegations about him, copies of which previously have been provided to Plaintiff or that are being provided in response to Request 1.

**SUPPLEMENTAL** RESPONSE:  **Subject to and without waiving its objections, see documents labeled, "Supplemental Response 4."**

Reauest No. 5:  Please produce copies of any and all documents concerning Chad Gaucher's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined by M.G.L. c. 149, § 52C, and also including, without limitation, any performance evaluations of Mr. Gaucher and any and all correspondence by or between Wal-Mart employees or agents concerning Mr. Gaucher.  Also include any formal or informal complaints lodged against Mr. Gaucher by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.

OBJECTION:  Defendant objects to this request on the ground that it is vague and ambiguous.  Defendant also objects to this request that to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that producing such documents would violate the privacy interests of the individual involved.

RESPONSE:  Subject to and without waiving its objections and to the extent this request is understood, Defendant states that it has no documents pertaining to formal or informal complaints concerning sexual harassment, discrimination or retaliation or concerning his handling of such complaints, lodged against Mr. Gaucher by Wal-Mart employees or customers or copies of any documents concerning such complaints other than the Statement of Bruce Varney pertaining to Plaintiffs dissatisfaction with Mr. Gaucher's handling of Ms. Coelho's complaint, which statement Plaintiff marked as Exhibit 1 at Mr. Varney's deposition and is already in Plaintiffs possession and the Ethics Hotline Ticket dated 6/4/2004, a copy of which is attached hereto as Response 5.

**SUPPLEMENTAL** RESPONSE:  **Subject to and without waiving its objections, see documents labeled, "Supplemental Response 5."**

Request No. 6:  Please produce copies of any and all documents concerning Rudi Eckerman's employment at Wal-Mart, including, but not limited to, his personnel records, as "personnel records" are defined pursuant to M.G.L. c. 149, § 52C, and also including. without limitation, any performance evaluations of Mr. Eckerman and any and all correspondence by or between Wal-Mart employees or agents concerning Mr. Eckerman.  Also include any complaints lodged against Mr. Eckerman by Wal-Mart employees or customers and copies of any and all documents concerning such complaints.  Also include any and all documents concerning Mr. Eckernan's transfer to a Texas Wal-Mart location.

2

OBJECTION:  Defendant objects to this request on the ground that it is vague and ambiguous.  Defendant also objects to this request on the ground that to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that producing such documents would violate the privacy interests of the individual involved.

RESPONSE:  Subject to and without waiving its objections and to the extent this request is understood, Defendant states that it has no documents pertaining to formal or informal complaints concerning sexual harassment, discrimination or retaliation or concerning his handling of such complaints, lodged against Mr. Eckerman by Wal-Mart employees or customers.

**SUPPLEMENTAL RESPONSE:  Subject to and without waiving its objections, see documents labeled, "Supplemental Response 6."**

Request No. 7:  Please **produce** copies of **any** and all documents concerning Warren "Bodie" Moore's **employment** at Wal-Mart, including, but not limited to, his personnel records. as "personnel records" are defined pursuant to M.G.L. c. 149.6 52C, and also including. without limitation. any **performance** evaluations **of Mr.** Moore and **any** and all correspondence bv or between Wal-Mart employees or agents concerning Mr. Moore.   Also include anv complaints lodged **against** Mr. Moore **by** Wal-Mart **employees** or customers and **copies** of **any** and all documents concerning such complaints.  Also include **any** and all documents relating to Mr. Moore's transfer to a Georgia Wal-Mart location.

OBJECTION:  Defendant objects to this Request on the ground that it is vague and ambiguous.  Defendant also objects to this request to the extent that it is not limited to any relevant subject matter, it is overly broad, unduly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Request on the ground that producing such documents would violate the privacy interests of the individual involved.

RESPONSE:  Subject to and without waiving its objections and to the extent this request is understood, Defendant states that it has no documents pertaining to formal or informal complaints concerning sexual harassment, discrimination or retaliation or concerning his handling of such complaints, lodged against Mr. Moore by Wal-Mart employees or customers.

**SUPPLEMENTAL RESPONSE:  Subject to and without waiving its objections, see documents labeled, "Supplemental Response 7."**

Reauest No. 11:  Please produce copies of **any** and all corresvondence **and/or** documents concerning Kevin Correia not produced pursuant to a prior request.

OBJECTION:  See objection to Request 4.

3

<u>RESPONSE:</u>  See response to Request 4.

**SUPPLEMENTAL RESPONSE:  See Supplemental Response 4.  Defendant does not have any other correspondence and/or documents concerning Kevin Correia not produced pursuant to a prior request.**

Respectfully Submitted,

*Marylou Fabbo*

**Marylou Fabbo, Esq.**
BBO #566613
Counsel for Wal-Mart Stores,  Inc.
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Dated:  September 19,2005                Tel.:  (413) **737-4753/Fax**: (413) 787-1941

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the above document was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on September 19,2005.

*Marylou Fabbo*

Marylou Fabbo, Esq.

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

REBECCA COELHO,

                    Plaintiffs,

vs.

WAL-MART STORES, **INC.,** RUDI
**ECKERMAN,** CHAD GAUCHER,
WARREN "BODIE" MOORE,
and KEVIN **CORREIA,**

                    Defendants.

**CIVIL** ACTION NO. 05-10703-RWZ



## <u>DEFENDANT'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO WAL-MART STORES, INC.</u>

NOW COMES DEFENDANT, Wal-Mart Stores, Inc., (hereinafter "Defendant" or **"Wal-Mart"),** and pursuant to Rule 33 of the Federal Rules of Civil Procedure and supplements its response to Plaintiff, Rebecca Coelho's ("Plaintiff" or **"Coelho")** First Set of Interrogatories. All prior objections and answers are incorporated herein by reference.

**4.** <u>Please describe in detail the **reason(s)** for Kevin Correia's separation of employment from Wal-Mart.</u>

OBJECTION: Defendant objects to this interrogatory on the ground that it is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant **further** objects to this interrogatory on the ground that providing such information would violate the privacy interests of the individual involved. Defendant will respond to this interrogatory only upon the execution of a mutually acceptable confidentiality agreement.

<u>**ANSWER:**</u> *This Answer is subject to the parties'* ***Confidentiality*** *Agreement.* **Wal-Mart separated Mr. Correia from employment for checking out his brother and for asking another associate to use her discount card to do so.**

**5.** <u>Please identify, including name, Wal-Mart position held, current or last known home address, current or last known home telephone number, current or last known business telephone number, and current or last known cellular telephone number, all **employees** who worked at the Wal-Mart store located in East Falmouth, Massachusetts, during the period of defendant Kevin Correia's employment at that store.</u>

**OBJECTION:** Defendant objects to this interrogatory on the ground that providing home information **and** cellular telephone numbers of the individuals identified would violate their privacy interests. Defendant further objects to this interrogatory on the ground that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Defendant will respond to this interrogatory only upon the execution of a mutually acceptable confidentiality agreement.

**ANSWER:** *This Answer is subject to the parties' Confidentiality Agreement.* **See document enclosed herewith labeled, "Interrogatory Response 5."**

16. Please describe in detail the events of December 10.2003 involving Ms. Coelho and Kevin Correia, including all participants and all conversations **relating** thereto. that resulted in the separation of Ms. Coelho's **employment** from Wal-Mart.

**OBJECTION:** Defendant objects to this interrogatory on the ground that it is vague and ambiguous. Defendant further objects to this interrogatory on the ground that it is not limited to any relevant subject matter and, as such, is overly burdensome, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to and without waiving its objections and to the extent this interrogatory is understood, Defendant states that it is unaware of any "events" of December 10, 2003, involving Ms. Coelho and Mr. **Correia.**

**SUPPLEMENTAL ANSWER:** **In response to Plaintiff's clarification that the date referenced in this interrogatory should have been December 11, 2003, Defendant supplements its response as follows: Defendant is unaware of any "events" occurring between Mr. Correia and Ms. Coelho on December 11, 2003.**

19. Please provide the name, current or last known address and current or last known **telephone** number of all individuals interviewed **by** Wal-Mart **regarding** the **alleged argument** between Kevin Correia and Ms. Coelho on December 7, 2003 to which Mr. Gaucher refers in his statement, attached as Exhibit 6 to Wal-Mart's "Answer, Position Statement and **Affirmative** Defenses" filed with the Massachusetts Commission Against Discrimination. Docket No. 04-BEM-01857, as "other associates."

OBJECTION: Defendant objects to this interrogatory on the ground that residential addresses, residential telephone numbers and cellular telephone numbers are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that providing such information would violate the privacy interests of those identified. Defendant **further** objects to this request on the ground that it is unduly burdensome to the extent that this information previously has been provided to Plaintiff. Defendant **will** produce the last **known** home addresses and phone numbers of former associates only upon the execution of a mutually acceptable confidentiality agreement.

ANSWER:  Subject to and without waiving its objections, Defendant states that Mr. Gaucher has not been able to recall the identities of the "other associates."

SUPPLEMENTAL ANSWER:  To clarify, Defendant states that it cannot produce the requested information because Mr. Gaucher has not been able to recall the identities of said individuals.

20. Please provide the name, current or last known address and current or last known telephone number of all individuals to whom Mr. Moore spoke in attempting to "collaborate [sic]" Ms. Coelho's complaint that Kevin Correia was interested in her romantically, as he explains that he did in his statement, attached as Exhibit 9 to Wal-Mart's "Answer, Position Statement and Affirmative Defenses" filed with the Massachusetts Commission Against Discrimination, Docket No. 04-BEM-01857.

OBJECTION:  Defendant objects to this interrogatory on the ground that residential addresses, residential telephone numbers and cellular telephone numbers are irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this request on the ground that providing such information would violate the privacy interests of those identified.  Defendant further objects to this request on the ground that it is unduly burdensome to the extent that this information previously has been provided to Plaintiff.  Defendant will produce the last known home addresses and phone numbers of former associates only upon the execution of a mutually acceptable co      dentiality agreement.

ANSWER:   Subject to and without waiving its objections, Defendant states that the identities of the persons with whom Mr. Moore spoke are set forth in his Statement, a copy of which was attached to his interrogatory responses.

SUPPLEMENTAL ANSWER:  This Answer is subject to the parties' Confidentiality Agreement.  Defendant supplements its response as follows:  Rebecca Coelho; Kevin Correia, last known address - 36 Briar Patch Lane, Mashpee, MA; and Kathleen Hennessey, 41 Ashmet Ave., Mashpee, MA.

AS TO OBJECTIONS:

Marylou Fabbo
Marylou Fabbo, Esq.
BBO #566613
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel.:  (413) 737-4753/Fax: (413) 787-1941

Dated:  September 19, 2005

3                                                        nfi

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the attorney of record for each other party by first-class, U.S. mail, postage prepaid, on September $2005.

*Marylou Fabbo*

Marylou Fabbo, Esq.

## VERIFICATION

I, Warren Bodie Moore, being duly sworn state the following: that I have read the foregoing supplemental answers to Plaintiff's First Set of Interrogatories Served on Wal-Mart Stores, Inc., and that they are true to my knowledge and belief.

Signed under the pains and penalties of perjury this 8th day of September, 2005.

_____
Warren Bodie Moore
Store Manager
Wal-Mart Stores, Inc.

# EXHIBIT
# 6



# SKOLER, ABBOTT & PRESSER, P.C.
### Exclusively Representing Management in Labor and Employment Law

Marylou Fabbo*
MFabbo@skoler-abbott.com

*also admitted in Connecticut

September 2, 2005

John Tocci, Esq.
Tocci, Goss & Lee, P.C.
35 India Street
Boston, MA  02110

RE:  Rebecca Coelho v.
Wal-Mart Stores, Inc.,  et al.
Civil Action No. 05-10703-RWZ

Dear Mr. Tocci:

This letter is in response to your August 24, 2005 correspondence.

As soon as we have the Confidentiality Agreement fully-executed, I will send you Defendant Wal-Mart Stores, Inc.'s supplemental interrogatory and document responses. We are ready to sign it once it is revised in accordance with your conversations with the court regarding filing documents that contain confidential information.  If you do not think it is necessary to revise the actual agreement, that would be acceptable to me as long as you send me something in writing to reflect how we are to file documents containing confidential information.  An e-mail regarding the same also is fine.

Additionally, Wal-Mart does not intend to supplement Document Request 2 and Interrogatory 8.  These seek information pertaining to all sexual harassment, gender discrimination and/or retaliation claims against Wal-Mart asserted over a multi-year period anywhere in the United States.  Wal-Mart Stores, Inc. has numerous divisions throughout the United States, and, as you are likely aware, thousands of stores in the U.S.  Thus, it would be ridiculously burdensome to search for and produce the information and documents requested, and particularly not worthwhile considering the lack of relevance to this case which arises solely out of the East Falmouth, MA store. Frankly, we do not see how mere allegations of sexual harassment at any store in this country are in any manner relevant to the present action.  If you have any case law supporting your entitlement to such far-reaching discovery, please forward it to my attention, and I will review it.

SUITE 2000 • ONE MONARCH PLACE • SPRINGFIELD, MA 01144 • 413-737-4753 • FAX 413-787-1941 • www.skoler-abbott.com

255 PARK AVENUE • WORCESTER, MA 01605 • 508-757-5335

AFFILIATE OF WORKLAW NETWORK: THE NATIONWIDE NETWORK OF MANAGEMENT LABOR AND EMPLOYMENT LAW FIRMS.

John Tocci, Esq.                    -2-                    September 2,2005

      Wal-Mart also does not intend to supplement Document Response 19.   This interrogatory seeks Wal-Mart to produce completely irrelevant information, including, inter *alia,* very personal documents, such as the diaries of supervisors and managers, for irrelevant time periods, and belonging to individuals who have absolutely nothing to do with this case.  Again, if you have any case law you would like me to review that supports your belief you are entitled to obtain these documents, please send it along.  I could not find any.

      Please contact me if you would like to discuss this further.

      Sincerely,

      Marylou Fabbo

**MLF:amm**

cc:  Wal-Mart Stores, Inc.

# EXHIBIT
# 7



February 2, 2006

**VIA FACSIMILE (413) 787-1941**
**AND FIRST CLASS MAIL**

Marylou Fabbo, Esq.
Skolar, Abbott & Presser, P.C.
One Monarch Place, Suite 200
Springfield, MA  01144

      Re:    <u>Coelho v. Wal-Mart et al</u>, United States District Court for the District of
                Massachusetts, Civil Docket No. 05-10703-RWZ

Dear Marylou:

Thank you for your letter dated February 1, 2006.  This shall confirm that the depositions in the
above-referenced matter scheduled for February 9 and 10, 2006 shall commence at 9:30 a.m.
The deposition of Bodie Moore shall commence at 9:30 a.m. on February 9 and we anticipate
Chad Gaucher's deposition commencing at approximately 1:30 p.m.  As we agreed, Rudi
Eckerman's deposition shall commence at 9:30 a.m. on February 10.

As you may recall, one discovery dispute has not yet been resolved between the parties – Ms.
Coehlo's requests for information regarding prior harassment complaints.  We propose
narrowing Ms. Coehlo's discovery requests -- particularly, Document Request No. 2 and
Interrogatory No. 8 – to resolve this dispute.  As you may recall, Wal-Mart refused to produce
documents and information pursuant to those requests.  Initially, Ms. Coelho sought documents
and information relating to any formal or informal grievance, etc. asserted against Wal-Mart *at
any location.*  We will limit our request to any documents and information relating to any formal
or informal grievance, complaint, or charge of discrimination alleging gender discrimination,
sexual harassment or illegal retaliation asserted against Wal-Mart *at any store in Massachusetts*
***and*** *any store at which any of the Defendants have worked or were responsible for supervision
since January 2002 through one full year after their departure from any such store.*  We
therefore request information and documents pertaining to complaints at Wal-Mart store
locations in the Jacksonville, Texas region where we understand Rudi Eckerman has served as
district manager and the Thomasville, Georgia store where Chad Gaucher has been employed.

As you are no doubt aware, prior complaints are discoverable as they may lead to information
regarding Wal-Mart's actual practices in responding to sexual harassment allegations.  This may
prove probative with respect to Wal-Mart's responses to Ms. Coelho's complaints.  Further,
evidence of harassment complaints may be probative of whether Wal-Mart's harassment policy
was inadequate.  Finally, this information clearly supports Ms. Coelho's petition for punitive
damages.

Please also be advised that we require supplemental discovery in light of the deposition testimony provided from October through December, 2005. While we are happy to provide formal requests if necessary, the cooperation of the parties thus far lead me to proceed informally.

First, we would like to depose Richard Souza as several witnesses have now confirmed that concerns regarding Mr. Correia were raised and/or discussed with him. Please advise me whether you have any issue regarding the taking of this deposition and, if not, dates both you and Mr. Souza are available.

Second, in light of David Eckert's, Andrea Duprey's, Jason Lunne's, and Corey Silva's deposition testimony, we would like copies of their personnel records as "personnel records" are defined by M.G.L. c. 149, § 52C as well as any and all documents in any way relating to complaints or concerns they may have raised regarding Mr. Correia. We do not seek information regarding the Wal-Mart benefits they may have received or information regarding health or medical care or medical leave, which may be excised from the records. We do, however, seek all other documents in their personnel records and documents in any way relating to complaints or concerns they may have raised regarding Mr. Correia.

Please feel free to contact me with any questions or concerns.

Sincerely,

John F. Tocci

cc:     Rebecca Coelho

# EXHIBIT
# 8



## SKOLER, ABBOTT&PRESSER, P.C.
*Exclusively Representing Management in Labor and Employment Law*

**Marylou Fabbo***                                    **Also admitted in Connecticut**
**MFabbo@skoler-abbott.com**

February 23, 2006

John Tocci, Esq.
Tocci, Goss & Lee, P.C.
35 India Street
Boston, MA 02110

       Re: <u>Coelho v. Wal-Mart Stores. **Inc.** et al.</u>
       Civil Docket No. 05-10703-RWZ

Dear John:

  This is in response to your proposed revision of Plaintiffs Document Request No. 2 and Interrogatory No. 8. As I understand it, Plaintiff suggests "limiting" these requests as follows: "any documents and information relating to any formal or informal grievance, complaint, or charge of discrimination alleging gender discrimination, sexual harassment or illegal retaliation asserted against Wal-Mart at any store in Massachusetts and any store at which any of the Defendants have worked or were responsible for supervisor since January 2002 through one full year after their departure from any such store." Although the requests have been narrowed somewhat, we believe they still are not tailored to obtaining information and documents that are material, relevant or reasonably calculated to lead to the discovery of admissible evidence. Therefore, we are not agreeable to providing all of the information you have requested.

  Specifically, this case alleges sexual harassment and sexual harassment retaliation (constructive discharge) only. Thus, the generalized "gender" discrimination and retaliation information is not even arguably relevant to Plaintiffs case. We also cannot agree to provide the information for "any store in Massachusetts." As you know, this case arises out of the East Falmouth, MA Store. We do not see how something that happened, for example, in Ware, MA, would be relevant to Ms. **Coelho's** claims when there is no common management of all such Stores, even at the district level.

  Nonetheless, Wal-Mart would agree to provide sexual harassment and sexual harassment retaliation information for the East Falmouth Store at which Plaintiff worked and any Store at which Mr. Gaucher or Mr. Moore have worked or were responsible for since January, 2002, for the time during which they worked at the Store until one year after they left such Store. Additionally, we are willing to produce the requested information for the Stores that were under Mr. **Eckerman's** supervision **from** January 2002, when he was the District Manager of the East Falmouth Store, until one year after he no longer supervised that District.

SUITE 2000 • ONE MONARCH PLACE • SPRINGFIELD, MA 01144 • 413-737-4753 • FAX 413-787-1941 • *www.skoler-abbott.com*
255 PARK AVENUE • WORCESTER, MA 01605 • 508-757-5335

AFFILIATE OF WORKLAW NETWORK: THE NATIONWIDE NETWORK OF MANAGEMENT LABOR AND EMPLOYMENT LAW FIRMS.

John Tocci, Esq.                          2                        February 23, 2006

     If this compromise is agreeable to you, please let me know, and I will take steps to gather the responsive information **from** Wal-Mart. However, if you believe there is **any** need to discuss this issue **further,** please contact me after March 6, 2006 as I will be out of the office until that time.

                 Sincerely,

                 **Marylou** Fabbo

**MLF:ls**

cc. Wal-Mart Stores, **Inc.**