UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REBECCA COELHO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05-10703-RWZ |
| ) | |
| WAL-MART STORES, INC., ) | |
| CHAD GAUCHER, ) | |
| RUDI ECKERMAN, ) | |
| WARREN "BODIE" MOORE, and ) | |
| KEVIN CORREIA, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DISCOVERY FOR THE PURPOSE OF COMPELLING A RULE 35(A) MENTAL AND PHYSICAL EXAMINATION OF THE PLAINTIFF**

I.   INTRODUCTION

The plaintiff, Rebecca Coelho (the "Plaintiff" or "Ms. Coelho"), moves this honorable Court to deny Wal-Mart Stores, Inc.'s (the "Defendant" or "Wal-Mart") Motion to Reopen Discovery for the Limited Purpose of Compelling Rule 35(a) Mental and Physical Examination of the Plaintiff ("Motion"). The Defendant's Motion is untimely, the Plaintiff has not put her mental state "in controversy," nor is there good cause for such an extreme and invasive examination. The Defendant's Motion is a fishing expedition designed by Wal-Mart to harass and humiliate Ms. Coelho. For the reasons set forth below, this Court should deny the Defendants' Motion.

II.   ARGUMENT

Fed. R. Civ. P. 35(a) ("Rule 35") is a rule of discovery permitting the court in which an action is pending to order a party to submit to a physical or mental examination *only* if a mental or physical condition is in controversy and "*only* on motion for good cause shown" by the moving party.  [emphasis added].

The "good cause" and "in controversy" requirements of Rule 35 are much more exacting and limiting than Fed. R. Civ. P. 26's relevance standard.  Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S. Ct. 234, 237 (1964)("There must be a greater showing of need under Rules 34 and 35 than under the other discovery rules").  Negligence actions are distinguishable from employment discrimination actions – a fact ignored by Wal-Mart in its Motion – a  and merely claiming emotional distress in an employment discrimination matter does not mean a party has placed her mental or physical condition in controversy.  Cody v. Marriott Corp., 103 F.R.D. 421 (D. Mass. 1984).  In fact, sweeping examinations of a party who has not affirmatively put her own mental condition into issue are not to be automatically ordered merely because the person has made a claim of emotional distress.  Id.  Holding otherwise would result in examinations being ordered routinely where emotional distress claims for damages are made.  Id.  Mental and physical examinations are "only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule."  Schlagenhauf, at 121 – 122.

**A. Wal-Mart's Motion is untimely and will offer nothing of utility to the case.**

Wal-Mart deposed Ms. Coelho on June 28, 2005.  Wal-Mart insisted on deposing Ms. Coelho prior to the deadline for responses to written discovery it served upon her.  Wal-Mart deposed Ms. Coelho for approximately five hours and questioned her extensively about her emotional distress.  Ms. Coelho later responded to Wal-Mart's written discovery requests and

2

provided information pertaining to her treating physicians and physical ailments to the extent relevant to this matter.  Extensive discovery has been conducted in this matter, discovery which was served and responded to prior to the non-expert discovery deadline of October 14, 2005 without Wal-Mart requesting a physical or mental examination of Ms. Coelho.  Wal-Mart's assertion that an examination is necessary to aid it in evaluating settlement offers is a red herring.  While Ms. Coelho has attempted to engage in settlement discussions with Wal-Mart, Wal-Mart has refused to counter Ms. Coelho's various settlement offers – the first of which was tendered on May 4, 2005 – with *any* counteroffer.  Contrary to Wal-Mart's assertions, Ms. Coelho's subsequent demands for settlement have been significantly lower than previous demands but have similarly been ignored by Wal-Mart.  Regardless, the rule simply does not authorize an intrusive psychiatric examination as a settlement aid.

      Wal-Mart's request to subject Ms. Coelho to a psychiatric examination is also untimely because it was well aware of Ms. Coelho's allegations of emotional distress at the time she filed her initial charge of discrimination with the Massachusetts Commission Against Discrimination in early 2004.  Ms. Coelho has consistently and repeatedly stated the nature of her emotional distress and Wal-Mart's assertion that it "only recently learned that Plaintiff continues to maintain that her emotional distress damages" are significant, is preposterous.  On the eve of the Pretrial Conference, Wal-Mart is seeking to harass and intimidate Ms. Coelho by seeking to subject her to an invasive psychiatric examination.

      Furthermore, the sexual harassment against Ms. Coelho occurred throughout the latter half of 2003.  Her emotional distress – as with any stressful memory or event – has ameliorated over time.[1]  Ms. Coelho was still suffering from emotional distress at the time of her deposition

---

[1] Naturally recalling a painful event in the past, such as being sexually harassed, can be extremely uncomfortable for the victim.  However, a victim did not place his mental or physical condition in controversy by testifying "I always

in June 2005. More than a year has passed since her deposition and Ms. Coelho's distress level has undoubtedly and naturally diminished. Wal-Mart refers to excerpts from Ms. Coelho's deposition conducted over a year ago to support its request but cannot state with certainty how Ms. Coelho feels today. Wal-Mart has no basis to conclude that Ms. Coelho's emotional distress is ongoing since it has had no contact with Ms. Coelho since June 2005. While an examination may have been appropriate immediately following Ms. Coelho's deposition, Wal-Mart can hardly justify conducting a psychiatric examination at this late date in July 2006 for emotional distress resulting from Wal-Mart's wrongful act of 2003. Such an examination would be of little utility almost three years after her employment at Wal-Mart.

### B. Ms. Coelho has not put her mental state "in controversy" simply by claiming emotional distress damages.

The District of Massachusetts and the majority of other courts have held unequivocally that in employment discrimination cases, simply asserting a claim of damages for emotional distress does not place a plaintiff's mental condition "in controversy." Sabree v. United Bhd. Of Carpenters & Joinders, 126 F.R.D. 422, 426 (D. Mass. 1989)(Plaintiff did not place mental condition in issue by "garden-variety claim of emotional distress"); Cody v. Marriott Corp., 103 F.R.D. 421 (D. Mass. 1984)(Mental condition not placed in controversy by damage claim for emotional distress); Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551 (N.D. Ga. 2001)("The majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental aguish or "garden variety" emotional distress"); *See* Ricks v. Abbott Labs., 198 F.R.D. 647, 648-50 (D.Md.2001)(Denying exam requiring additional factors that would be necessary before a mental exam would be appropriate). To determine

---

felt bad. At this very moment when I remember that thing I feel bad." Coca-Cola Bottling Co. of Puerto Rico v. Negron Torres, 225 F.2d 149, 153 (1st Cir. 1958)(Plaintiff brought action for personal injuries and emotional distress when he discovered the putrefied body of a small dead mouse in a bottle of a soft drink that he had consumed).

4

whether a party has put his/her mental state "in controversy," Massachusetts and the First Circuit have considered such factors as whether the party has made a claim of a specific psychic injury or psychiatric disorder, whether the complaint is for past physical injury and emotional disturbance, and whether the plaintiff is seeking to introduce her treating psychiatrist/psychologist.  Sabree, at 426; Cody v. Marriott Corp., 103 F.R.D. 421 (D. Mass. 1984); Coca-Cola Bottling Co. of Puerto Rico v. Negron Torres, 225 F.2d 149, 153 (1st Cir. 1958); Gorth v. Monarch Life Ins. Co., 11 Mass.Discrim.L.Rep. 1142, 1143 (1989)(Single Comm'r).  These circumstances simply do not exist in the case at hand.

Wal-Mart cites no First Circuit case law in its Memorandum and distorts the District of Massachusetts' standards for allowing mental examinations.  Wal-Mart cites to the five-factor "in controversy" test of Stevenson v. Bostitch, Inc. that some federal courts have applied when considering whether a party has put her mental condition "in controversy.[2]"  201 F.R.D. 551, 553 (N.D. Ga. 2001).  The District of Massachusetts has not adopted this test and its application to this case is therefore erroneous.

In fact, the Stevenson Court qualified in its holding by ruling that where the five factor test has not been expressively adopted, a mental examination must typically involve a "separate tort for emotional distress or an allegation of ongoing *severe* mental injury."  201 F.R.D. 551, 553 (N.D. Ga. 2001). [emphasis added].  Ms. Coelho has not asserted a separate tort for emotion distress nor has she alleged ongoing severe mental injury.  While her emotion distress was indeed severe at the time of Wal-Mart's illegal actions against her, Wal-Mart simply cannot

---

[2] On page 5 of Wal-Mart's Memorandum in support of its Motion, Wal-Mart lists five factors that some federal courts have concluded warrant granting a Rule 35 motion:  (1) a tort claim is asserted for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) the plaintiff intends to offer expert testimony in support of a claim of emotional distress damages; and/or (5) the plaintiff concedes that [his] mental condition is "in controversy" within the meaning of Rule 35.  Stevenson v. Stanley Bostich, Inc., 201 F.R.D. 551, 554 (N.D. Ga. 2001).  Stevenson lists a seven cases from six different district court jurisdictions that have adopted the five factors, however, not one case is from the District of Massachusetts.

argue that Ms. Coelho's "severe mental injury" is ongoing because her distress has ameliorated over time and also because they deposed her over one year ago.

Although extreme, Ms. Coelho's emotional distress symptoms were not "unusually severe" and were more akin to a "garden-variety" claim of emotional distress. Ms. Coelho has never asserted that Wal-Mart is the sole source of her emotional and physical problems. In fact, Ms. Coelho stated clearly in her deposition that Wal-Mart exacerbated prior health conditions. She suffered from an upset stomach, insomnia at night resulting in over-sleeping during the day, nightmares and migraines. While her pre-existing medical conditions were exacerbated, all of her emotional distress symptoms were consistent with what most sexual harassment victims suffer.[3] Therefore, even assuming *arguendo* that the District of Massachusetts applies the *Stevenson* five factor "in controversy" test, Ms. Coelho's emotional distress allegations – while severe – are not "unusually severe."

### C. Wal-Mart has not shown good cause for requiring examination.

Ms. Coelho has testified at length as to the extent of her emotional distress. The emotional distress she suffered exacerbated her pre-existing physical conditions. She does not allege that Wal-Mart is the *sole cause* of her physical problems. She has stated in all discovery responses that the sexual harassment she suffered at Wal-Mart exacerbated her physical ailments. She has produced medical records from 2003 and 2004 relating to her stomach ailments and migraine headaches. At no time did she treat with a psychologist, psychiatrist, counselor or therapist to treat her emotional distress. Wal-Mart is seeking to create a diagnosis of Mr. Coelho

---

[3] Most complainants seeking emotional distress damages in discrimination cases "testify about a litany of symptoms, including lower self-esteem, depression, anxiety, withdrawal from social activities, insomnia (or over-sleeping), anger, weight loss (or gain) and humiliation." 45 Mass. Prac., Employment Law §8.64 (2d. ed.). Other emotional distress claims include panic attacks, impaired concentration, irritability, mood swings, personality changes and a "variety of physical ailments such as ulcers and headaches." 16 Rev. Litig. 1, (1997); *See* Bonnie S. Dansky & Dean G. Kilpatrick, Effects of Sexual Harassment, in SEXUAL HARASSMENT: THEORY, RESEARCH & TREATMENT 152-74 (William T. O'Donohue ed., 1996).

that is not in existence—a purpose for which Rule 35(a) was not intended. <u>Sacramona v. Bridgestone/Firestone, Inc.</u>, 152 F.R.D. 428 (D. Mass. 1993)(Court refused to order plaintiff to undergo an HIV test that defendants argued was necessary to calculate his future damages – Court distinguished between documents and diagnoses that were already in existence). Ms. Coelho is not offering any medical records or testimony to the contrary. She is not offering any expert medical testimony. Ms. Coelho expects to testify on her behalf as to her factual observations of her emotional distress and may call the family members listed in her initial disclosure as witnesses.

### III.   CONCLUSION

Wal-Mart is seeking to harass, intimidate and embarrass Ms. Coelho by requesting a Rule 35(a) examination. The request is outside the scope of allowable discovery and wholly untimely. Furthermore, Wal-Mart has not demonstrated that Ms. Coelho has put her mental state "in controversy" nor have they shown good cause for such an invasive request. Based upon these reasons and those set forth herein, Wal-Mart's Motion must therefore be denied.

                Respectfully Submitted,

                Rebecca Coelho

                By her attorneys,

                /S/ John F. Tocci
                John F. Tocci, Esq., BBO# 562139
                Amanda B. Shipley, Esq., BBO#655844
                Tocci, Goss & Lee, PC
                35 India Street, 5th Floor
                Boston, Massachusetts 02110
                (617) 542-6200

Dated:  July 21, 2006